**1522-CC10823**

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

FATHER CHRIS COLLINS as Next )
Friends of J.Y.C.C., I.K.C.C., E.A.C.C., )
E.L.C.C., A.R.C.C., A.A.C.C., J.R.G., )
F.R.A., R.F.R.C., S.L.S., R.D.L.C., )
G.N.A.A., H.G.A.L., M.N.G.G., A.X.E.A. )   Case No.
M.Z.A.B., A.Y.A.G., I.D.A.A., S.A.C., )
J.D.A.E., Y.D.T., E.J.D.L.C.D., N.G.C.V., )   Division No.
Y.G.C.F., C.P.C.F., Y.V.C.G., K.A.C.G., )
C.F.C.P., J.A.C.A, C.L.B.F., J.C.Z.P., )   Personal Injury in
F.A.Z.P., S.L.W.B., L. R.V.P., J.N.V.P., )   Excess of Twenty-
J.E.V.P., R.W.U.T., A.S.T.C., M.A.S.S., )   Five Thousand
C.L.S.S., J.Y.S.O., K.L.R.O., A.S.R.A., )   Dollars
A.A.R.A., L.A.R.A., R.M.R.C., D.R.Q.L., )
Y.Q.L., J.A.Q.A., C.A.Q.A., N.Y.P.A., )
L.Y.P.A., D.Y.P.A., V.O.M., K.M.P., )   JURY TRIAL
E.M.P., A.M.P., M.M.F., B.L.L.A., )   DEMANDED
A.L.S., J.H.L.A., Y.M.J.C., Y.S.J.C., )
A.B.E.I.F., B.Y.I.R., M.I.J., X.N.G.G., )
Z.Y.F.M., J.B.F.I., Y.S.E.A., J.J.E.A., )
R.G.E.A., Y.B.E.B., C.E.Y., C.E.Y., )
J.A.E.S., M.E.A.B., A.H.A.B., E.S.A.G., )
K.G.A.A., J.A.A., J.D.A.F., I.S.A.B., )
J.F.D.T., R.M.D.T., D.S.C.V., A.M.C.F., )
R.F.C.Y., K.L.C.P., A.L.C.Y., W.M.B.F. )
A.M.P., )
                    Plaintiffs, )
v. )
                               )
DOE RUN RESOURCES CORPORATION, )
  A New York corporation, )
  Serve:        CT Corporation System )
                120 South Central Avenue )
                Clayton, MO 63105 )
                               )
        and )
                               )
D.R ACQUISITION CORP., )
  A Missouri corporation, )
  Serve:        CT Corporation System )
                120 South Central Avenue )
                Clayton, MO 63105 )
                               )
        and )

1

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

MARVIN K. KAISER,                              )
   Serve:        10 N. Kingshighway,        )
                 Apt. 10C                 )
                 St. Louis, MO 63108      )
                                             )
                                             )
THEODORE P. FOX III.,                          )
   Serve:        10 N. Kingshighway,        )
                 Apt. 10C                 )
                 St. Louis, MO 63108      )
                                             )
   and                                       )
                                             )
JERRY PYATT,                                   )
   Serve:        129 E. Clinton Place       )
                 Apt. 2D                  )
                 Kirkwood, MO 63122       )
                                             )
   and                                       )
                                             )
JEFFREY L. ZELMS,                              )
   Serve:        406 N. Point Dr.           )
                 Camdenton, MO 65020      )
                                             )
and                                            )
                                             )
RENCO HOLDINGS, INC.,                          )
  A New York corporation,                     )
   Serve:        30 Rockefeller Plaza       )
                 42nd Floor          )
                 Suite 4225               )
                 New York, NY, 10112      )
                                             )
  and                                        )
                                             )
THE RENCO GROUP, INC.,                         )
  A New York corporation,                     )
   Serve:        30 Rockefeller Plaza       )
                 42nd Floor          )
                 Suite 4225               )
                 New York, NY, 10112      )
                                             )
and                                            )
                                             )
                                             )
IRA L. RENNERT,                                )

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

Serve:    30 Rockefeller Plaza     )
                42nd Floor             )
                Suite 4225             )
                New York, NY 10112   )
                                       )
                Defendants,         )
                                       )

## **PETITION FOR DAMAGES – PERSONAL INJURY**

COME NOW Plaintiffs, Father Christopher Collins as Next Friends of J.Y.C.C., I.K.C.C., E.A.C.C., E.L.C.C., A.R.C.C., A.A.C.C., J.R.G., F.R.A., R.F.R.C., S.L.S., R.D.L.C., G.N.A.A., H.G.A.L., M.N.G.G., A.X.E.A., M.Z.A.B., A.Y.A.G., I.D.A.A., S.A.C.,  J.D.A.E., Y.D.T., E.J.D.L.C.D., N.G.C.V., Y.G.C.F., C.P.C.F., Y.V.C.G., K.A.C.G., C.F.C.P., J.A.C.A, C.L.B.F., J.C.Z.P., F.A.Z.P., S.L.W.B., L. R.V.P., J.N.V.P., J.E.V.P., R.W.U.T., A.S.T.C., M.A.S.S., C.L.S.S., J.Y.S.O., K.L.R.O., A.S.R.A., A.A.R.A., L.A.R.A., R.M.R.C., D.R.Q.L., Y.Q.L., J.A.Q.A., C.A.Q.A., N.Y.P.A., L.Y.P.A., D.Y.P.A., V.O.M., K.M.P., E.M.P., A.M.P., M.M.F., B.L.L.A., A.L.S., J.H.L.A., Y.M.J.C., Y.S.J.C., A.B.E.I.F., B.Y.I.R., M.I.J., X.N.G.G., Z.Y.F.M., J.B.F.I., Y.S.E.A., J.J.E.A., R.G.E.A., Y.B.E.B., C.E.Y., C.E.Y., J.A.E.S., M.E.A.B., A.H.A.B., E.S.A.G., K.G.A.A., J.A.A., J.D.A.F., I.S.A.B., J.F.D.T., R.M.D.T., D.S.C.V., A.M.C.F., R.F.C.Y., K.L.C.P., A.L.C.Y., W.M.B.F. and A.M.P. hereinafter "minor plaintiffs," and for their Petition against Defendants state:

> "No safe blood lead level in children has been identified. Lead exposure can affect nearly every system in the body."

National Center for Environmental Health, Division of Emergency and Environmental Health Services

1.     Plaintiffs seek recovery from Defendants for injuries, damages and losses suffered by the minor plaintiffs, each of whom suffered injuries as a result of exposure to the release of

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

lead and other toxic substances from Defendants' ownership, use, management, supervision, storage, maintenance, disposal and release of lead and materials containing lead and other toxic substances in the region of La Oroya, Peru. At critical times including during gestation and their developmental years, the minor plaintiffs have been exposed to damaging levels of lead and other toxic substances. Plaintiffs' damages and losses include, but are not limited to, physical and psychological injuries, learning and other permanent disabilities, weight loss, stunted growth, anemia, headaches, abdominal and other pain, mental anguish, emotional distress, the cost of medical, educational, and rehabilitation expenses, and other expenses of training and assistance, and loss of income and earning capacity.

## THE PARTIES

2.      The Court has entered an Order appointing Father Christopher Collins as Next Friend on behalf of the minor plaintiffs listed above, all of whom have lived in the region of La Oroya Peru during relevant times, for the purpose of prosecuting the claims alleged herein.

3.      Plaintiff Father Christopher Collins is and at all relevant times herein has been a resident of the City of Saint Louis, Missouri.

4.      Defendant The Doe Run Resources Corporation ("Doe Run") is an international natural resource company focused on mining, smelting and fabrication of metals. At all relevant times, Doe Run was a New York corporation with its principal place of business in St. Louis, Missouri. At all relevant times, Defendant Doe Run owned, and either directly or through other Defendants, operated, used, managed and supervised, the La Oroya metallurgical complex (the "La Oroya Complex") which stored, maintained, or controlled various properties, including a lead smelter, and the waste on such properties. The La Oroya Complex also stored materials containing lead and other toxic substances released from the complex. Upon information and

4

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

belief, Doe Run is the second largest lead producer in the world and has reported profits in the 100's of millions of dollars.

5.      Defendant Doe Run wholly owns Doe Run Cayman, Ltd., a Cayman Island corporation, which in turn owns Doe Run Peru. Doe Run Cayman Ltd. has no "operations" other than its ownership of Doe Run Peru.

6.      At all relevant times, Defendant Doe Run both directly and through its ownership of Doe Run Cayman, Ltd., controlled and operated Doe Run Peru. Doe Run Peru was an agent of the Defendants. Defendants expressly or impliedly consented to Doe Run Peru acting on their behalf and Doe Run Peru was subject to Defendants' exclusive control. Doe Run had the right to control and did control the operations, storage, generation, handling, disposal, and release of toxic and harmful substances that led to the minor plaintiffs' injuries.  Such control occurred, upon information and belief, solely from the States of Missouri and New York in the form of decisions, orders, policies and requirements communicated to Defendants' agents in La Oroya, Peru

7.      Defendant D.R. Acquisition Corp. is a Missouri corporation with its principal place of business in Missouri. D.R. Acquisition Corp. owns 100% of Doe Run.

8.      Defendant Renco Holdings, Inc. and Defendant The Renco Group, Inc. (collectively "Renco") are New York corporations with their principal places of business in New York.  At all relevant times, Defendant D.R. Acquisition Corp., the current owner of Doe Run Peru, has been a wholly owned subsidiary of Defendant Renco.  Renco owns 100% of stock of Defendant Doe Run directly or indirectly through D.R. Acquisition Corp.

9.      At all relevant times, Defendant Renco was doing business as the Doe Run Company. Defendant Renco owned, operated, and managed Doe Run through its agents, servants, and employees acting within the course and scope of their employment, service, and agency.  As the owner who controls Doe Run, Renco is liable for the activities and the toxic environmental releases from the La Oroya Complex since the date Defendants' purchased the complex, October 24, 1997.

10.     Defendant Ira L. Rennert is a resident of the City of New York, State of New York. At all relevant times, Defendant Rennert was a director, officer, and agent of Defendant Renco and Defendant Doe Run and the controlling owner of all of the corporate defendants. Defendant Renco is owned by Defendant Rennert who serves as Renco's Chairman and Chief Executive Officer. As a result of such ownership, Defendant Rennert controls Doe Run and its subsidiaries.

11.     Defendant Marvin K. Kaiser is a resident of St. Louis, Missouri. From the time of Doe Run's purchase of the La Oroya Complex until approximately February 2006, Defendant Kaiser was an officer and agent of Defendant Doe Run.

12.     Defendant Jerry Pyatt is a resident of Kirkwood, Missouri. From approximately 2003 to the present, Defendant Pyatt has been an officer and agent of Defendant Doe Run.

13.     Defendant Jeffery L. Zelms is a resident of the Camdenton, Missouri. From the time of Doe Run's purchase of the La Oroya Complex until approximately April 2006, Defendant Zelms was an officer and agent of Doe Run.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

14.     Defendant Theodore P. Fox III is a resident of Eureka, Missouri. From approximately September 2006 to the present, Defendant Fox has been an officer and agent of Doe Run.

## JURISDICTION AND VENUE

15.     Jurisdiction and venue are proper in the Circuit Court of the City of St. Louis, Missouri. The acts and omissions complained of in this action occurred in this State by Defendants and employees and officers of the corporate defendants, all acting within the course and scope of their agency and employment in this state. Venue is proper pursuant to §508.010 RSMo (2005).

## ALLEGATIONS AND BACKGROUND FACTS COMMON TO ALL COUNTS

16.     The town of La Oroya is a mining town located in the central Andean highlands of Peru, at an elevation of approximately 3,750 meters above sea-level. For more than 500 years, the settlements near La Oroya are believed to have been working small-scale mining operations. In the last one hundred years however, with the creation of the La Oroya Complex, production dramatically increased, contaminating the local population with it. The La Oroya Complex is located only meters from the city center.

17.     The La Oroya Complex recovers 11 metals including copper, zinc, silver, lead, cadmium, indium, bismuth, gold, selenium, tellurium and antimony, as well as numerous by-products (e.g., zinc sulfate, copper sulfate, sulfuric acid, arsenic trioxide, zinc dust, zinc-silver concentrates) from the poly-metallic concentrates produced by the central Andean mines.

18.     In 1997, Defendants Doe Run and Renco purchased the La Oroya Complex from the government of Peru.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

19.     As the owners and operators of the La Oroya Complex, Defendants are liable for the activities and the toxic environmental releases from the complex since the date Defendants purchased the complex, October 24, 1997.

20.     The minor plaintiffs lived in the region of La Oroya, Peru and have been exposed to and harmed by the dangerous and toxic substances released from the La Oroya Complex.

21.     In the middle of the 2000s La Oroya was identified as one of the 10 most polluted cities in the world. During that time, a group of research scientists from the Saint Louis University School of Public Health in Saint Louis, Missouri who have studied La Oroya concluded that the conditions in La Oroya constitute a public health crisis that poses serious health risks for all population groups. The most vulnerable groups are infants and young children, which include the minor plaintiffs. Beginning in 2005, the public health experts performed ongoing studies to assess the health effects of environmental contamination produced by the La Oroya Complex. The purpose of these studies was to determine the extent of toxic metal exposure suffered by La Oroya residents. The studies confirmed the gravity of the public health situation caused by the complex. The study performed by Saint Louis University, showed that at that time over 99 percent of children in La Oroya had blood lead levels greater than10 µg/Dl (micrograms/deciliter).  According to the CDC, lead levels greater than 5µg/Dl are unsafe and require "case management."

22.     Defendants' conduct in negligently or recklessly operating the La Oroya Complex has negatively and dramatically affected the air quality in La Oroya. The air quality level is critical not only because the minor plaintiffs must breathe this polluted air, but also because the particulate matter in the air has been dispersed in a dust form that enters and settles inside the

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

minor plaintiffs' houses and has been deposited on the ground and on surfaces, including furniture, clothing, water, and crops.

23.     The health effects of lead poisoning are well known. The CDC has noted that: "No safe blood lead level in children has been identified. Even low levels of lead in blood have been shown to affect IQ, ability to pay attention, and academic achievement." Lead impacts nearly every organ and system of the human body. Lead causes multitudinous and serious injuries to the nervous system, which can lead to convulsions, coma and brain death.  It causes learning and behavioral disorders, memory loss, nausea, anemia, hearing loss, fatigue, colic, hypertension, and myalgia. Moreover, children under the age of 6 years old are more susceptible to the toxic effects of lead than are adults since the brain and central nervous system are not completely developed.

24.     During the course of their ownership, operation, use, management, supervision, storage, maintenance, or control of operations of the La Oroya Complex and related properties in La Oroya, Peru, the Defendants, while located in the States of Missouri or New York, made decisions regarding the operations of the complex. Those decisions were negligent, careless or reckless and resulted in the release of metals and other toxic and harmful substances, including lead, arsenic, cadmium, and sulfur dioxide, into the air and water and onto properties on which the minor plaintiffs reside, use or visit, which has resulted in toxic and harmful exposures to the minor plaintiffs.

25.     Although suitable technologies and processes exist to prevent the pollution caused by the activities at the La Oroya Complex, such technology has not been implemented by Defendants at the complex.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

26.     Defendants owned, operated, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with other defendants and continue to do so in a way that negligently, carelessly or recklessly generated, handled, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex. This resulted in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or to which they were exposed. Defendants also purposefully withheld information or deliberately deceived the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, resulting in toxic exposure to the minor plaintiffs.

27.     Each of the corporate Defendants owned, operated, used, managed, supervised, or controlled the La Oroya Complex and related operations and facilities in La Oroya or was a partner in or the legal and beneficial owner of the partnership interest in a general partnership known as the Doe Run Company, which is a fictitious name used by Renco or the partnership. As owners, operators or partners in the Doe Run Company, the corporate Defendants are jointly and severally liable for acts and releases related to the La Oroya Complex and related operations and facilities.

28.     Some or all of the corporate Defendants, pursuant to written or oral agreements, including the various Doe Run partnership agreements, expressly or impliedly assumed liabilities arising out of the operation of the La Oroya Complex and related operations and facilities since October 24, 1997. Alternatively, all of the Defendants acted jointly and in conspiracy with each other. The objectives of the conspiracy included the failure to adequately control the emissions from the La Oroya Complex and related operations and facilities that Defendants knew were

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

being transported to properties on which the minor plaintiffs have or continue to reside, use or visit, or not to implement adequate pollution controls at the complex and related operations and facilities, or purposefully concealing information or deliberately deceiving the minor plaintiffs and their parents and guardians with regard to the dangers of such exposures, with the purpose of the cost reduction of profits, bonuses and the value of wages, stock, or stock options of Doe Run as well as the corporate Defendants.

29.     The corporate Defendants, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding warnings given to the minor plaintiffs. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This heinous use of control proximately caused the minor plaintiffs' injuries.

30.     At all relevant times herein, Defendants were acting by and through its partners, subsidiaries, agents, servants, and employees who were acting within the scope of their partnership, agency, or employment and in conspiracy with each other.

31.     As a direct and proximate result of the releases by Defendants, minor plaintiffs have suffered injuries, currently suffer and will continue to suffer damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity.  Such injuries, damages and loses are reasonably likely to continue to occur in the future.

## COUNT I

### (NEGLIGENCE – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., AND RENCO HOLDINGS, INC.)

32.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 31 inclusive, and incorporate them by reference herein.

33.     Defendant Doe Run Resources Corporation together with Defendant D.R. Acquisition Corp. and Defendant Renco, while located in the States of Missouri or New York, exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru.  The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own.  Defendants Doe Run Resources, D.R. Acquisition Corp., and Renco control from the States of Missouri and New York, the expenditures, production practices, use of technology that would limit emissions, and policies including public relations and decision-making policies regarding information given to the minor plaintiffs.  Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

34.     Because Defendants Doe Run Resources Corporation, D.R. Acquisition Corp, and Renco, while located in the States of Missouri or New York, make decisions regarding expenditures, production practices, use of technology, policies regarding the operation of the La Oroya Complex, and the deliberate withholding of information regarding the dangers of the toxic

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

substances released by Defendants, Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco owe and have owed a duty to the minor plaintiffs who live in the vicinity of the complex, to control and contain the metals and other toxic substances it has generated, handled, stored, and disposed of at the La Oroya Complex and related operations and facilities at safe and non-toxic levels, and to warn and continue to warn the minor plaintiffs of the release of these toxic and harmful substances.

35. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco through decisions made in the States of Missouri or New York and through their agents, owned, maintained, managed or used the La Oroya Complex and related operations and facilities, or acted in conspiracy with each other defendant and continues to do so in a way that negligently, carelessly, and recklessly generated, handled, stored, released, disposed of, and failed to control and contain the metals and other toxic substances used and generated by the complex, resulting in the release of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

36. Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also negligently, carelessly, and recklessly failed and continue to fail to warn the minor plaintiffs of release of the toxic metals and gases and other toxic substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, including the properties on which the minor plaintiffs have in the past or continue to reside, and of the reasonably foreseeable effects of such releases, including the dangers of inhaling or ingesting these toxic metals, gases, and other toxic substances.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

37.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco, through their decisions made in the States of Missouri or New York and through their agents, also purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of exposure to the toxic substances released into the environment by their metallurgical complex and related operations and facilities.

38.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco knew or should have known that the generation, handling, storage, release and disposal of the described metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities would proximately cause damage to the minor plaintiffs.

39.     As a direct and proximate result of the releases from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity.  Such injuries, damages and losses are reasonably likely to continue to occur in the future.

40.     The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor against the Defendants jointly and severally for:

(a)    an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)    for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)    for their costs and expenses;

(d)    for pre- and post-judgment interest as allowed by statute and law; and

(e)    for such further relief as the Court deems appropriate.

## COUNT II

**(CIVIL CONSPIRACY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP., THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

41.    Plaintiffs repeat the allegations contained in Paragraphs 1 through 40 inclusive, and incorporate them by reference herein.

42.    Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves and through their agents, servants and employees, have acted jointly and in conspiracy with the individual Defendants to commit the torts alleged in this Petition, and are jointly and severally liable for the activities and toxic environmental releases from the operations of the La Oroya Complex.

43.    Defendants agreed to a scheme by which, from the States of Missouri or New York, they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. From the States of

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

Missouri or New York, Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

44.     One of the purposes of the conspiracy agreed upon between Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco and the other Defendants includes to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to  avoid the cost of instituting procedures at and purchasing equipment for Defendants' metallurgical complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and Defendant Renco, and to increase the incomes of the Defendants, and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

45.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco together with the other Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

16

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

46.     As a direct and proximate result of the toxic releases from the Defendants'
properties, operations, and facilities by Defendant Doe Run Resources Corporation together with
the other Defendants and their agents, the minor plaintiffs have suffered, currently suffer, and
will continue to suffer injuries, damages, and losses which include but are not limited to physical
and psychological injuries, learning and other permanent disabilities, pain, mental anguish,
emotional distress, the loss of household services, the cost of medical, educational and
rehabilitation expenses and other expenses of training and assistance, and loss of earnings,
income, and earning capacity. Such injuries, damages and losses are reasonably likely to
continue to occur in the future.

47.     The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition
Corp., and Renco in the form of decisions made from the States of Missouri or New York were
outrageous due to Defendants' evil motive or reckless indifference to the rights of the minor
plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor
against the Defendants jointly and severally for:

(a)     an amount of damages in such sum as is fair and reasonable to compensate the
minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS
($25,000);

(b)     for punitive damages in an amount sufficient to punish and deter the Defendants
from further such conduct;

(c)     for their costs and expenses;

(d)     for pre- and post-judgment interest as allowed by statute and law; and

(e)     for such further relief as the Court deems appropriate.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

## COUNT III

**(ABSOLUTE or STRICT LIABILITY – Defendants DOE RUN RESOURCES CORPORATION, D.R. ACQUISITION CORP, THE RENCO GROUP, INC., and RENCO HOLDINGS, INC.)**

48.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 47 and incorporate them by reference herein.

49.     The ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities for which Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are jointly and severally liable, constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm.

50.     Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

51.     The collection, handling, storage, and disposal of metals and other toxic substances by Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco themselves or through their agents, servants and employees at Defendants' properties, has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

52.     As a direct and proximate result of the releases from Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

53.     The actions of Defendants Doe Run Resources Corporation, D.R. Acquisition Corp., and Renco in the form of decisions made from the States of Missouri or New York, were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

WHEREFORE Plaintiffs respectfully request judgment to be entered in their favor against Defendants jointly and severally for:

(a)     an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)     for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)     for their costs and expenses;

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

(d)     for pre- and post-judgment interest as allowed by statute and law; and

(e)     for such further relief as the Court deems appropriate.

## COUNT IV

### (NEGLIGENCE – Defendants THEODORE P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)

54.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 53 inclusive, and incorporate them by reference herein.

55.     During times relevant herein, Defendant Kaiser was Vice President, Chief Financial Officer, and Chief Administrative Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Kaiser is liable to minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

56.     During times relevant herein, Defendant Fox was Vice President of Finance and Chief Financial Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru. As an officer of Doe Run, Defendant Fox is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

57.     During times relevant herein, Defendant Pyatt was and continues to be the Chief Executive Officer of Defendant Doe Run Resources Corporation and its subsidiaries, including

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

Doe Run Peru. He is also currently the President of Doe Run Resources Corporation and served as the President of Doe Run Peru from approximately September 2003 to March 2006 and as the General Manager of Doe Run Peru from approximately September 2003 to January 2006.  As an officer of Doe Run, Defendant Pyatt is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

58.     During times relevant herein, Defendant Zelms was President and Chief Executive Officer of the Doe Run Resources Corporation and its subsidiaries, including Doe Run Peru.  As an officer of Doe Run, Defendant Zelms is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it including the acts and omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

59.     At all relevant times herein, Defendant Rennert was and is the Chairman and Chief Executive Officer of Defendant Renco and Chairman of Defendant Doe Run Resources Corporation. As an officer of Renco and Doe Run, Defendant Rennert is liable to the minor plaintiffs because he had actual knowledge of Doe Run's tortious wrongful conduct and participated in it, and thus is individually liable. This liability is in addition to and independent of any liability based on conspiracy.

60.     As officers of Defendant Doe Run Resources Corporation, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser are liable to the minor plaintiffs because they had actual knowledge of Doe Run's tortious and wrongful conduct and participated in it, including the acts and

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

omissions of Defendants described herein, and is thus liable in his individual capacity. This liability is in addition to and independent of any liability based on conspiracy.

61.     In particular, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser's responsibilities, actions and omissions included but were not limited to approval of expenditures for pollution control measures and expenditures for the remediation of properties. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser's had involvement in the budgeting process of Doe Run including setting environmental goals and the pollution control budget for the La Oroya Complex and related operations and facilities.  Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser also had knowledge of technologies owned by the Doe Run Company that were available to remediate contaminated soil which were not used. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had knowledge of the release of emissions from the La Oroya Complex and related operations and facilities to the La Oroya communities surrounding them, including properties on which the minor plaintiffs have resided or continue to reside, use and visit and failed to inform these communities or take any action to eliminate or reduce the release of metals and other toxic substances.  Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser participated in and approved budgets which delayed implementation of proper pollution control measures and delayed remediation of properties contaminated by the releases from the complex and related operations and facilities. Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser purposefully withheld information or deliberately deceived the minor plaintiffs with regard to the dangers of the toxic substances released from the La Oroya Complex and related operations and facilities.

62.     As a direct and proximate result of the releases of toxic materials from the Defendants' properties, operations, and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

      63.     The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

      WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor against the Defendants jointly and severally for:

      (a)     an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

      (b)     for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

      (c)     for their costs and expenses;

      (d)     for pre- and post-judgment interest as allowed by statute and law; and

      (e)     for such further relief as the Court deems appropriate.

## COUNT V

**(CIVIL CONSPIRACY – Defendants TERRY P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

      64.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 63 inclusive, and incorporate them by reference herein.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

65.     During times relevant herein, Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were acting jointly and in conspiracy with each other and with the corporate Defendants. Defendants agreed to a scheme by which they exert complete control, not merely stock control, but complete domination of the finances, policies, and business practices of Doe Run Peru, such control being so complete that the subsidiary has never had a separate mind, will, or existence of its own. Defendants control environmental expenditures, production practices, use of technology, policies including public relations and decision-making policies, and the deliberate withholding of information regarding the dangers of the toxic substances released by Defendants. Such control is used by Defendants to make substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights. This unjust use of control proximately caused the minor plaintiffs' injuries.

66.     Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had and have an economic motive and personally benefited from the conspiracy.  The objectives of the conspiracy included to fail to adequately control the toxic environmental releases from the La Oroya Complex and related operations and facilities that Defendants knew were being released or transported to properties on which the minor plaintiffs have in the past or continue to reside, visit or use; or not to implement adequate pollution controls at the complex because of the cost and reduction of profits, value, bonuses and the value of wages, stock or stock options of Doe Run as well as other Defendants.

67.     One of the purposes of the conspiracy agreed upon between Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser and the corporate Defendants included to allow toxic substances to be released from their properties in La Oroya and related operations and facilities, resulting in damage to the minor plaintiffs, in order to avoid the cost of instituting procedures

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs, to increase the profits of Doe Run Resources Corporation, to increase the value of Defendant D.R. Acquisition Corp. and defendant Renco, and to increase the incomes of the Defendants and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the Defendants.

68.    Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser together with the corporate Defendants did in fact allow toxic substances to be released from their properties in La Oroya and related operations and facilities in order to avoid the cost of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities.

69.    As a direct and proximate result of the toxic releases from the Defendants' properties, operations, and facilities by Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser together with the corporate Defendants, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity.  Such injuries, damages and losses are reasonably likely to continue to occur in the future.

70.    The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

WHEREFORE, Plaintiffs respectfully request judgment to be entered in their favor against the Defendants jointly and severally for:

(a)     an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)     for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)     for their costs and expenses;

(d)     for pre- and post-judgment interest as allowed by statute and law; and

(e)     for such further relief as the Court deems appropriate.

## COUNT VI

**(ABSOLUTE or STRICT LIABILITY – Defendants TERRY P. FOX, JERRY PYATT, JEFFERY L. ZELMS, THEODORE P. FOX III, IRA L. RENNERT, and MARVIN K. KAISER)**

71.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 70 and incorporate them by reference herein.

72.     Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser had actual knowledge of the corporate Defendants' tortious conduct and participated in it, including the acts and omissions of Defendants described herein, involving the ownership, operation, maintenance, management, handling, processing and use of metals and gases and other toxic substances at the La Oroya Complex and related operations and facilities which constituted and continues to constitute an abnormally dangerous activity or ultra hazardous activity, because such activities create a high risk of significant harm, and is thus jointly and severally liable in his individual capacity.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

73.     Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser are thus strictly liable to the minor plaintiffs for all damages which have resulted or will result from the release of the metals and other toxic substances as a result of the handling, storage, and disposal of such substances at the La Oroya Complex and related facilities and operations.

74.     The collection, handling, storage, and disposal of metals and other toxic substances at Defendants' properties has directly and proximately caused release of such substances into the environment and the community surrounding these properties including to properties where the minor plaintiffs have in the past or continue to reside, use and visit, or were exposed, resulting in toxic exposure to the minor plaintiffs.

75.     As a direct and proximate result of the releases from the Defendants' properties, operations and facilities, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational, and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity.  Such injuries, damages and losses are reasonably likely to continue to occur in the future.

76.     The actions of Defendants Fox, Pyatt, Zelms, Rennert, and Kaiser were outrageous due to Defendant's evil motive or reckless indifference to the rights of the minor plaintiffs, entitling the minor plaintiffs to an award of punitive damages.

WHEREFORE Plaintiffs respectfully request judgment to be entered in their favor against Defendants jointly and severally for:

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

(a)     an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)     for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)     for their costs and expenses;

(d)     for pre- and post-judgment interest as allowed by statute and law; and

(e)     for such further relief as the Court deems appropriate.

## COUNT VII

### (CONTRIBUTION BASED ON TORTIOUS CONDUCT OF ENTITIES ACTING IN CONCERT – ALL DEFENDANTS)

77.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 76 and incorporate them by reference herein.

78.     Each Defendant bears joint liability with all other defendants for the claims of negligence, conspiracy, and strict liability on the part of each Defendant in the respects hereinafter alleged, which caused or contributed to the injuries claimed by the minor plaintiffs.

79.     The release by Defendants of toxic metals and gases and other toxic substances onto and around the properties on which the minor plaintiffs have in the past or continue to reside, use, and visit or were exposed was caused or contributed to be caused by the negligence of each Defendant in the respects hereinafter alleged.

80.     Each Defendant was and continues to be negligent in the following respects:

a.     Negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, or failing to control and contain the metals and other toxic substances used and generated by the complex.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

b.      Negligently, carelessly, recklessly failing to warn the minor plaintiffs of the release of toxic metals and gases and other substances into the environment and community surrounding the La Oroya Complex and related operations and facilities, or deliberate deceiving the minor plaintiffs with regard to the dangers of the toxic substances released by Defendants.

c.      Negligently, carelessly, and recklessly failing to warn the minor plaintiffs of the dangers of inhaling or ingesting toxic metals, gases, and other toxic substances generated by and released from the La Oroya Complex and related operations and facilities, or the potential of ingesting harmful levels of toxic metals and other toxic substances.

81.     Each Defendant acted in concert with the other Defendants and pursuant to a common design with the other Defendants in committing the tortious acts alleged above because each Defendant did not want to have to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities to avoid the costs of instituting procedures and purchasing equipment at the complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

82.     Each Defendant also acted in concert with the other Defendants and pursuant to a common design with the other Defendants to exert complete control, not merely stock control, but complete domination of finances, policies, and business practices of Doe Run Peru. The control is so complete that the subsidiary has never had a separate mind, will, or existence of its own.  Defendants control environmental expenditures, production practices, use of technology that would limit emissions, and policies including public relations policies and decisions regarding information given to the minor plaintiffs.  Such control is used by Defendants to make

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

substantial profit while causing injuries to the minor plaintiffs, constituting fraud and injustice that violates the minor plaintiffs' legal rights.  This unjust use of control proximately caused the minor plaintiffs' injuries.

83.     Each Defendant knew that the tortious acts of the other Defendants herein breached a legal duty of the other Defendants, yet each Defendant gave substantial assistance and encouragement to the other Defendants to commit such tortious acts because each Defendant knew that if the other Defendants acted otherwise, to avoid the costs of instituting procedures and purchasing equipment at the La Oroya Complex and related operations and facilities that would protect public health and the health of the minor plaintiffs and to avoid reduction of profits, bonuses, and the value of wages, stock, or stock options of the corporate Defendants.

84.     Each Defendant gave substantial assistance to the other Defendants herein accomplishing the tortious acts alleged by agreeing, either expressly or tacitly, not to acknowledge, warn of, or properly control the toxic substances generated, handled, stored, released, and disposed of at the La Oroya Complex and related operations and facilities.

85.     As a result of the joint negligence of the Defendants herein alleged, the minor plaintiffs have suffered, currently suffer, and will continue to suffer injuries, damages, and losses which include but are not limited to physical and psychological injuries, learning and other permanent disabilities, pain, mental anguish, emotional distress, the loss of household services, the cost of medical, educational and rehabilitation expenses and other expenses of training and assistance, and loss of earnings, income, and earning capacity. Such injuries, damages and losses are reasonably likely to continue to occur in the future.

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

86.     Each Defendant is liable for the negligent acts of each of the other Defendants herein in the respects herein alleged that caused or contributed to cause injury to the minor plaintiffs.

WHEREFORE Plaintiffs respectfully request judgment to be entered in their favor against Defendants jointly and severally for:

(a)     an amount of damages in such sum as is fair and reasonable to compensate the minor plaintiffs in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000);

(b)     for punitive damages in an amount sufficient to punish and deter the Defendants from further such conduct;

(c)     for their costs and expenses;

(d)     for pre- and post-judgment interest as allowed by statute and law; and

(e)     for such further relief as the Court deems appropriate.

OCTOBER 12, 2015

Respectfully submitted,

NAPOLI SHKOLNIK PLLC                    GORI, JULIAN & ASSOC., P.C.

BY: /s/ Sean P. Barth                   BY:
Sean P. Barth, MO Bar 57015             D. Todd Mathews, MO Bar 52502
Paul J. Napoli, *Pro Hace Pending*      Randy L. Gori, Mo Bar 47619
Mark Twain Plaza II                     156 N. Main St.
103 West Vandalia St., Suite 125        Edwardsville, IL 62025
Edwardsville, IL 62025                  618-659-9833
618-307-4528                            todd@gorijulianlaw.com
pnapoli@napolilaw.com                   randy@gorijulianlaw.com

31

Electronically Filed - City of St. Louis - October 13, 2015 - 12:33 PM

sbarth@napolilaw.com

RODRIGUEZ TRAMONT + NUNEZ, P.A.

BY: /s/ Andrew V. Tramont____
Andrew V. Tramont, MO Bar 67632
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
305-350-2300
avt@rtgn-law.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 12,  2015, the foregoing was filed via the ECF/CM system with the Clerk of the Court and served upon counsel of record via email through the Court's ECF/CM system by means of the Notice of Electronic Filing.