**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| J.Y.C.C., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:15-CV-1704-RWS |
| Doe Run Resources Corporation, et al., | ) ) ) |
| Defendants. | ) ) |

**JOINT PROPOSED SCHEDULING PLAN**

**I.    MATTERS AFFECTING SCHEDULING IN THIS CASE**

This case involves claims brought by ninety-two (92) Plaintiffs who are citizens and residents of the Republic of Peru. Plaintiffs allege that they have been injured by exposure to toxic substances, including lead, released from the La Oroya Complex, a metallurgical smelting and refining complex located in La Oroya, Peru, and owned by Doe Run Peru, S.R.L., a Peruvian company that is not a named party here. Plaintiffs allege that, at relevant times, Defendants owned and controlled the La Oroya Complex and Doe Run Peru, S.R.L. Plaintiffs further allege that the emissions from the La Oroya Complex were the result of actions and decisions made by Defendants, while located in Missouri and New York.

Plaintiffs submit that due to the number of individual Plaintiffs' claims pending before this Court and the hundreds of additional plaintiffs anticipated to be filed as well, the fact that such claims have been brought by foreign nationals who live in Peru, and the unique issues that are associated with this case, Plaintiffs recognize that a modified approach to discovery will need to be employed. Plaintiffs submit that a modified approach to trial will need to be taken as well.

Defendants note that, as filed, this case is limited to the 92 Plaintiffs in suit, who chose to bring their claims in St. Louis, Missouri, and currently does not include "hundreds of additional

plaintiffs anticipated to be filed." Accordingly, Defendants believe it is feasible for the parties to conduct traditional and full discovery under the Federal Rules of Civil Procedure with respect to the Plaintiffs in suit and believe that issues relating to trial should be dealt with at a later date.

As set forth in their Notice of Removal, Defendants further note a point of particular importance in this lawsuit, namely that the Republic of Perú is required to assume any liability for the claims made by Plaintiffs. Specifically, through the pending arbitration claim it filed under the United States-Perú Trade Promotion Agreement, Defendant The Renco Group, Inc. has requested that the international arbitral tribunal declare that, as the former owner of the La Oroya Complex and based upon agreements it made when it sold the complex to Doe Run Perú, the Republic of Perú is required to: (1) enter and defend this lawsuit; and (2) indemnify, release, protect and hold Renco Group, and its affiliates harmless from those third-party claims. Defendant The Renco Group has also requested an "interim award" in the arbitration directing Perú to, among other relief, enter and defend this lawsuit prior to the tribunal reaching a final decision on all matters that are the subject of the arbitration.

The parties' views on how discovery of Plaintiffs in this case should proceed differ and are summarized below.

### A.     Plaintiffs' Proposed Discovery Plan[1]

Recognizing that this Court has assigned this case to Track 2 – standard, Plaintiffs propose a uniform Plaintiff Profile sheet ("Profile Sheet") be completed and signed under oath by each of the Plaintiffs and/or their parents/guardians and notarized. The Profile Sheet will

---

[1] Plaintiffs note that Plaintiffs' Proposed Discovery Plan is modeled after the Case Management Order submitted by Judge Perry in, *A.O.A. et al., v. Doe Run Resources Corporation*, et al., Case No. 4:11-cv-00044-CDP (Doc. No. 98), which consists of seventeen consolidated actions on behalf of hundreds of minor plaintiffs from La Oroya, identical to the claims asserted by the minor plaintiffs here. Defendants note that, in contrast, the consolidated cases before Judge Perry include over 1200 plaintiffs and have a different discovery structure compared to what is proposed by Plaintiffs in this case.

2

provide Defendants with essential information about each Plaintiff, such as personal identifiers, biodata, identification of family members, places of residence, the nature of Plaintiffs' claimed injuries, medical history, and education.  Plaintiffs propose that this Plaintiff Profile Sheet would be afforded equal treatment as would interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and the responses Plaintiffs would be required to provide to the same will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37.   Plaintiffs propose that this Plaintiff Profile Sheet and related documentation fulfill the requirements of the proposed Order attached hereto as Exhibit "A".

Plaintiffs further propose that Plaintiff shall produce the Profile Sheets in a group (referred to as "Plaintiff Group #1").  From Plaintiff Group 1, Plaintiffs propose the identification of 10 Plaintiffs' cases to be placed into an initial trial pool where full discovery will be conducted, including conducting written discovery, as well as case specific expert discovery.  Plaintiffs propose that full discovery would be limited to the set of 10 Plaintiffs from Plaintiff Group 1 at this stage of the litigation.  Under Plaintiffs' proposal, the 10 Plaintiffs from Plaintiff Group 1 would be identified by Plaintiffs' counsel taking into account relevant factors which will be representative of the Plaintiffs that exist in this case.  Plaintiffs propose that these cases would be worked up for purposes of trial, but recognize that the manner of such trial shall be later determined by the Court.

Furthermore, Defendants should be required to provide a fact sheet on every Plaintiff that identifies the blood test data that they have access to on each Plaintiff, as well as documentation identifying the volume of production of lead and other toxins emitted from the smelter over the time span of Plaintiff's life.  Plaintiffs may seek to include additional information in the proposed fact sheet.  As a result, Plaintiffs propose that within 10 days from the date of the entry

of this Order, they will provide Defendants a list of any additional information requested to be produced as part of the fact sheet.  In the event the parties do not agree on the content of such information, they shall submit their respective positions to the Court within 15 days from the date of this Order.

      **B.**      **Defendants' Proposed Discovery Plan**

Defendants seek full discovery of all Plaintiffs in this case, including but not limited to receipt of Rule 26(a) initial disclosures and the use of written discovery, depositions of Plaintiffs and other fact witnesses, physical and mental examinations of Plaintiffs, and expert discovery.

Defendants do not consent to Plaintiffs' counsel being permitted to identify a small number of plaintiffs to be prepared for trial because these are individual claims where typicality and commonality are lacking.  Defendants are entitled to receive any evidence relating to the fact-specific case each Plaintiff will be required to present.

In particular, Plaintiffs' counsel has not advanced any one Plaintiff as representative of the whole or any subgroup of the whole, failing to identify common features of injury or liability that would support limiting discovery only to a narrow set of individuals as opposed to all individuals who have brought a claim in this case.  Accordingly, it is premature for the parties and the Court to consider bellwether trials, trial groups, fact sheets or other similar tools for organizing mass tort litigation.  Instead, written discovery should be furnished by <u>all</u> Plaintiffs along with additional traditional discovery of their claims.

Defendants do not agree with Plaintiffs' proposal that Defendants submit a "fact sheet" to Plaintiffs because no showing has been made that Plaintiffs are unable to pursue this information in discovery as provided by the Federal Rules of Civil Procedure or that it is not already within

their possession and/or control through their own medical and educational records, which they have a duty to collect and preserve.

Finally, Defendants note that a number of the factual issues and legal doctrines relating to liability in this case are also significantly related to the pending arbitration between the Republic of Perú and Defendant The Renco Group, Inc. Among other things, Defendant Renco Group has asked the international arbitral tribunal to declare that, as the former owner of the La Oroya Complex and based upon agreements it made when it sold the complex to Doe Run Perú, the Republic of Perú is required to: (1) enter and defend this lawsuit; and (2) indemnify, release, protect and hold Renco Group, and its affiliates harmless from those third-party claims. Accordingly, the direction and discovery in this case may be significantly shaped by the outcome of the pending international arbitral proceeding, including with respect to whether Defendants bear any liability whatsoever with respect to Plaintiffs' claims.

### III. SCHEDULING PLAN

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and the Court's November 24, 2015 Order Setting a Rule 16 Conference, the parties hereby submit below their Joint Proposed Scheduling Plan, which further details their respective positions.

### IV. PRE-TRIAL DEADLINES

The Plaintiffs submit that the following pre-trail deadlines are appropriate. Plaintiffs will have physical and mental examinations of the 10 Plaintiffs performed in the United States and will produce these Plaintiffs for deposition in the United States. Plaintiffs propose that the Court set a deadline for Plaintiffs' counsel to identify the 10 Plaintiffs and that after these Plaintiffs have been identified, the parties meet and confer with respect to a scheduling order that will be presented to the Court at a subsequent management conference.

Defendants submit that until each Plaintiff has completed written discovery, it is not practicable to determine how the litigation will proceed because assignment of meaningful deadlines can only occur after the dimensions of the litigation and the requisite discovery are better understood.  Based upon their experience in other litigation relating to the La Oroya Complex, Defendants anticipate that the number of Plaintiffs who ultimately move forward with their claims will be significantly reduced once all Plaintiffs are required to submit to full discovery in this case.  Assessment of the management of this case will turn on issues that include: (a) the difficulty of verifying Plaintiffs' claims, given that presumably all Plaintiffs, their families, and other fact witnesses with knowledge of Plaintiffs are located in Perú; (b) the types of experts, if any, Plaintiffs' counsel intend to have examine Plaintiffs and the availability of the expert reports of such examinations; (c) discovering the sources of proof that Plaintiffs plan to provide to substantiate their theories of causation, liability, and exposure, as well as their claims of injury/exposure; (d) identification of the nature and extent of the injuries/disorders claimed by each of the plaintiffs, and the causal relationship of those injuries/disorders to Defendants' alleged conduct; (e) fulfillment of the requirement that all Plaintiffs appear in the District for physical and mental examinations and for depositions; and (f) the timeliness of Plaintiffs' claims.  These are just some of the issues that must be resolved in order to make any meaningful estimates of the length of time required for the discovery period.

Defendants instead propose that the better method for managing this litigation is for the Court to stage a series of case management conferences or status conferences with resulting orders that will guide the progress of the discovery phase of the litigation.  Iterative management conferences mapping the court of pretrial discovery based on the results of discovery developed in response to earlier case management orders is an accepted practice in managing complex

litigation. *See* Herr, *Ann. Manual Complex Lit.*, § 11.31 (2012 ed.) ("*Ann. MDL Manual*") ("Discovery may then provide information for further defining and narrowing issues, which may in turn lead to revision and refinement of the discovery plan."). Furthermore, as stated previously, the parties submit that any trial-related scheduling should be deferred at this time.

      **a)**    **Track Assignment**: Plaintiffs agree with the Court that Track 2 assignment is appropriate for this case. Defendants submit that a Track 3 assignment is appropriate for this case.

      **b)**    **Deadline for Joining Additional Parties or Amending Pleadings**: Plaintiffs propose that given the substantial amount of additional cases Plaintiffs anticipate on filing, a deadline for filing any motion to join additional parties, consolidate cases, or amend the pleadings shall be set at a later date. Defendants disagree that the deadline for joining additional parties or amending pleadings has any relationship to "the substantial amount of additional cases Plaintiffs anticipate on filing" but instead propose that this deadline depends entirely on the outcome of the pending arbitration between The Renco Group and the Republic of Perú; accordingly, because the relief sought therein includes an interim award that the Republic of Perú enter in this case and defend Defendants, the addition of parties should be set no sooner than ninety (90) days following the issuance of the arbitral award.

      **c)**    **Discovery Plan**: The parties submit that discovery in this case should be conducted as set forth below.

          **i.**    *Disclosure of Electronically Stored Information (ESI)*: The parties shall work to negotiate the terms of an ESI order for consideration by the Court.

**ii.** *Claims of Privilege/Protection as Trial-Preparation Material After Inadvertent Production*: The parties shall work to negotiate the terms of a Protective Order that includes operative F.R.E. 502(d) provisions for consideration by the Court.

**iii.** *Rule 26(a)(1) Initial Disclosures*: Plaintiffs propose that the date for mutual Rule 26(a)(1) disclosure be set when all minor Plaintiffs have completed each individual Plaintiff Profile Sheet. Defendants propose that the date for mutual Rule 26(a)(1) disclosures be set sixty (60) days from the date of entry of the initial Case Management Order.

**iv.** *Procedure for Conducting Discovery*: The Plaintiffs will likely seek discovery from, among others, the Defendants, their former and current officers and employees, and any other person or entity that may have relevant knowledge of the claims or defenses pertaining to this matter. The Defendants will likely seek discovery from, among others, each individual minor Plaintiff, their parents, siblings, relatives, guardians, employers, physicians, teachers, and any other person or entity that may have relevant knowledge of the claims or defenses pertaining to this matter, including but not limited to, threshold issues of liability. At this time, the parties do not believe that they should conduct discovery in phases or be limited to particular issues.

**v.** *Expert Witnesses*: The parties propose that, at this early stage, when the dimensions of the pretrial process are not known, expert discovery deadlines are not productive or reliable. When expert discovery is appropriate, and in view of the number of Plaintiffs in the case, the parties propose the following traditional sequence: (a) disclosure of the identities and reports of Plaintiffs' expert witnesses, according to Federal Rule of Civil procedure 26(a)(2), 90 days after fact discovery has been completed; (b) Plaintiffs' expert

8

depositions to be completed within 120 days of the disclosure of their reports; (c) independent physical and mental examinations of Plaintiffs pursuant to Rule 35 (*see* subparagraph (vii), below) to occur after Plaintiffs' expert depositions; (d) Defendants' experts' disclosure and reports to be served 150 days after the completion of all independent physical and mental examinations of each respective Plaintiff; and (e) Defendants' expert depositions to be completed within 150 days of the disclosure of all defense expert reports relating to a given Plaintiff.

    **vi.**  *Presumptive Limits*:  Given the complexity and scope of this case, including the number of Plaintiffs, the parties agree that more than ten (10) depositions per side will be necessary.  Plaintiffs propose that at this time it is premature to decide on a limit on the number of depositions and suggest that the parties meet and confer on this issue after the Court makes determinations regarding the discovery structure of this case.  Defendants agree that setting limits on depositions is premature, in part because the number of required depositions cannot be ascertained at this juncture without an understanding of the nature and number of expert witnesses to be designated by Plaintiffs and the number of depositions that will be required to be taken in relation to the claims of each individual Plaintiff.

    **vii.**  *Examinations*:  Plaintiffs agree that a physical or mental examination of each of the 10 Plaintiffs from Plaintiff Group 1 may be requested pursuant to Fed. R. Civ. P. 35. Defendants reserve their right to complete physical or mental examination of each of the 92 Plaintiffs in this District, pursuant to Fed. R. Civ. P. 35.  Defendants will likely request that those examinations be conducted of each Plaintiff after Plaintiffs have disclosed all expert witness reports relating to the individual Plaintiffs (which would follow Plaintiffs' provision of completed responses to written discovery).  Plaintiffs' counsel have estimated that it will

9

take a total of four to six months for their clients to obtain national identity documents, then passports, and ultimately visas authorizing them to travel to the United States.  Plaintiffs' counsel has represented to defense counsel that all Plaintiffs are Peruvian nationals who reside in Perú and whose primary language is Spanish.  Any examinations pursuant to Fed. R. Civ. P. 35 and depositions of the Plaintiffs will therefore be more involved insofar as the use of Spanish language interpreters will be required.  Attempting to project the time it will take to complete such examinations and depositions, the logistics and every factor that will determine scheduling of such examinations is simply not possible at this point.  Without the benefit of Plaintiffs' expert witness disclosures, it is impossible to determine what types of expert testing and clinical investigation will need to be conducted relative to each Plaintiff. Defendants believe that setting a deadline for physical and mental examinations of Plaintiffs is also therefore premature.

    **viii.**   *Deadline for Completion of All Discovery*:  The parties believe that estimating any discovery deadline is not feasible given the myriad of issues that impact scheduling of discovery.

    **ix.**   *Other Discovery Matters*:   Defendants anticipate raising with the Court, in advance of main discovery proceedings and in order to frame the same, significant issues such as the applicability of foreign law to Plaintiffs' claims (pursuant to Rule 44.1), choice of law, necessary and proper parties, and other issues.

    **d.**    **Mediation/Early Neutral Evaluation**

The parties agree that mediation, early neutral evaluation, or any other form of alternative dispute resolution in this case is not appropriate at this time.  Both parties agree that alternative dispute resolution may be appropriate sometime in the future and suggest that the topic of the

timing of mediation be revisited at a status conference after discovery of all parties is well underway.

### e. Deadline for Dispositive Motions

The parties propose that any deadline for potential dispositive motions including but not limited to, motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and *Daubert* motions, should not be set at this time, but note that motions that could be dispositive or limit issues, may be filed in advance of any deadline set by the Court.

### f. Trial

The parties submit that the scheduling of trial is premature and should follow at a point in time when the manner of trial is known.

### g. Length of Trial

The parties cannot estimate the length of trial at this time.

Respectfully submitted,

| | |
|---|---|
| NAPOLI SHKOLNIK PLLC | GORI, JULIAN & ASSOC., P.C. |
| | |
| By:  /s/ Paul J. Napoli | By:   /s/ D. Todd Matthews |
| Paul J. Napoli, #251314NY | D. Todd Matthews, MO Bar 52502 |
| Robert Gitelman, #427174NY | Randy L. Gori, MO Bar 47619 |
| 1301 Avenue of the Americas, Tenth Floor | 156 N. Main St. |
| New York, NY, 10019 | Edwardsville, IL 62025 |
| (212) 397-1000 | (618) 659-9833 |
| pnapoli@napolilaw.com | todd@gorijulianlaw.com |
| rgitelman@napolilaw.com | randy@gorijulianlaw.com |

RODRIGUEZ TRAMONT + NUÑEZ, P.A.

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150

Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

Attorneys for Plaintiffs


**DOWD BENNETT LLP**

By: /s/ Edward L. Dowd, Jr.  (w/permission)
Edward L. Dowd, Jr.  #28785MO
edowd@dowdbennett.com
James F. Bennett  #46826MO
jbennett@dowdbennett.com
Terrence J. O'Toole, #23247MO
tjotoole@dowdbennett.com
James E. Crowe, III  #50031MO
jcrowe@dowdbennett.com
Carlos Marin #66060MO
cmarin@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)

Attorneys for Defendants
The Renco Group, Inc.,
DR Acquisition Corp.,
Renco Holdings, Inc., and Ira L. Rennert

**LEWIS RICE LLC**

By: /s/ Andrew Rothschild  (w/permission)
Andrew Rothschild, #23145MO
arothschild@lewisrice.com
Richard A. Ahrens, #24757MO
rahrens@lewisrice.com
Thomas P. Berra, Jr., #43399MO
tberra@lewisrice.com
Michael J. Hickey, #47136MO
mhickey@lewisrice.com
600 Washington Ave., Suite 2500
St. Louis, MO  63102-2147
Telephone: (314) 444-7600
Facsimile:  (314) 241-6056

Attorneys for Defendant The Doe Run
Resources Corporation, Marvin K. Kaiser,
Albert Bruce Neil, Jerry Pyatt, and
Theodore P. Fox, III

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on January 7, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.


Dated: January 7, 2016

                                                                     _____/s/  Patrick J. Lanciotti_____