UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.O.A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11 CV 44 CDP |
| | ) | |
| DOE RUN RESOURCES | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Nonparties to this action move to consolidate four multi-party cases ("the Collins cases") with the already-consolidated cases that are pending before me in this complex litigation ("the Reid cases"). I will deny the motion.

### Background

All of the Collins and Reid cases are brought through next friends on behalf of Peruvian children for damages allegedly caused by the disposal and release of lead and other toxic substances from the La Oroya Complex, a metallurgical smelting and refining complex operating in La Oroya, Peru. The claims are brought against American companies that purchased and invested in the Complex, including defendants Doe Run Resources Corporation, The Renco Group Inc., DR Acquisition Corporation, Renco Holdings Inc., as well as their executives.

The Reid cases pending before me are brought by Sr. Kate Reid and Megan

Heeney on behalf of more than 1000 minor plaintiffs. The Collins cases are brought by Fr. Chris Collins on behalf of over 300 minor plaintiffs and are currently pending before three other judges of this district.[1]

The initial Reid case in this consolidated action was removed from State court in January 2011, but the underlying litigation of the claims in that case actually began in 2007.[2] During the case's early stages here, I granted plaintiffs' unopposed motion to consolidate a number of other cases into this action for pretrial purposes given their common parties, as well as related legal and factual issues. With the coordination of counsel, I later consolidated additional cases into this action.[3] Common counsel represent the more than 1000 named plaintiffs in the Reid cases.

Beginning in late 2015 and continuing through January 2016, the four Collins cases at issue were removed from State court and were assigned to three other judges of this Court. The State-court litigation of those cases began in October 2015. While common counsel represent all plaintiffs in the Collins cases, they are not associated in any respect with counsel in the Reid cases.

The Collins plaintiffs now move to consolidate their newly-filed actions

---

[1] The four cases are: *J.Y.C.C., et al., v. Doe Run Res. Corp., et al.,* No. 4:15CV1704 (RWS); *L.B.H., et al., v. Doe Run Res. Corp., et al.,* No. 4:16CV59 (JAR); *K.A.C.P., et al., v. Doe Run Res. Corp., et al.,* No. 4:16CV60 (RLW); and *A.S.S.M., et al., v. Doe Run Res. Corp., et al.,* No. 4:16CV61 (JAR).
[2] *See* ECF 45, Opinion (filed June 22, 2011).
[3] Twenty-four separate Reid cases are pending in this consolidated action.

with the Reid cases. The Reid plaintiffs oppose consolidation. All defendants in the Collins and Reid cases likewise oppose consolidation.

## Discussion

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation. *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The threshold issue is whether the proceedings involve a common party and common issues of fact or law. *Id.* The mere existence of common issues, however, does not mandate that the cases be joined. *Northstar Marine, Inc. v. Huffman*, Nos. 13-0037-WS-C, 14-0205-KD-M, 2014 WL 4167019, at *2 (S.D. Ala. Aug. 21, 2014). Consolidation is inappropriate if it causes confusion or leads to delay, inefficiency, inconvenience, or unfair prejudice to a party. *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Consolidating the Collins cases with the Reid cases would be inefficient and inconvenient because the two groups of cases are at widely different procedural stages. The Reid cases that are pending before me are operating under their twelfth

Case Management Order, with counsel currently engaged in carefully crafted and methodical means of discovery production. Discovery deadlines are nearing, and counsel have jointly notified the Court that they may soon be entering the next phase of discovery, that is, plaintiffs identifying potential deponents, taking depositions, and disclosing expert reports.[4]

With respect to the Collins cases, a Rule 16 conference was recently held in *J.Y.C.C.*, No. 4:15CV1704 RWS, which resulted in Judge Sippel's Order to the parties that they meet and confer regarding certain preliminary discovery matters. No discovery schedule is yet in place. The remaining three Collins cases have only recently become fully at issue. No proposed scheduling orders have been filed, and the process of even initial discovery has not begun. Given the wide variance of procedural stages between the Reid cases and the Collins cases, consolidation is not appropriate.

My view of this situation is not unique. In *Conley v. Stryker Corp.,* No. 11-3287-CV-S, 2011 WL 6888561, at *1 (W.D. Mo. Dec. 28, 2011), the court found that "[c]onsolidation would be inefficient and inconvenient" because the cases involved were "at widely varying procedural stages." In *Hadel v. Willis Roof Consulting, Inc.,* No. 2:06-cv-01032-RLH-RJJ, 2011 WL 484289, at *1 (D. Nev. Feb. 7, 2011), the court denied a motion to consolidate a newly filed action with

---

[4] *See* ECF 355, Joint Status Report (filed Nov. 10, 2015).

one that began five years prior, reasoning that "[c]onsolidation would . . . only cause further delay and waste judicial resources" given that the cases were "at completely different stages of pretrial litigation." *See also, e.g., Lancer Ins. Co. v. Hitts,* No. 5:09-CV-302 (CAR), 2010 WL 2867836, at *4 (M.D. Ga. July 20, 2010) (consolidation not efficient where two matters would need to proceed on different timetables); *Arrieta v. Yellow Transp., Inc.,* No. 3:05-CV-2271-D, 2009 WL 90359, at *2 (N.D. Tex. Jan. 13, 2009) (consolidation denied because "the cases are at materially different stages of trial preparation."); *Fin-Ag, Inc. v. NAU Country Ins. Co.,* No. Civ. 08-4141-KES, 2009 WL 44479, at *3 (D.S.D. Jan. 6, 2009) (consolidation inappropriate where older case has proceeded further in the discovery process and the parties in the newer case "have only recently, if at all, commenced discovery. . . . [T]he cases are at much different stages of preparation and litigation[.]"); *Long v. Dickson,* No. 06-4012-SAC, 2006 WL 1896258, at *1 (D. Kan. June 29, 2006) ("Because the two actions are at such widely separate stages of preparation, consolidation of these cases would cause further delay and could prejudice the parties."); *Henderson v. National R.R. Passenger Corp.,* 118 F.R.D. 440, 441 (N.D. Ill. 1987) (consolidation inappropriate where new action "has just been filed while the case pending before this court has almost completed discovery. . . . Consolidation with a recently filed case in which discovery is just beginning will obviously entail further delay.").

Given the progression of discovery in the Reid cases – and especially considering the important factor that they appear to be nearing the cusp of moving to the next phase of discovery – it would be unfair to slow this progress (and possibly halt it) in order to allow the Collins cases to catch up. To avoid this circumstance, each group of cases would need to proceed on a separate discovery track, which would inevitably lead to different motion and trial schedules. "What good is it to consolidate cases if different deadlines and rules will be maintained for the two constituent actions?" *Northstar Marine*, 2014 WL 4167019, at *4.[5] The likelihood of undue delay to the adjudication of the Reid cases is a compelling factor against consolidation. *See id.* at *3.

I also find it significant that the Reid plaintiffs oppose consolidation. As I noted earlier, different parties are acting as next friends on behalf of the respective plaintiff-groups in the Collins and Reid cases, and Collins counsel are not associated in any respect with Reid counsel. The dichotomy between the groups' positions on consolidation raises a concern that the relationship between the groups themselves may be strained if the matters were consolidated. The possibility of derailing the level of cooperation that has been achieved between counsel as well as the representative parties in this complex litigation would be a disservice to the

---

[5] While the management of the Collins cases is not for me to decide, stipulations and other efficiency-enhancing procedures may be considered to allow Reid discovery to carry over to the Collins cases so as to avoid the possibility of redundancy. Additionally, parties to the four separate Collins cases could seek consolidation of those cases with one another.

actual parties in interest as well as to the Court.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion for Consolidation [374], filed on behalf of the Collins cases, is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this Memorandum and Order in the following cases:

4:15CV1704 RWS, *J.Y.C.C., et al., v. Doe Run Res. Corp., et al.;*

4:16CV59 JAR, *L.B.H., et al., v. Doe Run Res. Corp., et al.;*

4:16CV60 RLW, *K.A.C.P., et al., v. Doe Run Res. Corp., et al.;* and

4:16CV61 JAR, *A.S.S.M., et al., v. Doe Run Res. Corp., et al.*

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2016.