UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

J.Y.C.C., et al.,                                    )
                                                     )
Plaintiffs,                                          )
                                                     )
v.                                                   )        Case No. 4:15 CV 1704 RWS
                                                     )        (consolidated)
DOE RUN RESOURCES CORP.,                             )
et al.,                                              )
                                                     )
Defendants.                                          )

## PROTECTIVE ORDER

The Court issues the following Confidentiality Order relating to the parties'
proprietary and confidential information that may be subject to protection pursuant
to Fed. R. Civ. P. 26(c):

1.     Discovery in this case, including any appeal, may involve the
production of information containing trade secrets or other confidential research,
development, or commercial information for which special protection from public
disclosure and from use for any purpose other than this proceeding is warranted.
Accordingly, the Court enters this Protective Order (the "Order").

2.     This Order shall govern all hard copy and electronic documents, the
information contained therein, and all other information produced or disclosed
during this case, whether revealed in a document, deposition, other testimony,

discovery responses or otherwise, by a party to this proceeding (the "Producing Party") to any other party (the "Receiving Party").

3.      Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Confidentiality Order.

4.      The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

5.      Nothing in this Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony or other evidence.

6.      "Confidential Information," as used herein, means information of any type, kind or character that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.

7.      In designating materials as "Confidential Information," the Producing Party shall do so in good faith, consistent with the provisions of this Order. Nothing contained herein shall be construed to allow global designations of all materials or documents as "Confidential Information."

8.     Specific documents and discovery responses produced by a Producing Party may be designated as containing Confidential Information by marking the documents with any of the phrases "Confidential," "Highly Confidential," "Confidential Information - Subject to Confidentiality Order," or "Confidential – Subject to Protective Order" without obscuring any part of the text. Such a designation shall subject the document and its contents to this Order.

9.     To the extent that information stored or recorded in the form of electronic or magnetic media is produced in such form, the Producing Party may designate such information as Confidential Information by cover letter generally referring to such information. The Receiving Party shall mark any storage medium containing such Confidential Information with the legend "Confidential – Subject to Protective Order." Any native format documents used with a witness or as an exhibit filed with the court shall be appended with a .tiff slip-sheet cover page bearing the confidentiality legend. Whenever any Receiving Party reduces any such information to hard copy form, that Receiving Party shall mark each page of the hard copy form with the "Confidential Information – Subject to Confidentiality Order" designation.

10.     Information designated as Confidential Information pursuant to this Order may only be shown and delivered to the following people:

a.  the Receiving Party;

b. counsel for the parties, including their clerical, secretarial and other staff employed or retained by such counsel;

c. in house counsel for the defendants, including the clerical, secretarial and other staff working in the legal department;

d. experts and consultants retained by a party to this proceeding for purposes of assisting the party and its attorneys of record in the preparation and/or presentation of its claims or defenses, provided that the proposed recipient executes the attestation attached as Exhibit A;

e. Judges, court reporters, court personnel, videographers, or jurors present at trial, conferences, hearings, arguments or depositions held in this case;

f. plaintiff's treating physicians, nurse practitioners, or other medical professionals who treated plaintiff (and their respective staffs);

g. Third party commercial photocopying firms employed by a party to this proceeding and any vendors employed by a party to this proceeding;

h. Translators and interpreters;

i. Insurance carriers who may provide coverage to a party;

    j.  The Receiving Party may show Confidential Information to any witness during a deposition, hearing or trial. Confidential information shown to any witness during a deposition shall not lose its confidential status through such use, and counsel shall use their best efforts and take all steps reasonably required to protect its confidentiality during such use;

    k.  Without the necessity of further Court order; any other person who the parties jointly agree may have access to the Confidential information.

11.    Pursuant to Federal Rule of Evidence 502(d), inadvertent or mistaken production of documents or electronically stored information ("ESI") (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege. In the event that a party inadvertently or mistakenly produces documents or ESI subject to a claim of privilege, the Producing Party may notify the other party in writing of the inadvertent or mistaken disclosure and request a clawback of the inadvertently or mistakenly disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the Producing Party or

destroy them as agreed between the parties. All notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed and not used.

If the Receiving Party elects to file a motion as set forth below, the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the Receiving Party reflecting the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

The party receiving such Inadvertently Produced Documents may, after receipt of the Producing Party's notice of inadvertent or mistaken production, move the Court to dispute the claim of privilege.

12.   A Receiving Party may challenge a Producing Party's confidentiality designation by notifying the Producing Party, in writing, of its good faith belief that the confidentiality designation was not proper and must give the Producing

Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within fourteen (14) business days of receiving such a challenge, the basis of the designation. Failure of the Producing Party to timely provide a basis for any challenged designated material will result in the removal of the confidential designation for any such material. If this procedure does not resolve the dispute over the designation, then either party may apply to the Court for a determination as to whether the designation is appropriate. The burden of proof as to a designation of Confidential Information rests on the Producing Party to demonstrate that such designation is proper.

13.    If the Receiving Party is served with a subpoena or other notice compelling the production of "Confidential" documents, information or other discovery materials produced in this action by another party, the Receiving Party shall, within five business days, notify the Producing Party in writing of such subpoena or notice and, absent a contrary court order, shall not make production of any Confidential Information in response to such subpoena or notice unless and until any opposition by the Producing Party to such production has been fully and finally resolved. Upon receiving such notice, it is the burden of the Producing Party to oppose the production called for by the subpoena or notice.

14.     At the time of deposition or within 21 days after receipt of the final deposition transcript, a party may designate as Confidential Information specific portions of the transcript which contain confidential matters under the standards set forth above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential until the expiration of this time period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order.

15.     In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as Confidential Information, and only those specific portions of briefs, applications, and other filings that contain verbatim Confidential Information, or that set forth the substance of such Confidential Information.

16.     Within forty-five (45) days after conclusion of this proceeding, including any appeals related thereto, at the written request of the Producing Party, such attorney and any person to whom he/she disclosed Confidential Information shall, at the Receiving Party's option, either (a) destroy or (b) return and surrender all Confidential Information produced pursuant to this Order, to the Producing Party. If returning the materials, such persons shall return any Confidential Information and any and all copies (electronic or otherwise), summaries, notes,

compilations, and memoranda related thereto (excluding privileged communications, attorney work product, and documents filed with the Court, but such documents shall remain subject to the terms of this Order). Upon the return of all such Confidential Information the Receiving Party shall certify in writing that reasonable, good faith efforts were made to assure that all such Confidential Information and any and all copies (electronic or otherwise), summaries, notes, compilations and memoranda related thereto have been delivered to the Producing Party in accordance with the terms of this Order. In lieu of returning the materials described in this paragraph (including copies, summaries, notes, compilations and memoranda related thereto) the Receiving Party may destroy the materials in a manner that will protect the Confidential Information and the destroying party shall certify by affidavit that it has done so.

17.    Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

18.    It is expressly understood by and between the parties that in producing Confidential Information in this proceeding, the parties shall be relying upon the terms and conditions of this Order.

19.    By written agreement of the parties, or upon motion and Order of this Court, the terms of this Order may be modified. This Order shall continue in force

until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

SO ORDERED, this 21st day of June, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE