**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| J.Y.C.C., *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  No. 4:15-CV-01704-RWS |
| THE DOE RUN RESOURCES CORPORATION, *et al.*, | ) (CONSOLIDATED) ) ) |
| Defendants. | ) ) |

**JOINT PROPOSED CASE MANAGEMENT ORDER NO. 5**

**I.  AMENDED SCHEDULING PLAN**

As discussed by the parties at the status conference held on December 11, 2019, to permit Plaintiffs further time to secure notarized Plaintiff Fact Sheets and collect medical, education, and employment records for the Initial Trial Pool Plaintiffs, the parties hereby submit the below Joint Proposed Amended Scheduling Plan.

  **A.** **Plaintiffs' Production of Plaintiff Fact Sheets**

Approximately two dozen Group A – F Plaintiffs have not provided fact sheets. No later than **February 28, 2020**, Plaintiffs shall produce verified and notarized fact sheets for all remaining Group A – F Plaintiffs. [**Defendants' Proposed Addition:**  Failure to do so by this deadline shall result in dismissal of these Plaintiffs with prejudice upon notice to the Court.]

**Defendants' Comment:**  The process the Court established for selecting an initial trial pool was premised on the parties having completed Fact Sheets for Groups A-F Plaintiffs.  *See* CMO-3 ("Plaintiffs have previously provided Plaintiff Facts Sheets ('PFS') for several of the consolidated cases.").  Yet, Plaintiffs have never actually produced Fact Sheets for some Plaintiffs in these Groups.  Plaintiffs in Groups A – F have had years to produce complete Plaintiff Fact

Sheets consistent with this Court's orders. Defendants are willing to agree to extend the deadline for the remaining Plaintiffs in Groups A- F to provide Fact Sheets.  But should they continue to fail to comply and provide the very rudimentary facts about their claims by the above-referenced extended deadline, their cases should be dismissed with prejudice. *See* Federal Rule of Civil Procedure 41. Approximately 1,000 Plaintiffs in Groups A-F have submitted Plaintiff Fact Sheets notwithstanding the logistical issues Plaintiffs have experienced, yet these two dozen Plaintiffs have not.  These Plaintiffs have had more than sufficient time to appear, and any continued failure should result in dismissal.

**Plaintiffs' Comment:** As the Court is aware, there are standard processes courts generally implement in MDL and mass tort proceedings concerning Plaintiff Fact Sheet deficiencies: (1) opposing counsel notifies counsel and the court of the deficiencies, and (2) the parties are given the opportunity to remedy the problem by way of a motion to dismiss or show cause order. Here, Defendants' are attempting to circumvent these established methods and deprive certain plaintiffs due process by incorporating an automatic dismissal clause throughout the proposed CMO. Neither this Court nor Judge Perry has established a CMO addressing PFS management and a deficiency protocol. To date, Defendants have not sought the dismissal of any cases before Judge Perry for failure to provide fact sheets. Plaintiffs do not dispute the fact that each plaintiff has a responsibility and duty to provide a fact sheet and meaningfully prosecute their claims in this litigation. However, Defendants' sweeping dismissal of cases for failure to produce a fact sheet ignores the gravity of the situation in La Oroya and corresponding logistical challenges that must be dealt with in La Oroya. Finally, it's worth noting that approximately 1,000 PFS have been provided for Groups A-F and only 24 have yet to be exchanged

Plaintiffs have produced some, but not all, fact sheets for Group G Plaintiffs by the deadline set forth in Case Management Order No. 4. By no later than **February 28, 2020,** Plaintiffs shall produce all remaining verified and notarized fact sheets for all Group G Plaintiffs. [**Defendants' Proposed Addition:**  Failure to do so by this deadline shall result in dismissal of these Plaintiffs with prejudice upon notice to the Court.]

**Defendants' Comment:**  Plaintiffs have now repeatedly requested unrealistic deadlines over Defendants' objections, only to then ask for them to be extended.  For example, in July 2019, Plaintiffs initially proposed that Group G Fact Sheets could be completed by September 2019. *See* CMO 3. Four months later, however, considerable deficiencies remain.  Defendants submit that there should be consequences for failing to comply with the deadlines Plaintiffs propose and represent they can satisfy. One of the core purposes of the Fact Sheet Process is to streamline the proceedings and make discovery more cost effective by identifying, and dismissing, Plaintiffs that do not have viable claims.  Dismissal of these Plaintiffs' clearly serves that purpose.  Further, there is no need for motion practice or additional PFS "protocols."  If Plaintiffs are unable to comply, they can surely seek the Court's leave for additional time.

**Plaintiffs' Comment:** Plaintiffs do not dispute that Defendants are entitled to this information. However, as stated above, Plaintiffs object to Defendants' sweeping dismissal of claims for failure to produce a plaintiff fact sheet. Groups G, H, I, and J Plaintiffs are not subject to the initial trial pool and the Court has not entered an order addressing bellwether selection for these cases. Rather, the parties should be engaged in in a streamlined, cost-effective discovery process to the maximum extent possible in light of the difficult challenges Plaintiffs are facing in La Oroya.

Plaintiffs have produced some, but not all, fact sheets for Group H Plaintiffs by the deadline set forth in Case Management Order No. 4. No later than **February 28, 2020**, Plaintiffs shall produce all remaining verified and notarized fact sheets for all Group H Plaintiffs. [**Defendants' Proposed Addition:** Failure to do so by this deadline shall result in dismissal of these Plaintiffs with prejudice upon notice to the Court.]

No later than **March 16, 2020**, Plaintiffs shall produce verified and notarized fact sheets for all Group I Plaintiffs. [**Defendants' Proposed Addition:** Failure to do so by this deadline shall result in dismissal of these Plaintiffs with prejudice upon notice to the Court.]

No later than **May 5, 2020**, Plaintiffs shall produce verified and notarized fact sheets for all Group J Plaintiffs. [**Defendants' Proposed Addition:** Failure to do so by this deadline shall result in dismissal of these Plaintiffs with prejudice upon notice to the Court.]

No later than **June 21, 2020**, Plaintiffs shall produce verified and notarized fact sheets for all Group K Plaintiffs. [**Defendants' Proposed Addition:** Failure to do so by this deadline shall result in dismissal of these Plaintiffs with prejudice upon notice to the Court.]

### B. Medical, Education, and Employment Records of the Initial Trial Pool Plaintiffs

Plaintiffs have produced some, but not all, medical, education, and employment records for the 120 Plaintiffs in the Initial Trial Pool. There are some Plaintiffs for which no records have been produced and other Plaintiffs for which incomplete records have been produced. Moreover, Plaintiffs have not produced any no record certifications for providers Plaintiffs identified but who do not have any records to produce. Accordingly, by no later than **February 10, 2020**, Plaintiffs shall complete their production of medical, education, and employment records for the 120 Initial Trial Pool Plaintiffs. Plaintiffs shall make good faith efforts to produce records, to the extent they are available, on a rolling basis as they are collected. In the event that medical, education, and/or

4

employment records do not exist for a certain Plaintiff, Plaintiffs shall provide a certification confirming as such in the form agreed to by the parties. Initial Trial Pool Plaintiffs that do not make complete records productions or produce no-records certifications by this deadline shall be dismissed without prejudice upon notice to the Court.

Plaintiffs will continue using the authorizations approved by the Court on August 8, 2019 [Doc. 352] for all future medical and educational record requests. All new records obtained through the Court-ordered authorizations shall be produced with a load file that includes facility information and indicate whether the record was obtained by using the Reid authorization or the authorization ordered by the Court on August 8.

Medical, education, and employment records for non-trial-pool Plaintiffs need not be produced until further order of the court. A schedule for the production of records for non-initial trial pool Plaintiffs will be established by the Court at a later date.

## C. Selection of the Initial Discovery Cohort

Twenty-eight of the 120 initial trial pool Plaintiffs will be included in the initial discovery cohort; Plaintiffs shall choose 14 and Defendants shall choose 14. Plaintiffs have already made their 14 Initial Discovery Cohort Selections. Defendants must notify the Court and opposing counsel of their selected Plaintiffs by **April 20, 2020**. Those Plaintiffs must answer interrogatories and produce documents by **May 25, 2020**.

Plaintiffs will produce neuropsychology and pediatric expert findings for the 14 Initial Discovery Cohort Plaintiffs selected by Plaintiffs by **April 20, 2020**. Plaintiffs will produce neuropsychology and pediatric expert findings for the 14 Initial Discovery Cohort Plaintiffs selected by Defendants by **June, 19, 2020**. Depositions of Initial Discovery Cohort Plaintiffs, family members, and caregivers will begin **June 22 2020**. The process regarding depositions of

5

Non-Discovery Cohort Plaintiffs will be established by the Court at a later date. Fact discovery for the Initial Discovery Cohort Plaintiffs ends **November 20, 2020**.

### D. Selection of the Initial Expert Discovery Cohort

The parties agree that two weeks after the completion of fact discovery, the parties will narrow the pool of Initial Discovery Cohort Plaintiffs down to 16 for expert discovery (the "Initial Expert Discovery Cohort"). Plaintiffs shall choose eight and Defendants shall choose eight.

Plaintiffs must notify the Court and opposing counsel of their selections by no later than **December 4, 2020**, two weeks upon conclusion of discovery with respect to the Initial Discovery Cohort. Defendants must notify the Court and opposing counsel of their selections by no later than **December 18, 2020**.

### II. OTHER PRE-TRIAL DEADLINES

| Event | Deadline |
|---|---|
| Referral to Alternative Dispute Resolution | **30 days after rulings on dispositive and Daubert motions.** |
| Completion of ADR | **90 days after ADR referral deadline.** |
| Plaintiffs' deadline to designate all merits experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) | **January 22, 2021** |
| The parties shall meet and confer to set a schedule by which these expert depositions shall be conducted. | **January 29, 2021** |

| Event | Deadline |
|---|---|
| If the parties are unable to reach an agreement, they shall notify the Court in writing, and report the nature of the dispute. The report must include the names of each expert and the exclusionary dates, so the Court may set a final schedule at the conference. | **January 29, 2021** |
| Plaintiffs shall make their expert witnesses available for deposition | **February 5, 2021** |
| Depositions of Plaintiffs' expert witnesses will be completed. | **April 9, 2021** |
| Defendants shall notify Plaintiffs of the identity of the Rule 35 examiners and the scope of the examinations. | **April 16, 2021** |
| Any objections to the scope of the examinations shall be made to the Defendants. | **April 26, 2021** |
| If the parties are unable to reach an agreement as to the scope of the Rule 35 examinations, they shall notify the Court in writing, and report the nature of the dispute. | **April 30, 2021** |
| Plaintiffs shall make Expert Discovery Cohort Plaintiffs available for IMEs | **May 10, 2021** |
| IMEs of Expert Discovery Cohort Plaintiffs will be completed | **July 23, 2021** |
| Defendants' deadline to designate all merits experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) | **September 10, 2021** |
| The parties shall meet and confer to set a schedule by which these expert depositions shall be conducted. | **September 17, 2021** |

| Event | Deadline |
|---|---|
| If the parties are unable to reach an agreement, they shall notify the Court in writing, and report the nature of the dispute. The report must include the names of each expert and the exclusionary dates, so the Court may set a final schedule at the conference. | **September 17, 2021** |
| Defendants shall make their expert witnesses available for depositions | **September 27, 2021** |
| Depositions of Defendants' expert witnesses will be completed. | **December 13, 2021** |
| Plaintiffs' deadline to designate all rebuttal expert witnesses and provide their reports | **December 22, 2021** |
| The parties shall meet and confer to set a schedule by which these expert depositions shall be conducted. | **January 7, 2022** |
| If the parties are unable to reach an agreement, they shall notify the Court in writing, and report the nature of the dispute. The report must include the names of each expert and any exclusionary dates, so the Court may set a final schedule at the conference. | **January 7, 2022** |
| Plaintiffs shall make any rebuttal expert witnesses available for depositions. | **January 17, 2022** |
| Deadline to complete depositions of Plaintiffs' rebuttal experts | **February 16, 2022** |
| Close of expert discovery | **February 16, 2022** |
| Deadline to file dispositive motions | **March 18, 2022** |
| Deadline to file Motions to Limit or Exclude Expert Testimony | **March 18, 2022** |

| Event | Deadline |
|---|---|
| Deadline to file responses to any dispositive motions | **April 15, 2022** |
| Deadline to file responses to Motions to Limit or Exclude Expert Testimony | **April 15, 2022** |
| Deadline to file replies in support of any dispositive motions | **May 13, 2022** |
| Deadline to file replies in further support of Motions to Limit or Exclude Expert Testimony | **May 13, 2022** |

### III. TRIAL DEADLINES

Pre-trial and trial-related deadlines will be set by further order of the Court after completion of briefing on dispositive and other pre-trial motions.

### IV. QUARTERLY STATUS CONFERENCES

The Court shall hold quarterly status conferences. Unless otherwise ordered above, one week before each conference, counsel shall file a joint status report informing the Court of any matters that should be discussed at the conference. Conferences will be held:

- February 12, 2020
- May 15, 2020
- August 14, 2020

Additional dates will be set by the Court at a later date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this ___ of _____, 2020.

9

                                          Respectfully submitted,

**NAPOLI SHKOLNIK PLLC**              **KING & SPALDING LLP**

By: /s/ Hunter Shkolnik                By: /s/ Geoffrey M. Drake
Hunter Shkolnik, #2031458NY        Andrew T. Bayman, #043342GA
Paul J. Napoli, #251314NY            Carmen R. Toledo, #714095GA
360 Lexington Avenue                 Geoffrey M. Drake, #229229GA
11th Floor                                     1180 Peachtree Street, N.E., Suite 1600
New York, NY, 10017                  Atlanta, Georgia 30309
(212) 397-1000                          (404) 572-3438
hunter@napolilaw.com                abayman@kslaw.com
pnapoli@napolilaw.com              ctoledo@kslaw.com
                                          gdrake@kslaw.com

**GORI, JULIAN & ASSOC., P.C.**

                                          Tracie J. Renfroe, #16777000T
By: /s/ D. Todd Matthews              Carol M. Wood, #2594581
D. Todd Matthews, MO Bar 52502      1100 Louisiana Street, Suite 4000
Randy L. Gori, MO Bar 47619         Houston, Texas 77002
156 N. Main St.                         (713) 751-3209
Edwardsville, IL 62025               cwood@kslaw.com
(618) 659-9833                          trenfroe@kslaw.com
todd@gorijulianlaw.com
randy@gorijulianlaw.com             James P. Cusick (NY Bar No. 4041653)
                                          1185 Avenue of the Americas, 34th Floor

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**    New York, New York 10036
                                          (212) 556-2170
By: /s/ Frank R. Rodriguez            jcusick@kslaw.com
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL         Attorneys for Defendants The Renco Group,
255 Alhambra Cir., Suite 1150        Inc., D.R. Acquisition Corp., Ira L. Rennert,
Coral Gables, FL 33134              The Doe Run Resources Corporation,
(305) 350-2300                         Renco Holdings, Inc., Theodore P. Fox, III,
frr@rtgn-law.com                     Marvin K. Kaiser, Jeffrey L. Zelms, and
pan@rtgn-law.com                  Jerry Pyatt

Attorneys for Plaintiffs                **LEWIS RICE LLC**

                                          Andrew Rothschild (#23145MO)
                                          Thomas P. Berra, Jr. (#43399MO)
                                          Michael J. Hickey (#47136MO)

600 Washington Ave., Suite 2500
St. Louis, MO 63102-2147
(314) 444-7600
arothschild@lewisrice.com
tbeerra@lewisrice.com
mhickey@lewisrice.com

Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Jeffrey L. Zelms, Theodore P. Fox, III, and Jerry Pyatt

**DOWD BENNETT LLP**

Edward L. Dowd, Jr. (#28785MO)
edowd@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300
edowd@dowdbennett.com

Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Renco Holdings, Inc., and Ira L. Rennert

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 17, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: January 17, 2020

                                                    /s/ Patrick J. Lanciotti
                                                  Patrick J. Lanciotti