UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:15-CV-01704-RWS |
| | ) (Consolidated) |
| THE DOE RUN RESOURCES | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' AND DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR AN ORDER APPOINTING PATRICK A. JUNEAU AS SETTLEMENT SPECIAL MASTER**

Plaintiffs and Defendants, The Renco Group, Inc., Renco Holdings, Inc., D.R. Acquisition Corp., The Doe Run Resources Corporation, Marvin K. Kaiser, Jeffrey L. Zelms, Theodore P. Fox, III, Jerry Pyatt and Ira L. Rennert (collectively "the Parties"), respectfully submit this memorandum of law in support of the joint motion to move this Court to appoint Patrick A. Juneau as Settlement Special Master.

**FACTUAL BACKGROUND**

There are over 1,400 plaintiffs whose cases against Defendants relating to alleged personal injuries from the metallurgical plant in La Oroya, Peru are consolidated before this Court. The Parties – who have been seeking to change the trajectory in this case and have been conducting settlement discussions in earnest – retained Patrick A. Juneau as a third-party mediator in this case in August of 2018. In that capacity, Mr. Juneau attended several meetings with plaintiffs' and defendants' counsel and their consultants and have thoroughly familiarized himself with the issues involved. As is discussed more thoroughly below, courts inside and

outside of this district have appointed special masters to coordinate settlement discussions in similar situations pursuant to Fed. R. Civ. P. 53.  And the Parties believe that Patrick A. Juneau, is uniquely suited for the role of Settlement Special Master here, given his deep experience as settlement special master in various other large and complex mass tort cases.  As such, the Parties respectfully request that Patrick A. Juneau be appointed as Settlement Special Master in these cases pursuant to Fed. R. Civ. P. 53.

## ARGUMENT

### I. A Settlement Special Master Should Be Appointed Pursuant to Federal Rule of Civil Procedure 53

Fed. R. Civ. P. 53 sets forth the requirements of appointing a special master in a particular case.  District Courts in this State have previously appointed special masters to assist in efficiently coordinating settlement discussions pursuant to Fed. R. Civ. P. 53.  *See U.S. v. Conservation Chemical Company*, 106 F.R.D. 210, 234 (W.D. Mo. 1985) ("…the Master has participated in settlement discussions at the direction of the Court and at the request of many of the parties").  Courts in other jurisdictions have also held that having special masters appointed for settlement purposes can be beneficial in order to facilitate an expeditious resolution.  *See In Re Syngenta AG Mir162 Corn Litigation*, No. 2:14-md-2591-JWL-JPO (D. Kan. Mar. 23, 2016) ("Because of the quantity and  complexity of these related cases and the common interest in a fair and expeditious resolution, the presiding judges have determined, and the parties agreed, that it would be beneficial to appoint a special master to explore settlement of all the cases…"); *In Re Stryker Rejuvenate and Agbii Hip Implant Products Liability Litigation*, No. 13-2441, 2014 WL 2808919, at *4 (D. Minn. Jun. 20, 2014) ("The parties are hereby put on notice of the Court's consideration of the appointment of a special master for settlement purposes under Rule 53 of the Federal Rules of Civil Procedure."); *Mayberry v. U.S.*, 151 F.3d 855, 857 (8th Cir.

1998) ("...a special master was appointed to assist in the settlement of damages issues or to recommend a procedure to expedite their resolution").

Here, given the nature of these cases and the large number of cases currently consolidated before this Court, the Parties believe having a neutral, third-party Settlement Special Master who can administer, coordinate and preside over settlement negotiations and communicate with the Court at the Settlement Special Master's discretion, where appropriate, would be an invaluable resource in attempting to resolve most if not all of these cases on reasonable terms.

## II. Patrick A. Juneau Is Well Suited For The Role As Settlement Special Master

The Parties agree to recommend Mr. Juneau to serve as Settlement Special Master in these cases pursuant to Fed. R. Civ. P. 53 because of his unique qualifications, having earned the trust and confidence of courts and plaintiffs and defense counsel nationwide through his distinguished career assisting parties in complex class-action and mass-tort settlements. Additionally, as is set forth in his Affidavit, there are no grounds for disqualification under 28 U.S.C. § 455 that would prevent Mr. Juneau from serving as the Settlement Special Master in this matter.

Mr. Juneau is already familiar with the Parties in these cases, the facts involved, and the Parties' respective settlement positions. He also has extensive experience serving as a Settlement Special Master in other matters. In particular, given the novel nature of the settlement structure being discussed by the Parties – a structure that includes a series of social welfare and health care programs to be administered in Peru that will not only benefit plaintiffs in this case, but the entire community of La Oroya – Mr. Juneau's experience with complex settlements is critical to the design and administration of these programs.

Mr. Juneau, a charter member of the Academy of Court Appointed Masters, is highly

Case: 4:15-cv-01704-RWS   Doc. #:  380   Filed: 03/20/20   Page: 4 of 10 PageID #: 15791

respected nationwide.  He has contributed to the development of the book "Appointing Special Masters and Other Judicial Adjuncts: A Benchbook for Judges and Lawyer" (January 2013).  *See* Affidavit of Patrick A. Juneau, Exhibit 1 at 5-7 (Curriculum Vitae of Patrick A. Juneau).  He is a past president of the Louisiana Association of Defense Counsel and is a Fellow of both the American College of Trial Lawyers and the International Academy of Trial Lawyers. *Id.*

Most importantly, Mr. Juneau has an abundance of experience and expertise serving as a court-appointed Special Master or Administrator to oversee and help the parties come together in resolving hundreds of thousands of individual personal injury cases underlying various mass tort litigatons.  *See id.*  As summarized in Mr. Juneau's affidavit (*id.*), below are six examples of his experience in these types of cases:

- *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, (Case No. 10-md-02179, E.D. La.). (Honorable Carl J. Barbier)

    This MDL includes a multi-billion dollar settlement program to compensate individuals and businesses from the gulf coast, including Florida, affected by the Deepwater Horizon oil spill. The settlement was intended to avoid piecemeal litigation by setting up a mechanism to resolve hundreds of thousands of claims for economic damages. Mr. Juneau was appointed Claims Administrator to oversee the Claims Administration Vendors, who processed the claims in accordance with the Settlement Agreement. The Settlement Program has been issuing payments for nearly five years. During that time, Mr. Juneau's claims facility has processed more than 386,000 claim forms. Over $11 billion in offers of payment from the settlement fund have been accepted by class members.

-4-

- *In re: Vioxx Products Liability Litigation* (Case No. 05-md-01657, E.D. La.) (Honorable Eldon Fallon)

  This MDL is a multidistrict products liability litigation which involved allegations that the prescription drug Vioxx increased the risk of cardiovascular thrombotic events such as myocardial infarctions and ischemic strokes. Based on published reports, Merck agreed to pay $4.85 billion dollars to resolve the claims of the class and individual. The settlement involved approximately 50,000 claims. Mr. Juneau's role as Special Master provided review and oversight to ensure that the settlement and claims program was administered as per the terms of the settlement.

- *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* (Case No. 10-ml-02151, C.D. Cal.) (Honorable James V. Selna)

  The MDL involved allegations that certain model and model year Toyota, Lexus and Scion vehicles contain defects that have led to sudden "unintended acceleration" events.  Mr. Juneau was appointed Settlement Special Master in both the economic loss class actions and in the products liability cases. As Settlement Special Master, Mr. Juneau has successfully presided over and mediated many settlement related proceedings, including the resolution of the economic loss class actions, with an estimated value of over $1 billion, and numerous products liability cases.

- *In re: Guidant Corp. Implantable Defibrillators Product Liability Litigation* (Case No. 05-md-1708, D. Minn.) (Honorable Donovan W. Frank)

  This is a multidistrict litigation involving claims of alleged defects in Guidant Corp.'s implantable defibrillators. As reflected in published reports, Guidant agreed to pay

$240 million to settle the claims of over 8,500 plaintiffs that were pending in federal or state courts nationwide. Mr. Juneau was appointed as Assistant Special Master and had the authority to engage support personnel to assist in the management of the implementation, administration, and allocation of the settlement.

- *In re: Avandia Marketing, Sales Practices Products Liability Litigation* (Case No. 07-md-01871, E.D. Pa.) (Honorable Cynthia M. Rufe)

  This action arose from allegations that certain diabetes drugs manufactured by GSK, Avandia and /or two sister drugs containing Avandia, caused an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. As reflected in published reports the settlement involved at least $4.7 billion for over 50,000 claims. Mr. Juneau was appointed as Special Master, and he had the authority to administer, coordinate, and preside over settlement negotiations. He also had the authority to conduct any proceedings necessary for purposes of administering and managing the settlement process.

- *In re: Takata Airbag Products Liability Litigation* (Case No. 1:15-md-02599, S.D. Fla.) (Honorable Federico A. Moreno)

  The economic loss class actions alleged among other things, that Takata, its affiliated entities and various auto manufacturers including Toyota, installed and distributed allegedly defective airbag inflators that could explode in certain conditions. Mr. Juneau was appointed by the Court to serve as Settlement Special Administrator to facilitate a resolution and implement a claims and multi-year outreach program in the settlement of the economic loss class actions that was valued at $1.1 billion.

Of course, additional materials and references can be provided at the Court's request. In addition, Mr. Juneau would welcome the opportunity to appear before the Court and answer any questions the Court may have.

WHEREFORE, the Parties respectfully request that this Court appoint Patrick A. Juneau to serve as Settlement Special Master in these consolidated cases.

Dated:   March 20, 2020

Respectfully submitted,

**KING & SPALDING LLP**

By:  /s/ *Geoffrey M. Drake*
Andrew T. Bayman (GA Bar No. 043342)
Carmen R. Toledo (GA Bar No. 714095)
Geoffrey M. Drake (GA Bar No. 229229)
1180 Peachtree Street, N.E., Suite 1600
Atlanta, Georgia 30309
(404) 572-3438
abayman@kslaw.com
ctoledo@kslaw.com
gdrake@kslaw.com

Tracie J. Renfroe (TX Bar No. 16777000)
Carol M. Wood (TX Bar No. 24042786)
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 751-3209
trenfroe@kslaw.com
cwood@kslaw.com

James P. Cusick (NY Bar No. 4041653)
1185 Avenue of the Americas, 34th Floor
New York, New York 10036
(212) 556-2170
jcusick@kslaw.com

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Renco Holdings, Inc., Ira L. Rennert, The Doe Run Resources Corporation, Marvin K. Kaiser, Jeffrey L. Zelms, Theodore P. Fox, III, and Jerry Pyatt*

**LEWIS RICE LLC**
Andrew Rothschild (#23145MO)
Thomas P. Berra, Jr. (#43399MO)
Michael J. Hickey (#47136MO)
600 Washington Ave., Suite 2500
St. Louis, MO 63102-2147
(314) 444-7600
arothschild@lewisrice.com
tbeerra@lewisrice.com
mhickey@lewisrice.com

*Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Jeffrey L. Zelms, Theodore P. Fox, III, and Jerry Pyatt*

**DOWD BENNETT LLP**
Edward L. Dowd, Jr. (#28785MO)
edowd@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300
edowd@dowdbennett.com

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Ira L. Rennert, Renco Holdings, Inc.*

**NAPOLI SHKOLNIK PLLC**

By: */s/ Hunter Shkolnik*
Hunter Shkolnik, #2031458NY
Paul J. Napoli, #251314NY
360 Lexington Avenue, 11th Floor
New York, NY, 10017
(212) 397-1000
hunter@napolilaw.com
pnapoli@napolilaw.com
rgitelman@napolilaw.com

**GORI, JULIAN & ASSOC., P.C.**

D. Todd Matthews, MO Bar 52502
156 N. Main St.
Edwardsville, IL 62025
(618) 659-9833
todd@gorijulianlaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of March, 2020, a copy of the foregoing document was filed with the Clerk of the Court and that notice of such filing will be served upon counsel of record via the Court's CM/ECF system.

*/s/ Geoffrey M. Drake*
