# King & Spalding

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel:  +1 404 572 4600
Fax:  +1 404 572 5100
www.kslaw.com

Geoffrey M. Drake
Direct Dial:  +1 404 572 4726
Direct Fax:  +1 404 572 5100
gdrake@kslaw.com

January 17, 2020

**VIA E-MAIL**

| | |
|---|---|
| Frank R. Rodriguez | Patrick Lanciotti |
| 255 Alhambra Cir., Suite 1150 | 360 Lexington Avenue |
| Coral Gables, FL 33134 | New York, NY 10017 |
| (305) 350-2300 | (212) 397-1000 |
| frr@rtgn-law.com | planciotti@napolilaw.com |

**Re:** *J.Y.C.C., et al. v. Doe Run Resources Corp. et al.*, 4:15 CV 1704 RWS –Discovery Cohort Plaintiffs' Responses to Defendants' Initial Written Discovery Requests

Frank and Patrick:

I write with respect to the fourteen Discovery Cohort Plaintiffs' responses to Defendants' first sets of interrogatories and document requests, received on December 20, 2019.  Plaintiffs' responses are deficient in several respects as outlined below, and Defendants have not yet received any records in response to their document requests.  Plaintiffs' complete responses to this written discovery are critical to understanding the nature of these fourteen discovery cohort cases and the basis of Plaintiffs' claims in this litigation overall.

The operative scheduling order contemplates that Defendants receive complete responses from these Plaintiffs prior to making Defendants' fourteen Discovery Cohort selections.  Accordingly, I request that Plaintiffs provide complete and verified supplemental responses and produce all responsive documents by January 31, 2020.

**Interrogatory Responses**

**Verifications**

As we have discussed, none of Plaintiffs' responses to Defendants' interrogatories were verified or notarized.  During our call on January 8, 2020, Plaintiffs represented that verifications for these discovery responses as well as currently unverified Plaintiff Fact Sheets would be provided within two weeks.  As I stated during our call, Defendants are willing to grant Plaintiffs this extension.  Accordingly, please ensure we receive notarized verifications for the fourteen

January 17, 2020
Page 2

Discovery Cohort Plaintiffs' interrogatory responses, as well as all currently unverified Plaintiff Fact Sheets by no later than January 22, 2020.

### Interrogatory 4

This Interrogatory seeks the names of all of Plaintiffs' spouses and relatives to the third-degree. Some Plaintiffs failed to fully respond to this request. For example, ▮▮▮▮▮ provided only a mother, father, and brother. Defendants assume that each Plaintiff has grandparents, either living or deceased, that were not identified. Please supplement each Plaintiffs' response to the extent necessary to fully respond to Interrogatory 4.

### Interrogatory 5

This Interrogatory asks Plaintiffs to identify all persons with knowledge of the facts supporting Plaintiffs' claims. In several instances, Plaintiffs' responses contain errors that need clarification. For instance, Plaintiff ▮▮▮▮▮ response states that ▮▮▮▮▮ is aware of "Plaintiff's health and" without any words following the conjunction. Further, Plaintiffs consistently mentioned health care practitioners, teachers, and professors by their titles but omitted their names and contact information. Defendants are entitled to the identity and last known contact information of potential witnesses with knowledge of Plaintiffs' claims in this case. Accordingly, please supplement each Plaintiff's response with complete information, including the names and contact information of each person identified in Plaintiffs' responses.

### Interrogatories 6 and 7

Plaintiffs failed to meaningfully respond to Interrogatories 6 and 7, which seek information on the types of contaminants Plaintiffs are claiming exposure to, the dates and locations of exposure, the route/method of exposure, when and how Plaintiffs learned of their exposure, and whether tests have been conducted for contaminants at the locations of exposure. Plaintiffs avoided providing responsive information largely on the grounds that the individual Plaintiffs themselves lack personal knowledge of, and the resources necessary to, provide answers. Plaintiffs cannot hide behind the individual Plaintiffs' purported lack of knowledge to avoid disclosing the basis for their claims, something they, or you as their attorneys, must have known prior to filing these lawsuits. Rather, Plaintiffs are required to provide the factual basis for the allegations in their complaints, including the information requested in these interrogatories, even if that information is in the possession of their attorneys. *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."); *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1211 (8th Cir. 1973) (requiring a party to furnish all information, including information held by counsel, when responding to interrogatories); *Wycoff v. Nichols*, 32 F.R.D. 370, 372 (W.D. Mo. 1963) ("If an appropriate interrogatory is propounded, the defendants will be required to give the information available to them, if any, through their attorney . . . whether personally known to the defendants or not."). Accordingly, please provide supplemental responses with the requested information.

January 17, 2020
Page 3

### Interrogatory 8

Interrogatory 8 asks Plaintiffs to identify the injuries, symptoms, and complaints Plaintiffs are seeking recovery for in this lawsuit, as well as the dates Plaintiffs first became aware of these problems. The information that is the subject of this interrogatory is clearly relevant, indeed it's the very core of this lawsuit. Similar interrogatories are served in nearly every personal injury case, and Plaintiffs' failure to respond is unquestionably improper.

In lieu of providing a response Plaintiffs' merely referred Defendants to Plaintiffs' Fact Sheets and medical records. This response is problematic for several reasons. First, Plaintiff's Fact Sheets are years-old and outdated. For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiff Fact Sheet was completed in 2015. Indeed, from Plaintiffs' discovery responses alone, it's clear that the fact sheets are themselves either incomplete or outdated and not an acceptable response to Defendants' request. For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ appears to be claiming monetary damages for moneys spent on "medicine and a nebulizer." (Response to Rog. 10) But ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ did not disclose receiving any treatment for any condition he is claiming in this lawsuit in his Fact Sheet. *See* PFS of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Dated 12/9/2015). Plaintiffs have an ongoing obligation under Rule 26 of the Federal Rules of Civil Procedure to supplement or correct incomplete or incorrect disclosures, including their Fact Sheets, and Defendants are entitled to complete and up to date information on these Plaintiffs. Simply referring Defendants to outdated Fact Sheets does not satisfy this burden.

Plaintiffs' referral to their medical records is similarly without merit. For starters, as you have repeatedly pointed out, these Plaintiffs have grossly incomplete medical records, if any. This alone makes Plaintiff's response incomplete. Furthermore, by referring Defendants to their medical records, Plaintiffs push the burden onto Defendants to speculate as to the claims being brought. Defendants have no duty to sift blindly through Plaintiffs' medical records guessing at what in there is relevant to this case. Accordingly, please provide up to date and accurate information on the claims and symptoms Plaintiffs' are claiming in this lawsuit, as well as when Plaintiffs' claim they became aware of the problems.

### Interrogatory 9

Interrogatory 9 seeks information on whether any relative experienced the same conditions Plaintiffs claim were caused by lead exposure. Plaintiffs objected on relevance and proportionality grounds and did not respond. Plaintiffs' objections are meritless. Family history is routinely explored in many personal injury cases and is clearly relevant here. Family history is a significant factor, if not the most significant risk factor, for many of Plaintiffs' claimed injuries. And Defendants' request is clearly proportional to the needs of this case. Indeed, Defendants have no other way to explore family history other than by asking. Defendants have no access to Plaintiffs or any realistic access to their family members or their medical records (if any exist). Accordingly, please have your clients submit a complete response to this interrogatory.

January 17, 2020
Page 4

### Interrogatory 10

This interrogatory asks Plaintiff to identify, by category and amount, the damages Plaintiffs are seeking in this lawsuit. None of the Plaintiff specified the types of damages they are seeking. And while some Plaintiffs listed specific amounts of medical damages they are seeking recovery for, others did not.[1] Please provide updated responses to Interrogatory 10 that provide both the types of damages and amounts Plaintiffs seek in this lawsuit.

### Interrogatory 13

This interrogatory seeks information on Plaintiffs' criminal history. While most Plaintiffs answered "None," other Plaintiffs did not provide an answer.

(i) ███████████████████████: This Plaintiff failed to provide any answer other than objections to the Interrogatory. These objections are boilerplate and have no merit. Plaintiff objects that this request is "vague, ambiguous, and overly broad." It is unclear how the Interrogatory is vague or ambiguous or how there could be any alternative interpretation to the Interrogatory as written. Further, the Plaintiff asserts that the Interrogatory is "overbroad" and "not propositional to the needs of the case," but provides no explanation for why that is so. In any event, the objection is improper. Plaintiffs' criminal history could be highly relevant for any number of reasons that are impossible to predict without knowing what that history is, but not least of which is their credibility as a witness. In contrast, there is zero burden on Plaintiffs in producing this information. Please provide a responsive answer to this interrogatory for this Plaintiff.

(ii) ███████████████████████████████████████████: For reasons that are unclear to Defendants, these four Plaintiffs provided the answer "No" when asked to state the nature of the offense and other related information, whereas most Plaintiffs indicated "None." Please clarify whether this is an indication that Plaintiffs' have no responsive information or a refusal to answer the Interrogatory.

### Interrogatory 15

This interrogatory seeks information related to the Plaintiffs' social media profiles. Both ██████████████████ and ██████████████████████ responded "No." Please clarify whether this is an indication that Plaintiffs have no responsive information or whether this is a refusal to answer the Interrogatory.

---

[1] The following Plaintiffs provided no special damages: (1) ██████████ (2) ████████████████████ (3) ████████ (4) ██████████

January 17, 2020
Page 5

### Interrogatory 17

This interrogatory asks Plaintiffs to describe their education and employment history, including the names and addresses of their schools and/or places of employment and dates of attendance and/or employment. As with Interrogatory 8, Plaintiffs simply referred Defendants to Plaintiffs' outdated and incomplete Fact Sheets. For the same reasons stated above with respect to Interrogatory 8 this response is insufficient. There could be any number of changes in Plaintiffs' education and employment history in the over-four-years since some Plaintiffs served their Fact Sheets, and Defendants are entitled to possess complete and up to date employment and education histories for each of these Plaintiffs. Accordingly, please provide complete and current responses to this interrogatory.

### Responses To Document Requests

To date, Plaintiffs have failed to produce any records in response to Defendants' document requests other, except some Plaintiffs have produced some medical and education records pursuant to CMO-4. Please produce all responsive, non-privileged documents in Plaintiffs', or their attorneys', possession, custody, or control by January 31, 2020.

Furthermore, Plaintiffs' responses to Defendants' interrogatories raise concerns that Plaintiffs have withheld responsive documents supporting their claims on the erroneous grounds that they are in their attorneys', not their own, possession. For example, Plaintiffs uniformly responded that they have no documents responsive to Request 14 (seeking all documents supporting Plaintiffs' claims that they were injured by contaminants from the La Oroya Complex) and Request 15 (seeking all photographs or videotapes depicting the lead mining or processing facility Plaintiffs' claim contributed to their injuries in this case). It surprises us that Plaintiffs have no documents responsive to these and other requests. As described above, Plaintiffs cannot refuse to produce the factual bases and evidentiary support for their claims simply because that information resides in the possession of their attorneys. Such information and documents are clearly within Plaintiffs' control and any such responsive documents must be produced. *See Hickman*, 329 U.S. at 504; *Gen. Dynamics Corp.*, 481 F.2d at 1211; *Wycoff*, 32 F.R.D. at 372.

***

As we have with many other issues in this case, I am hopeful we can work these issues out and avoid Court intervention. However, it is imperative that these deficiencies are corrected. Therefore, given Plaintiffs' pattern of non-compliance with their discovery obligations, Defendants will seek sanctions up to and including dismissal of these Plaintiffs' claims if Plaintiffs do not fully respond in a timely manner.

Please do not hesitate to contact me should you wish to discuss any of the above.

January 17, 2020
Page 6

                                              Sincerely,

                                              Geoffrey M. Drake

CC: All Counsel