## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| J.Y.C.C., et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| **v.** | **)** | No. 4:15-CV-01704-RWS |
| | ) | (CONSOLIDATED) |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION, et al., | ) | **Plaintiffs' Reply in Response to** |
| | ) | **Defendants' Response to the** |
| *Defendants.* | ) | **Affidavit of Francisco R.** |
| | **)** | **Rodriguez, Esq.** |

Plaintiffs, by and through the undersigned counsel, hereby submit this reply in response to Defendants' Response to the Affidavit of Francisco R. Rodriguez, Esq. (Dkt. No. 440) (hereinafter the "Response"), and state:

1.      At the November 13, 2020 status conference, the Parties presented argument relating to Defendants' Motion to Compel Production of Handwritten Plaintiff Profile Sheets (Dkt. Nos. 408, 409). During argument, Plaintiffs explained the process by which the information contained in the plaintiff profile sheets (hereinafter "PPS") is obtained and how the PPS are prepared, verified, and produced.

2.      Following counsel's explanation, the Court noted, and Defendants appeared to acknowledge, that Defendants' arguments in their brief and at the status conference were premised on a very different assumption regarding the PPS process:

> THE COURT: Does this change your argument that counsel represented inconsistent with your argument that they didn't just take a piece of paper from something else and staple it to these responses but that these responses were presented to the plaintiff and the plaintiff then verified them? Does that change your argument?

> MR. DRAKE: That's directed to me, I take it, Your Honor. And
> that fact could change the argument, yes. But that doesn't appear to
> be what occurred here. And I find it troubling that there's no
> evidence in the record of that.

*See* Transcript of November 13, 2020 Status Conference at 21 – 22.

3.     This Court then requested an affidavit from Plaintiffs attesting to the methodology

used:

> THE COURT: Here is what we are going to do: Plaintiffs' counsel
> is going to file an affidavit within two weeks verifying what he
> said here today, and then I will give you a chance to respond to
> that two weeks after that as to whether or not you believe that
> changes what happened or not.
>
> But what he said happened is different from what the premise is of
> your argument.

*See* Transcript of November 13, 2020 Status Conference at 22.

4.     Pursuant to this Court's Order, Plaintiffs verified the PPS methodology in the

Affidavit of Francisco R. Rodriguez, Esq. (Dkt. No. 434) (hereinafter "Rodriguez Affidavit").

5.     Defendants' Response is a 16-page memorandum which, while addressing the

Rodriguez Affidavit in part, improperly re-argues the merits of their Motion to Compel and goes

well beyond what this Court had ordered at the November 13 status conference. Relying on a

faulty premise predicated on a misguided and unsupported analysis, Defendants present three

exhibits attached to Defendants' Response, amounting to over ***one thousand pages*** of PPS,

arguing that the exhibits "belie[] the statements in Mr. Rodriguez's affidavit that it was

plaintiffs' counsel's practice to review any information counsel added to the PPS with plaintiffs

or their guardians and then obtain a new signature page." In effect, brazenly questioning

Rodriguez's veracity.

2

6.      Plaintiffs respond not to re-argue the merits of Defendants' Motion, which have been fully briefed and argued, but to clarify for the Court that Defendants' attack on the veracity of the Rodriguez Affidavit is ill conceived. Specifically, that Defendants' argument is predicated upon self-serving and inaccurate assumptions drawn from the PPS it includes as exhibits.

7.      In fact, Defendants' voluminous exhibits are entirely consistent with the methodology articulated in the Rodriguez Affidavit.

8.      Defendants' Response relies on the fact that they have "uncovered nearly 50 examples" of Plaintiffs' counsel attaching an original signature page from a handwritten PPS to a typewritten PPS. This is not a significant discovery. This is exactly the procedure which Plaintiffs detailed in the Rodriguez Affidavit. Each and every PPS produced by Plaintiffs followed this methodology. *See* Rodriguez Affidavit at ⁋ 12 ("The **Typed PPSs** are then produced to Defendants **along with a copy of the signature page signed by Plaintiffs' Guardians**") (emphasis added).

9.      That the signature pages are handwritten does not "belie" the methodology described in the Rodriguez Affidavit: every typed PPS is produced along with a handwritten signature page demonstrating that Plaintiffs' parents or guardians have verified the information they provided to counsel.

10.      Defendants ignore the Rodriguez Affidavit to which they were asked to respond and fashion an argument that these handwritten signature pages necessarily reflect inconsistencies with the Affidavit. They do not. As detailed in the Affidavit, if at any point Plaintiffs' counsel added information to the typed PPS which had not been part of the signed and handwritten PPS, **Plaintiffs' parents and guardians were asked to review the new**

3

**information and sign a new signature page before the typed PPS was produced to Defendants**. *See* Rodriguez Affidavit at ¶¶ 13 – 15. The fact that a handwritten signature page was attached to a PPS does not necessarily lead to the conclusion promoted by Defendants, that the content of the typed PPS must not have been reviewed and approved by the signatory of the handwritten signature page.

11.     Defendants' apparent misunderstanding of the Rodriguez Affidavit and the PPS process is also evident in its suggestion that the Rodriguez Affidavit is somehow inconsistent with counsel's representations at the Status Conference hearing. This is simply incorrect.

12.     At the hearing counsel explained:

> MR. RODRIGUEZ: We changed the methodology at that point in time and we were -- we then obtained handwritten responses, information from the client, typed them up in Spanish and in English. And here is the key, Judge. Here is the key: The clients in this case -- could be parents or guardians -- reviewed the final profile and verified and signed it before they were produced.

*See* Transcript of November 13, 2020 Status Conference at 17. Again, that a handwritten signature page is attached to the type-written PPS is not inconsistent with the procedure described. The handwritten signature pages are demonstrative only of the fact that Plaintiffs' parents or guardians reviewed and verified the information that was provided to counsel before counsel produced a typed PPS with that information to Defendant.

13.     The Response also attempts to impose an additional burden on the Rodriguez Affidavit which Plaintiffs do not believe was contemplated by the Court in its request. Defendants contend that the Rodriguez Affidavit fails because it does not provide an evidentiary basis to support Plaintiffs' arguments against the Motion. Plaintiffs were not asked by this Court to re-argue against Defendants' Motion, however, Plaintiffs were asked to verify the statements

made to the Court regarding the methodology that was used to obtain and produce PPS. That is precisely what Plaintiffs provide in the Rodriguez Affidavit.

14.     Defendants also argue that text included on the signature page demonstrates Plaintiffs understood the profile sheets would be shared with Defendants when they were completed. Once again, Defendants misconstrue the language in the PPS.

15.     The PPS signature page contains the following language: "I understand that the information I have provided in this Personal Profile Sheet will be used in relation with the lawsuit that has been filed on behalf of (name of plaintiff) in Saint Louis, Missouri, United States of America. I declare under penalty of perjury under the Laws of the United States of America that the foregoing information is true and correct to the best of my knowledge and belief."

16.     Because of the large number of Plaintiffs involved in this litigation and the remote and impoverished nature of the La Oroya region where they live, Plaintiffs' counsel rarely has the opportunity to speak directly to Plaintiffs' parents and guardians. Therefore, counsel includes this language in the PPS in order to communicate the importance of the information provided and make sure that anyone signing the profile understands that the information needs to be accurate because it will be relied upon by their counsel to prosecute their claims.

17.     Nowhere does the signature page state that the PPS itself will be provided to Defendants, nor does the signature page evidence that Plaintiffs have abandoned their expectation of confidentiality. Instead, the signature pages state only what counsel have attested to in the Rodriguez Affidavit, that the **information** provided in the PPS is used in relation to the litigation. In fact, the information contained the PPS is used by Plaintiffs' counsel not only to prepare a final PPS which is typed and produced to Defendants (*See* Rodriguez Affidavit at ¶¶ 8-

9), the information is also used by counsel to categorize clients based on their medical symptoms or places of birth and residence, it is used to confirm contact information and familial ties, as well as to confirm school attendance and medical histories.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order denying Defendants' motion to compel, and for such other and further relief the Court deems just and proper.

Dated: December 16, 2020

Respectfully submitted,

**NAPOLI SHKOLNIK PLLC**

By:  /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
Paul J. Napoli, #251314NY
360 Lexington Avenue, Eleventh Floor
New York, NY, 10017
(212) 397-1000
hunter@napolilaw.com
pnapoli@napolilaw.com

**GORI, JULIAN & ASSOC., P.C.**

By:   /s/ D. Todd Matthews
D. Todd Matthews, MO Bar 52502
156 N. Main St.
Edwardsville, IL 62025
(618) 659-9833
todd@gorilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By:  /s/ Frank R. Rodriguez
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Attorneys for Plaintiffs*

6