**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| J.Y.C.C., *et al.*, | ) | |
| | ) | Case No. 4:15-CV-01704-RWS |
| Plaintiffs, | ) | (CONSOLIDATED) |
| | ) | |
| vs. | ) | |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**RENEWED MOTION TO SHOW CAUSE AND REQUEST FOR SANCTIONS**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ...................................................................................................4

        A.      THE COURT'S ORDERS REQUIRING PLAINTIFFS TO PRODUCE
                PROFILE SHEETS.....................................................................................4

        B.      DEFENDANTS' EFFORTS TO MEET AND CONFER WITH
                PLAINTIFFS' COUNSEL...........................................................................7

III.    ARGUMENT AND CITATION OF AUTHORITIES.........................................8

        A.      PLAINTIFFS' REPEATED FAILURES TO PRODUCE PROFILE
                SHEETS WARRANTS DISMISSAL WITH PREJUDICE....................8

        B.      THE COVID-19 PANDEMIC DOES NOT EXCUSE PLAINTIFFS'
                PRODUCTION FAILURES........................................................................12

        C.      PLAINTIFFS AND THEIR COUNSEL SHOULD BE SANCTIONED
                FOR THEIR REPEATED PRODUCTION FAILURES.......................14

IV.     CONCLUSION....................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.O.A., et al. v. The Doe Run Resources Corp., et al.*,
  4:11-cv-00044-CDP, Doc. 837 (E.D. Mo. Mar. 12, 2018) ......................................................14

*Arnold v. ADT Sec. Servs., Inc.*,
  627 F.3d 716 (8th Cir. 2010) ...........................................................................................8, 9

*In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*,
  687 F. App'x 210 (3d Cir. 2017) ...........................................................................................9

*Avila v. Willits Envtl. Remediation Trust*,
  633 F.3d 828 (9th Cir. 2011) ..............................................................................................10

*Denton v. Mr. Swiss of Missouri, Inc.*,
  564 F.2d 236 (8th Cir. 1977) ..............................................................................................12

*Figueroa Ruiz v. Alegria*,
  896 F.2d 645 (1st Cir. 1990) ...............................................................................................10

*Ford v. Saint-Gobain Performance Plastics Corp.*,
  No. 119CV0249LEKDJS, 2020 WL 837984 (N.D.N.Y. Feb. 20, 2020) .........................10, 11

*In re Fosamax Prods. Liab. Litig.*,
  No. 1:09-cv-06381-JFK, 2010 WL 2465497 (S.D.N.Y. June 15, 2010) ............................9, 11

*In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*,
  496 F.3d 863 (8th Cir. 2007) ......................................................................................9, 11, 12

*Marquinez v. Dole Food Co., Inc.*,
  No. CV 12-695-RGA, 2020 WL 5587363 (D. Del. Sept. 18, 2020) ...............................13, 14

*In re Prempro Prod. Liab. Litig.*,
  423 F. App'x 659 (8th Cir. 2011) .....................................................................................9, 11

*Schoffstall v. Henderson*,
  223 F.3d 818 (8th Cir. 2000) ..............................................................................................14

*In re Stryker Lfit V40 Femoral Head Prod. Liab. Litig.*,
  No. 1:17-MD-2768-IT, 2020 WL 4455172 (D. Mass. Aug. 3, 2020) .......................................9

*Taylor v. Null*,
  No. 4:13-CV-1065-CEJ, 2016 WL 4191769 (E.D. Mo. Aug. 9, 2016)....................................9

**Other Authorities**

FED. R. CIV. P. 16(f) ................................................................................................1, 3, 8

FED. R. CIV. P. 37(b) ...........................................................................................13, 14, 15

FED. R. CIV. P. 41 ..............................................................................................1, 3, 8, 9

Pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) and this Court's January 19, 2021 Order [Doc. 463], Defendants,[1] by and through undersigned counsel, file this Memorandum in Support of their Renewed Motion to Show Cause as to why the 97 Plaintiffs in Trial Groups A–K who failed to produce Plaintiff Profile Sheets by the Court's March 1, 2021 deadline should not be dismissed with prejudice, and corresponding request for monetary sanctions in the amount of Defendants' fees and costs associated with pursuing this relief, respectfully showing the Court as follows:

## I.      INTRODUCTION

Consolidated before the Court are nearly 2,200 individual lawsuits filed by Peruvian residents alleging personal injuries from Doe Run Peru's operation of the La Oroya Metallurgical Complex from October 1997 through December 2009.  In administering these consolidated cases, the Court has long required each Plaintiff to produce a Profile Sheet containing the most basic information about their claims.  (*See, e.g.*, Feb. 24, 2016 Case Management Order [Doc. 45] ("IT IS HEREBY ORDERED that Plaintiffs shall each complete a Plaintiff Profile Sheet and produce them to Defendants").)  Each Plaintiff is required in these Profile Sheets to disclose biographical, medical, educational, employment, damages, and other information regarding his or her claims. As the Court and the parties have long recognized, the production of complete and accurate Profile Sheets is essential for Defendants to obtain critical discovery on each Plaintiff's claims for purposes of identifying Plaintiffs to include in the Initial Discovery Cohort, evaluating the merits of each Plaintiff's claims, and assessing which Plaintiffs actually intend to pursue their claims since filing them.

---

[1] The Renco Group, Inc., D.R. Acquisition Corp., Ira L. Rennert, The Doe Run Resources Corporation, Renco Holdings, Inc., Theodore P. Fox, III, Marvin K. Kaiser, Jeffrey L. Zelms, and Jerry Pyatt.

To facilitate Plaintiffs' counsel's production of this critical information, the Court ultimately divided Plaintiffs into multiple "Trial Groups," ordering Plaintiffs in each Trial Group to produce Profile Sheets by a prescribed deadline.  (*See, e.g.*, Case Management Order No. 8 [Doc. 426] at 1.)  The Court also expressly — and repeatedly — stated that any Plaintiff's failure to produce a Profile Sheet **by the deadline** would authorize Defendants to file a motion to show cause why such Plaintiff's claims should not be dismissed with prejudice.  (*Id.*)

The Court most recently extended the deadline for Plaintiffs in Trial Groups A–K to produce Profile Sheets to March 1, 2021 but cautioned that "we're on a short leash for plaintiffs' counsel." [Doc. 463 at 1; 1/19/21 Hrg. Trans. at 13].  The Court advised Plaintiffs' counsel that while it understood the problems confronted with obtaining these Profile Sheets, "at some point . . . it has to be defined and finished."  (1/19/21 Hrg Trans. at 13.)

Yet, by the March 1, 2021 deadline, 152 Plaintiffs in Trial Groups A–K had still not produced a single Profile Sheet, despite having **over five years since filing their lawsuits** to make such a production.  (*See* Declaration of Geoffrey M. Drake ("Drake Decl.") ¶ 7, Ex. C); 12/17/20 Hrg. Trans. at 19.)  Of these 152 Plaintiffs, Plaintiffs' counsel have since agreed to dismiss with prejudice the 55 Plaintiffs who no longer wish to proceed with their lawsuits.[2]  Plaintiffs' counsel, however, refuse to dismiss the remaining 97 Plaintiffs who as of March 1, 2021 had not submitted Profile Sheets, of which:

- **65 Plaintiffs still have yet to produce a Profile Sheet to date** (over two months after the deadline), and Plaintiffs' counsel have provided no information whatsoever on when a Profile Sheet will be produced for these Plaintiffs, if ever; and

_____

[2] As of the date of this filing, Plaintiffs have dismissed 54 of these Plaintiffs.

- 32 Plaintiffs belatedly produced Profile Sheets nearly two months after the operative deadline without seeking any relief of that deadline or leave to make a tardy production.

Back in November 2020, Defendants first moved to require what at the time was 214 Plaintiffs in Trial Groups A–I who had not produced Profile Sheets to show cause as to why their claims should not be dismissed with prejudice.  [Doc. 423.]  Although this Court denied that motion without prejudice, it cautioned Plaintiffs' counsel that "there is a point at which, if we can't get it done, we can't get it done, and we need to move on."  (12/17/20 Hrg. Trans. at 6.)  That time has now come.

In light of these Plaintiffs' continued failures to comply with the Court's Orders despite multiple opportunities to do so, the prejudice to Defendants arising from these Plaintiffs' repeated failures to produce Profile Sheets to substantiate their claims, and the Court's repeated admonitions to Plaintiffs' counsel that these production failures would lead to dismissal, Defendants file this Renewed Motion for an order requiring the 97 Plaintiffs identified in Exhibit C to show cause as to why the Court should not dismiss their claims, with prejudice, in accordance with Federal Rules of Civil Procedure 16(f) and 41(b).[3]  In addition, Defendants seek an order sanctioning Plaintiffs and their counsel in the amount of Defendants' fees and costs associated with the need to constantly hound Plaintiffs' counsel for this basic information, including pursuing this and the prior motion to show cause.

---

[3] As discussed above, these 97 Plaintiffs represent: (1) 65 Plaintiffs who still date have not produced a Profile Sheet; and (2) those 32 Plaintiffs who have produced Profile Sheets in recent weeks but did so after the March 1, 2021 deadline.

## II.   <u>BACKGROUND</u>

### A.   THE COURT'S ORDERS REQUIRING PLAINTIFFS TO PRODUCE PROFILE SHEETS

This Court first ordered each Plaintiff in these consolidated cases to produce Profile Sheets over five years ago in March 2016.  [Doc. 45.]  The Court originally ordered each Plaintiff to produce Profile Sheets by July 15, 2016, [Doc. 56], but later granted an extension of time to December 2016.  [Docs. 81, 82.]  For each new lawsuit added to this docket, the Plaintiff was required to produce a Profile Sheet within 45 days.  [Doc. 88.]

Plaintiffs' counsel, however, repeatedly over the ensuing five years requested extensions of the deadlines to produce Profile Sheets:

- In February 2017, Plaintiffs' counsel sought and were granted leave to extend the time to produce Profile Sheets to April 2017.  [Docs. 101, 102.]

- In April 2017, Plaintiffs' counsel asked for and were granted an additional 45 days to produce Profile Sheets.  [Docs. 126, 128.]

- In May 2017, Plaintiffs' counsel again requested and received an extension to July 2017.  [Docs. 147, 150.]

- In July 2017, Plaintiffs' counsel obtained a 60-day extension to September 2017.  [Docs. 172, 173.]

- In September 2017, Plaintiffs' counsel were granted an extension to October 2017.  [Docs. 186, 187.]

- In November 2017, Plaintiffs' counsel were granted an extension to December 2017.  [Doc. 228, Doc. 232.]

- In December 2017, Plaintiffs' counsel were granted an extension to January 2018.  [Doc. 235, 236.]

- In January 2018, Plaintiffs' counsel were granted an extension to March 2018. [Doc. 246, 249.]

- In March 2018, Plaintiffs' counsel were granted an extension to May 2018.  [Doc. 251, 252.]

Plaintiffs were thereafter grouped into Trial Groups, and in July 2019, the Court ordered Plaintiffs in Trial Groups G–K to produce Profile Sheets between September 30, 2019 and May 31, 2020.[4] [Doc. 347.]  In October 2019, that period was extended to between November 30, 2019 and May 31, 2020.  [Doc. 363.]

By January 2020, however, several Plaintiffs in Trial Groups A–K still had not produced a single Profile Sheet.  Accordingly, in a Joint Proposed Case Management Order, Defendants noted that they were willing to agree to extend these Plaintiffs' deadline for producing Profile Sheets, but that if a Plaintiff could not produce this basic and essential information by the deadline, the Court should dismiss that Plaintiff's claims with prejudice.  [Doc. 371 at 1–2.]  The Court thereafter entered a Case Management Order that required ***all*** Plaintiffs in Trial Groups A–H to produce Profile Sheets by February 28, 2020, and for Plaintiffs in Trial Group I to do so by March 16, 2020.  [Doc. 374.]  The Court further provided that if these Plaintiffs did not produce Profile Sheets by these deadlines, Defendants were authorized to file a Motion to Show Cause why those Plaintiffs' claims should not be dismissed with prejudice.  [Doc. 374 at 2.]

All Plaintiffs in Trial Groups A–I did not produce their Profile Sheets by these February and March 2020 deadlines.  Therefore, on March 30, 2020, the Court again extended the production deadline, this time to April 24, 2020 for Trial Groups A–H and May 29, 2020 for Trial

---

[4] This Case Management Order did not include any new deadline for Plaintiffs in Trial Groups A-F to produce Profile Sheets.

Group I.  [Doc. 385 at 1–2.]  The Court also again provided that failure to meet these deadlines would authorize Defendants to seek dismissal.

A host of Plaintiffs in Trial Groups A–I again failed to produce a single Profile Sheet by the Court's extended deadlines.  Accordingly, on June 23, 2020, the Court again extended the production deadline to July 31, 2020 for Trial Groups A–H and August 28, 2020 for Trial Group I.  The Court again noted that a failure to meet these deadlines would authorize Defendants to seek that Plaintiff's dismissal.  [Doc. 396 at 1–2.]  In November 2020, the Court entered Case Management Order No. 8—jointly proposed by the parties—which set a deadline for production for Profile Sheets for Group J for November 30, 2020 and for Group K by December 31, 2020. [Doc. 426 at 1.]  As in the prior three case management orders, Case Management Order No. 8 specifically authorized Defendants to move to show why the cases should not be dismissed if the Profile Sheets were not produced by the deadline.  [*Id*. at 1-2.]

Accordingly, in November 2020, Defendants moved the Court for an order to show cause as to why those Plaintiffs in Trial Groups A-I who failed to produce Profile Sheets should not be dismissed with prejudice.  [Doc. 423.]  On December 17, 2020, the Court denied Defendants' Motion *without prejudice* and ordered Plaintiffs to produce any outstanding Profile Sheets in Trial Groups A-J by February 15, 2021, and by March 1, 2021 for Group K.  [Doc. 456 at 1.].  At the January 19, 2021 status conference, the Court extended all Profile Sheet deadlines to March 1, 2021.  [Doc. 463 at 1.]  ***In sum, over the course of these cases, these Plaintiffs have collectively been afforded over 1400 additional days to produce these Profile Sheets.  The Plaintiffs that are the subject of this motion, however, still did not fully comply.***  Moreover, no Plaintiff has either requested or obtained an extension beyond the most recent March 1, 2021 deadline to make the required productions.

**B.**     **DEFENDANTS' EFFORTS TO MEET AND CONFER WITH PLAINTIFFS' COUNSEL**

Between January 1, 2021 and February 28, 2021, Plaintiffs' counsel produced *no* additional Profile Sheets, despite representations to the Court that they "hope[d] to be able to substantially complete the production as scheduled [on March 1, 2021]." (2/17/21 Hrg. Trans. at 15.)   On their respective deadline of March 1, 2021, Plaintiffs' counsel produced a mere 15 Profile Sheets.   In an effort to identify those clearly still outstanding, on March 8, 2021, Defendants requested that Plaintiffs' counsel provide a list of the Plaintiffs in Trial Groups A-K still missing Profile Sheets, but ***received no response whatsoever***.  (Drake Decl. ¶ 3, Ex. A.)  Since Plaintiffs' counsel was uncooperative, in an effort to better understand the deficiencies, Defendants compiled their own list, which reflected that over 150 Profile Sheets remained outstanding.  (Drake Decl. ¶ 4, Ex. B.) On March 17, 2021, Defendants notified Plaintiffs' counsel of these missing Profile Sheets and provided their work product for ease of reference.  (*Id.*)

On April 19, 2021, Plaintiffs' counsel provided their own list, which indicated those Plaintiffs' Profile Sheets that were "produced" (42), "pending" (57), or would not be produced because the given Plaintiff "failed to cooperate" in the process (55).  (Drake Decl. ¶ 5.)  That same day, in a conferral call, Plaintiffs' counsel clarified that the 42 "produced" Profile Sheets actually represented the number of Profile Sheets Plaintiffs' counsel believed were either produced *or* were soon to be produced.  (Drake Decl. ¶ 5.)  Plaintiffs' counsel further explained that the 57 Plaintiffs whose Profile Sheets were identified as "pending" still had not supplied one, but provided no further information on when, if ever, the productions could be expected or what the cause of the delay was.

While Plaintiffs' counsel later produced 32 additional Profile Sheets (all but two of which had been prematurely coded by Plaintiffs as "produced" the week before), they did so on April 28,

2021—nearly two months after the Court's imposed deadline.  ***Most significantly, as of the date of this filing, Plaintiffs' counsel still has not produced Profile Sheets for 65 Plaintiffs.***  And while Plaintiffs' counsel agreed to dismiss the 55 Plaintiffs who no longer wish to proceed, they have refused to dismiss these 65 Plaintiffs without Profile Sheets, as well as those 32 Plaintiffs for whom Profile Sheets were produced, but after the March 1, 2021 deadline (97 total).  Exhibit C, previously provided to Plaintiffs in similar form, identifies these 97 Plaintiffs at issue and groups them by their respective production status.  (Drake Decl. ¶ 7; Ex. C.)

Therefore, having exhausted their conferral obligations in an attempt to resolve this issue without Court intervention, Defendants now seek the "appropriate remedy" of requiring these 97 Plaintiffs to individually show cause as to why they should not be dismissed with prejudice for their failure to comply with the Court's directives.  (4/20/21 Hrg Trans. at 18.)  Indeed, as this Court recently explained, at some point each Plaintiff must be considered *individually*, as these cases involve "certain individuals, not just an aggregate group."  (*Id.*)  In other words, "each [Plaintiff] get[s] their opportunity to make their choices and participate [or not] as they elect." (*Id.*)

## III.   ARGUMENT AND CITATION OF AUTHORITIES

## A.   PLAINTIFFS' REPEATED FAILURES TO PRODUCE PROFILE SHEETS WARRANTS DISMISSAL WITH PREJUDICE.

Federal Rule of Civil Procedure 41(b) authorizes this Court to dismiss with prejudice a cause of action "for failure of a plaintiff to prosecute or comply with these rules or any court order."  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010).  In addition, Federal Rule 16(f) authorizes this Court to dismiss a plaintiff's cause of action for failure to comply with the Court's scheduling order.  Significantly, a showing of bad faith is ***not*** required for dismissal under either Rule 16(f) or 41(b).  Rather, willful disobedience or a pattern of intentional delay is

sufficient to warrant dismissal.  *Id.*; *see also Taylor v. Null*, No. 4:13-CV-1065-CEJ, 2016 WL 4191769, at *2 (E.D. Mo. Aug. 9, 2016).

Numerous courts, including within the Eighth Circuit, have held that a plaintiff's failure to produce a profile sheet timely warrants dismissal.  *See, e.g.*, *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (holding district court did not abuse its discretion in refusing to reconsider its dismissal of the plaintiffs' claims for failing to provide a current email address, a completed fact sheet, or a signed medical disclosure form by the required deadline); *In re Fosamax Prods. Liab. Litig.*, No. 1:09-cv-06381-JFK, 2010 WL 2465497, at *1–2 (S.D.N.Y. June 15, 2010) (dismissing with prejudice a plaintiff's case for failing to submit a profile form where plaintiff ignored a deficiency letter from the defendant urging her to comply and the case management order authorized the defendants to seek dismissal for failure to provide a profile sheet within a cure period); *In re Stryker Lfit V40 Femoral Head Prod. Liab. Litig.*, No. 1:17-MD-2768-IT, 2020 WL 4455172, at *5 (D. Mass. Aug. 3, 2020) (dismissing even those Plaintiffs who may have had meritorious claims for failure to timely produce fact sheets in violation of CMO and authorizing additional monetary sanctions for fees caused by these discovery failures).

Further, courts have found dismissal for failure to produce documents such as Profile Sheets is particularly appropriate where, as here, a plaintiff has specifically and repeatedly been warned that a failure to comply with the court's order to produce could result in dismissal.  *See, e.g.*, *In re Prempro Prod. Liab. Litig.*, 423 F. App'x 659, 660 (8th Cir. 2011) (affirming dismissal of a plaintiff pursuant to Rule 41(b) for failing to produce an updated medical authorization form following two court orders warning that a failure to do so could result in dismissal for failure to prosecute); *Arnold*, 627 F.3d at 722 (affirming dismissal of claims when the plaintiffs had been

warned of the possibility of dismissal for failing to complete interrogatory responses and document productions and had failed to comply with an order to attend status conferences); *see also In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 687 F. App'x 210, 212 (3d Cir. 2017) (affirming order dismissing a complaint with prejudice for failing to comply with pretrial discovery order that provided if plaintiffs did not provide an expert report the defendant could send a deficiency notice and then seek dismissal); *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 832 (9th Cir. 2011) (affirming dismissal of more than 300 plaintiffs for failing to comply with order to produce plaintiff questionnaire after court extended deadline several times and plaintiffs were warned that the court would dismiss any party who failed to file by the extended deadlines); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 648–49 (1st Cir. 1990) (affirming dismissal with prejudice following a court order containing an explicit warning that noncompliance would result in dismissal, noting the plaintiffs' inaction exhibited a "lack of interest in vindicating whatever rights they might have had" (quotation omitted)).

For instance, in a recent decision involving the Napoli Schkolnik firm that represents Plaintiffs here, the U.S. District Court for the Northern District of New York found that, under similar circumstances, the plaintiffs were required to show cause as to why their claims should not be dismissed for failure to produce fact sheets akin to the Profile Sheets here by the court-proscribed deadlines. *See Ford v. Saint-Gobain Performance Plastics Corp.*, No. 119CV0249LEKDJS, 2020 WL 837984, at *3 (N.D.N.Y. Feb. 20, 2020). There, the court looked to five factors to determine whether dismissal was warranted:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.*  The court found for the defendants, noting the defendants' repeated — but unsuccessful — attempts to confer with plaintiffs' counsel regarding the missing fact sheets in the three months between the deadline to produce and the filing of the defendants' motion to show cause.  *Id.*

The same result is appropriate here.  In light of this Court's repeated admonitions that a failure to produce Profile Sheets could warrant dismissal, each Plaintiff's failure here to produce a Profile Sheet by the applicable deadlines—***deadlines that have been extended on no less than 17 occasions over five years***—can only be described as willful and evidence of a pattern of delay. This Court's Case Management Orders have been clear about each Plaintiff's obligation to produce Profile Sheets ***and*** the consequences for failing to do so.  Significantly, Plaintiffs' counsel did not affirmatively seek additional time for the at-issue Plaintiffs to comply with the Court's most recent deadline of March 1, 2021.  At bottom, Plaintiffs have had ***years*** to comply with this Court's orders.  And courts around the country, including within the Eighth Circuit, have dismissed claims after plaintiffs received far fewer chances for compliance than afforded the Plaintiffs here.  *See In re Prempro Prod. Liab. Litig.*, 423 F. App'x at 660 (affirming dismissal of claims based on a failure to produce a medical authorization following two court orders to produce it); *In re Guidant Corp.*, 496 F.3d at 866 (affirming dismissal of claims following three opportunities for compliance and a six-month delay in producing a fact sheet); *In re Fosamax Prod. Liab. Litig.*, No. 1:09-CV-06381-JFK, 2010 WL 2465497, at *2 (holding failure to produce profile sheet for six months was sufficient to warrant dismissal).

Moreover, the prejudice to Defendants here is substantial.  Defendants must investigate and defend claims asserted by more than 2,000 individual Plaintiffs each alleging their own unique and separate injuries and damages following alleged individualized exposure to contaminants.  *See In re Guidant Corp.*, 496 F.3d at 867 (holding the danger of prejudice was substantial "[g]iven the

time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs").  Each Plaintiff's production of Profile Sheets is essential to this process, and Plaintiffs' counsel's failures hamper significantly Defendants' efforts.  Each Plaintiff's failure to submit a single Profile Sheet—particularly when those failures occur repeatedly over five years—also demonstrates at this point that the Plaintiff is not interested in pursuing his or her claims (or that Plaintiffs' counsel cannot even locate him or her).  It is highly prejudicial to Defendants at this point for such Plaintiffs to remain part of this case as part of Plaintiffs' counsel's purported "inventory" of cases.  And, because the specific prejudice to the Defendants is an inability to identify Plaintiffs' specific claims to develop their defense, no sanction short of dismissal would remedy the prejudice to the Defendants.  *See Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 240 (8th Cir. 1977) (holding that the district court did not abuse its discretion when it dismissed appellants' complaints as a result of noncompliance and failure to adequately answer interrogatories relating to "paramount issues of injury and damages").

Furthermore, as the Eighth Circuit has noted, not only do failures to comply with court orders prejudice defendants, such delays impact other plaintiffs "by unfairly diverting the time and attention of the court away from their timely claims."  *In re Guidant Corp.*, 496 F.3d at 867.  The time has come for these 97 Plaintiffs' claims to be dismissed with prejudice.

## B.     THE COVID-19 PANDEMIC DOES NOT EXCUSE PLAINTIFFS' PRODUCTION FAILURES.

Plaintiffs will surely assert that challenges presented by the ongoing COVID-19 pandemic, as well as the fact that these Plaintiffs live in Peru, excuse their failure to satisfy the Court's deadlines, as they have on several occasions previously.  As an initial matter, Plaintiffs' counsel chose to sign up these Peruvian Plaintiffs as clients and further chose to file their lawsuits in the United States, rather than in Peru, against the named Defendants, rather than the Peruvian entity

that owned and operated the metallurgical complex.  Thus, any hardships associated with the fact that these Plaintiffs do not live in the United States is of no moment.  Moreover, Plaintiffs' failure to serve Profile Sheets ***long*** predates the pandemic's onset.  But separately, there is no record evidence that the pandemic is actually the source of Plaintiffs' repeated failures to produce Profile Sheets.  Each at-issue Plaintiff has failed to make any showing whatsoever that the pandemic has impacted his or her ability to comply with this Court's orders.  In addition, recognizing that there may be challenges in Peru for notarizing Profile Sheets, Defendants have been quite accommodating to Plaintiffs with respect to the deadlines to produce notarizations to accompany the Profile Sheets.  (*See* Case Management Order No. 7 at 2 [Doc. 396] (providing Plaintiffs an additional four weeks to serve notarized copies of previously produced unnotarized profile sheets); *see also* Case Management Order No. 8 at 1 [Doc. 426] (same).)

In fact, at least one court recently dismissed claims brought by a mass-tort plaintiff who resides in South America for failing to produce interrogatory verifications following a court order to do so, finding the COVID-19 pandemic was not an excuse for failure to comply.  In *Marquinez v. Dole Food Co., Inc*., No. CV 12-695-RGA, 2020 WL 5587363, at *2 (D. Del. Sept. 18, 2020), plaintiffs allege that the defendants exposed them to a toxic pesticide while they were working on banana plantations in Ecuador.  One plaintiff failed to serve a verification to interrogatory responses following an extension of time in which to do so.  In September 2020, the court dismissed the plaintiff's claims pursuant to its authority under Federal Rule of Civil Procedure 37(b)(2), concluding that it appeared that the plaintiff was "no longer interested in participating in the discovery that is necessary to adjudicate his claims" and that the failure impeded the defendant's ability to meaningfully prepare for the plaintiff's deposition or investigate the claims against defendants.  *Id.* at *2.  The court recognized that the COVID-19 pandemic created

difficulties in communicating with individuals in remote regions of Ecuador but concluded that the pandemic could not explain the plaintiff's "several months of non-responsiveness before the disruption in international travel in March 2020." *Id.* The same is true here. The at-issue Profile Sheets have long been a known requirement to Plaintiffs' counsel, they had years to comply before the pandemic's onset, and they have pointed to no specific hurdles imposed upon them in procuring the Profile Sheets for the affected plaintiffs.

## C.     PLAINTIFFS AND THEIR COUNSEL SHOULD BE SANCTIONED FOR THEIR REPEATED PRODUCTION FAILURES.

Under Rule 37(b)(2), sanctions are appropriate when parties fail to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A). Furthermore, if a party has failed to comply with such an order, the court may then "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" *Id.* at 37(b)(2)(C). Finally, the Eighth Circuit has previously held that sanctions are appropriate in instances where the moving party was "required . . . to spend its time hounding" the offending party for discovery "the court had already ordered [it] to provide." *Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000).[5]

Here, Plaintiffs' repeated and unexcused failures to produce the required Profile Sheets have been in direct contravention to this Court's Case Management Orders and have forced

---

[5] Notably, in the *Reid* case, Hon. Catherine Perry relied on this same case when granting Plaintiffs' motion for sanctions against Defendants. *See A.O.A., et al. v. The Doe Run Resources Corp., et al.*, 4:11-cv-00044-CDP, Doc. 837 at 7 (E.D. Mo. Mar. 12, 2018). Specifically, in connection with a dispute among the parties regarding the adequacy of Defendants' document production, Judge Perry determined that sanctions in the amount of Plaintiffs' fees were proper because "plaintiffs made repeated requests to defendants about these documents" and spent "many hours reviewing the documents that were produced to determine what might be missing," such that plaintiffs were required "to spend their time 'hounding' defendants for discovery instead of preparing the case." *Id.* Importantly, although Defendants advised the Court that it was likely impossible to obtain the subject documents from the third-party receiver for Doe Run Peru, sanctions were nonetheless imposed based on Defendants' "failure" to try and contact the receiver shortly after the Court's prior order compelling production, thereby "introduc[ing] an unnecessary burden to the already contentious discovery process." *Id.* at 6. While Defendants do not agree with the ultimate decision that sanctions were appropriate there, the same underlying reasoning should apply here to Plaintiffs and their counsel.

Defendants to incur significant fees and costs in connection with repeatedly "hounding" Plaintiffs' counsel for these Profile Sheets.  Even to get Plaintiffs' counsel to dismiss Plaintiffs that do not wish to participate in these cases (or even to respond to Defendants' messages regarding the same) has cost Defendants and their counsel unnecessary time and money.  Plaintiffs' counsel also have repeatedly failed to provide requested information that would be helpful to Defendants (and the Court) in determining which Plaintiffs' Profile Sheets are outstanding and for what reason.

As such, Defendants seek reasonable sanctions against Plaintiffs' counsel, pursuant to Federal Rule of Civil Procedure 37(b), to cover the associated fees and costs of continually hounding Plaintiffs' counsel for Profile Sheets that Defendants are clearly entitled to in order to understand, assess, and defend against each Plaintiff's claims.  Given Plaintiffs' perpetual failure to provide these Profile Sheets, despite being afforded more than ample opportunities to do so, additional sanctions in the form of Defendants' costs are necessary and appropriate here.

## IV.    CONCLUSION

For the reasons discuss above, Defendants request that the Court enter an order dismissing with prejudice the claims of the 97 Plaintiffs in Trial Group A–K listed on Exhibit C who have not timely produced their Profile Sheets.  At minimum, the Court should dismiss with prejudice the 65 Plaintiffs who have still failed to produce a single Profile Sheet to date.  *See* Exhibit C.

### PRE-MOTION CERTIFICATION

In accordance with Local Rule 3.04, the undersigned movant hereby certifies that Defendants exhausted their meet and confer attempts as described in the foregoing motion.

DATED: May 14, 2021

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ *Geoffrey M. Drake*
Andrew T. Bayman, #043342(GA)

Carmen R. Toledo, #714095(GA)
Geoffrey M. Drake, #229229(GA)
1180 Peachtree Street, N.E., Suite 1600
Atlanta, Georgia 30309
(404) 572-3438
abayman@kslaw.com
ctoledo@kslaw.com
gdrake@kslaw.com

Tracie J. Renfroe, #16777000 (TX)
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 751-3209
trenfroe@kslaw.com

James P. Cusick (NY Bar No. 4041653)
1185 Avenue of the Americas, 34th Floor New
York, New York 10036
(212) 556-2170
jcusick@kslaw.com

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Ira L. Rennert, The Doe Run Resources Corporation, Renco Holdings, Inc., Theodore P. Fox, III, Marvin K. Kaiser, Jeffrey L. Zelms, and Jerry Pyatt*

**LEWIS RICE LLC**

Thomas P. Berra, Jr., #43399(MO)
tberra@lewisrice.com
Michael J. Hickey, #47136(MO)
mhickey@lewisrice.com
600 Washington Ave., Suite 2500
St. Louis, MO 63102-2147
Telephone: (314) 444-7600
Facsimile:  (314) 241-6056

*Attorneys for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Albert Bruce Neil, Jeffery L. Zelms, and Theodore P. Fox, III*

**DOWD BENNETT LLP**

Edward L. Dowd, Jr.  #28785(MO)
edowd@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)

*Attorneys for Defendants The Renco Group, Inc., D.R. Acquisition Corp., Ira L. Rennert, and Doe Run Cayman Holdings, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of May, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will effect service on all counsel of record by sending a Notice of Electronic Filing.

/s/ *Geoffrey M. Drake*
Geoffrey M. Drake