UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:15 CV 1704 RWS |
| | ) |
| DOE RUN RESOURCES, CORP., et al., | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

This matter is before me on several motions filed by the parties after the last status conference in this matter. On March 28, 2022, Defendants filed a motion to modify my March 24, 2022 order granting Plaintiffs' motion for a protective order regarding Defendants' discovery requests directed at Plaintiff W.M.B.F. In their motion Defendants modified their discovery request and now seek responses to three document requests. The requests seek documents related to Defendants' assertion that some of Plaintiffs' agents have engaged in fraudulent activity in the collection of plaintiff profile sheets and plaintiff medical, education, and work documents.

Plaintiffs oppose this request because it is directed at a plaintiff who is not a member of the initial trial pool plaintiffs selected by the parties. Plaintiffs also

assert that the discovery request seeks information that is privileged and of little or no relevance to Defendants' defenses.

At the March 24, 2022 hearing I granted Plaintiffs' motion for a protective order that sought discovery from Plaintiff W.M.B.F. I stated that the way we were going to address the alleged irregularities of document collection in Peru was to explore the discovery of trial pool plaintiffs. As evidence of the alleged misconduct surfaces, we would address it. Based on that premise I granted Plaintiffs' motion for a protective order as to W.M.B.F. I have not changed my position on that ruling. As a result, I will deny Defendants' motion to modify that order.

At the March 24, 2022 hearing I also granted Plaintiffs' emergency motion for a protective order to prevent Peruvian counsel for Defendants from attending or questioning current plaintiffs in the criminal investigation that has been initiated in Peru. The investigation was initiated by Defendants' Peruvian counsel and concerns the alleged fraudulent conduct of Plaintiffs' agents in collecting plaintiff profile sheets and plaintiff medical, education, and work documents. Under Peruvian law the party that initiates a criminal complaint is able to identify witnesses to be examined by the prosecutor. The complainant has the right to guide the investigation and may ask questions of witnesses, or at a minimum,

attend witness interviews.[1]

Rule 4-4.2 of the Rules of Professional Conduct adopted by the Supreme Court of Missouri bars a lawyer from communicating about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter.  Clearly Defendants' counsel in this matter (whether here or in Peru) are bound by this Rule.  Plaintiffs assert that Defendants' counsel in Peru who initiated the criminal complaint (and who Defendants assert is not a lawyer working on this case) is seeking to circumvent Rule 4-4.2 by impermissibly questioning (or guiding the questioning) of current plaintiffs through the guise of a separate criminal proceeding.

Defendants counter that they have a right to hire counsel in Peru to start a criminal investigation into the discovery process in this case and that the investigation is a wholly separate and independent matter where plaintiffs are being questioned about possible criminal activity.  Moreover, Defendants argue, as a matter of comity, the procedures to conduct the investigation under Peruvian law should not be interfered with by this Court imposing Missouri Rules of Professional Conduct.

---

[1] Defendants respond that the complainant (their counsel in Peru) is not allowed to ask questions of witnesses "directly." This assertion implies the pregnant negative that counsel may be able to provide questions to the prosecutor and thereby ask questions indirectly.

I agree with Plaintiffs.  The criminal investigation is not aimed at a separate and independent activity like a robbery or arson.  Defendants' initiation of a criminal investigation is directed at issues that are inextricably intertwined with the discovery issues before this Court in this matter.  The information Defendants' Peruvian counsel gains from their participation in interviewing plaintiffs in this investigation (either by directly asking plaintiffs questions or by providing questions to the prosecutor and attending plaintiffs' questioning) will be provided to Defendants.  This same information could not be obtained by Defendants' counsel in this case.  As a result, I granted Plaintiffs' emergency motion for a protective order to prevent Defendants from using a criminal investigation to have their lawyers communicate with current plaintiffs about the subject of this lawsuit.  Defendants have appealed my ruling.  Defendants have moved for me to stay my order pending the appeal.  For the reasons stated above I will deny that motion.

On April 21, 2022, Defendants filed a motion asking me to enforce my order of May 23, 2017, issued at a status conference, directing Plaintiffs to produce all handwritten plaintiff profile sheets redacted as needed.  This issue has been revisited several times since that status conference five years ago.  Each time it has been revisited I declined to order the production of handwritten fact sheets.  I decline to do so again today and I will deny Defendants' motion.

Finally, on April 29, 2022, Defendants filed a motion to dismiss the claims of 256 plaintiffs who have failed to produce signed plaintiff profile sheets and the claims of 1,256 plaintiffs who have failed to produce notarized plaintiff profile sheets. Plaintiffs have filed a motion for an extension of time until June 21, 2022, to file a response to the motion. Defendants oppose Plaintiffs' the motion. In light of the significant impact Defendants' motion may have on the case I find it reasonable to grant Plaintiffs' motion for an extension of time to file a response.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to modify my order of March 24, 2022 regarding discovery from Plaintiff W.M.B.F. [616] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' motion for a stay pending appeal [627] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' motion to redact the March 24, 2022 hearing transcript [631] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants' motion to enforce compliance with my order of May 23, 2017 [634] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiffs' motion for an extension of time to file a response to Defendants' motion to dismiss [645] is **GRANTED**. Plaintiffs shall file their response no later than **June 21, 2022**. Defendants shall

5

file their reply no later than **July 8, 2022**.

                                                           _____
                                                           RODNEY W. SIPPEL
                                                           UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2022.