UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:15 CV 1704 RWS |
| | ) |
| DOE RUN RESOURCES, CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

On October 21, 2021, Defendants filed a motion and memorandum asserting fraudulent conduct by two former Plaintiff recruiters and document collectors in this case and in the companion case of <u>A.O.A., et al. v. Rennert, et al</u>, 4:11CV44 CDP.  Ten months earlier, Defendants The Doe Run Resources Corporation and The Renco Group, Inc. had already initiated a criminal proceeding in Peru to investigate the alleged fraud.  Subsequent motion practice regarding these allegations took place in this case.  During numerous hearings I stated that the allegations of fraud would initially be addressed in the ordinary course if discovery exposed specific incidences of fraudulent conduct in the 108 initial trial pool plaintiffs' cases.

Despite this ruling, on April 12, 2022, Defendants The Doe Run Resources Corporation and The Renco Group, Inc. filed an *ex parte* motion in the United

States District Court for the Southern District of Florida to take discovery of a former attorney who worked on both cases before this Court.  See In Re Matter of the *Ex Parte* Application of the Renco Group Inc. and Doe Run Resources Corporation for an Order to Take Discovery Pursuant to 29 U.S.C. § 1782, 1:22MC 2225 JAL.   As the alleged victims of fraud in Peru, Defendants provided a Peruvian prosecutor with a denuncia which, in essence, is a request for the prosecutor to look into an alleged criminal activity.  Defendants assert that they do not have any control over the criminal investigation and prosecution.  However, it is undisputed that the entity providing the denuncia can provide the prosecutor with evidence, suggest the names of people to question, suggest questions for the prosecutor to ask people, and be present when these people are interviewed. Although Defendants may not have full control over the investigation and prosecution it appears they certainly have a great deal of influence in the process if a prosecutor is willing to take on the case.  To that end, Defendants, not the Peruvian prosecutor, filed the § 1782 action in Florida federal court requesting a subpoena seeking to depose the former attorney and to obtain any and all documents regarding the recruitment of plaintiffs in the cases in this Court to be used as evidence in the criminal investigation in Peru.  The subpoena does not limit its request to only former plaintiffs of the cases in this Court.  The District Judge in

Florida granted the motion on June 8, 2022.

On April 29, 2022, Defendants The Doe Run Resources Corporation and The Renco Group, Inc. filed a malicious prosecution case in Florida state court against the same former attorney and another Florida attorney for their activities in both cases in this Court.  See Doe Run Resources Corp., et al. v. Louis Thaler, Esq., et al., No. 2022-007907 CA 15 (Fla. 11th Judicial Cir.).  Based on the scope of the subpoena obtained in the federal court action, discovery in the state court case potentially may seek information regarding the recruitment of current plaintiffs in the cases before this Court.

On July 13, 2022, Plaintiffs filed a motion for injunctive relief under the All Writs Act, 28 U.S.C. § 1651(a) seeking an order barring Defendants The Doe Run Resources Corporation and The Renco Group, Inc. from obtaining discovery in the two Florida court actions regarding the plaintiffs in this Court and concerning Plaintiffs' counsel's work product and privileged communications.  Plaintiffs assert that Defendants' Florida proceedings are circumventing my rulings regarding the fraudulent recruitment accusations raised by Defendants.

On October 28, 2022, I held a joint hearing of Plaintiffs' motion with United States District Judge Catherine D. Perry who presides over the companion case in this Court.  Plaintiffs' counsel in the companion case also attended the hearing.

Plaintiffs argued that Defendants should not be allowed to seek discovery in the Florida courts that has already been addressed in this Court.  Defendants asserted in their response brief and at oral argument of this motion that the subpoena they obtained in the federal court action and the discovery they will seek in the state court lawsuit is directed at only at plaintiffs whose claims have been dismissed from the cases in this Court.  I take Defendants' representations at their word.  Defendants admit that some of their discovery requests may initially be overbroad seeking information about the recruitment of all plaintiffs.  Defendants assert that any overbroad requests would be subject to attorney-client and work product privilege objections that may be asserted and submitted to the judges in the respective Florida cases.

Defendants have the right to attempt to assert malicious prosecution claims against former plaintiffs and have the right to seek discovery in aid of the criminal investigation underway in Peru.  However, Defendants may not ignore my rulings that limited any discovery from current plaintiffs regarding Defendants' allegations of the fraudulent recruitment of plaintiffs.  In order to provide assurance to Plaintiffs' counsel that Defendants are not seeking impermissible discovery in the Florida actions I will require Defendants to provide to Plaintiffs' counsel in this case and in the companion case of A.O.A., et al. v. Rennert, et al, 4:11CV44 CDP

with any and all subpoena and discovery requests made in the federal and state court actions in Florida. Defendants should provide copies of subpoena and discovery requests directly to Plaintiffs' counsel through their email addresses. Defendants shall not file any of this information in the cases in this Court. In addition, Defendants shall file a copy of this order in the federal and state court actions in Florida.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' motion for an Anti-Suit Injunction [671] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants shall provide to Plaintiffs' counsel in this case and in the companion case of <u>A.O.A., et al. v. Rennert, et al</u>, 4:11CV44 CDP with any and all subpoena and discovery requests made in the federal and state court actions in Florida. This information shall be provided to Plaintiffs' counsel directly through their emails and should not be docketed in the cases in this Court.

**IT IS FURTHER ORDERED that** Defendants shall file a copy of this order in the federal and state court actions in Florida.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2023.