UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 4:15 CV 1704 RWS |
| | ) |
| DOE RUN RESOURCES, CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

On October 21, 2021, Defendants filed a motion and memorandum asserting fraudulent conduct by two former Plaintiff recruiters and document collectors in this case and in the companion case of A.O.A., et al. v. Rennert, et al, 4:11CV44 CDP. Ten months earlier, Defendants The Doe Run Resources Corporation and The Renco Group, Inc. had already initiated a criminal proceeding in Peru to investigate the alleged fraud. Subsequent motion practice regarding these allegations took place in this case. During numerous hearings I stated that the allegations of fraud would initially be addressed in the ordinary course if discovery exposed specific incidences of fraudulent conduct in the 108 initial trial pool plaintiffs' cases.

Despite this ruling, on April 12, 2022, Defendants The Doe Run Resources Corporation and The Renco Group, Inc. filed an *ex parte* motion in the United

States District Court for the Southern District of Florida to take discovery of a former attorney who worked on both cases before this Court.  See In Re Matter of the *Ex Parte* Application of the Renco Group Inc. and Doe Run Resources Corporation for an Order to Take Discovery Pursuant to 29 U.S.C. § 1782, 1:22MC 2225 JAL.

On April 29, 2022, Defendants The Doe Run Resources Corporation and The Renco Group, Inc. filed a malicious prosecution case in Florida state court against the same former attorney and another Florida attorney for their activities in both cases in this Court.  See Doe Run Resources Corp., et al. v. Louis Thaler, Esq., et al., No. 2022-007907 CA 15 (Fla. 11th Judicial Cir.).

On July 13, 2022, Plaintiffs filed a motion for injunctive relief under the All Writs Act, 28 U.S.C. § 1651(a) seeking an order barring Defendants The Doe Run Resources Corporation and The Renco Group, Inc. from obtaining discovery in the two Florida court actions regarding the plaintiffs in this Court and concerning Plaintiffs' counsel's work product and privileged communications.  Plaintiffs asserted that Defendants' Florida proceedings were circumventing my rulings regarding the fraudulent recruitment accusations raised by Defendants.

On October 28, 2022, I held a joint hearing of Plaintiffs' motion with Senior United States District Judge Catherine D. Perry who presides over the companion

case in this Court. Plaintiffs' counsel in the companion case also attended the hearing.

I denied Plaintiffs' motion for an injunction. I stated that Defendants had the right to pursue their claims in the Florida cases and Defendants represented that the discovery they will seek in the state court lawsuits would be directed only at plaintiffs whose claims have been dismissed from the cases in this Court.

I anticipated that Defendants' state court actions in Florida would not be used to interfere with the proceedings in this case. I expected Defendants to abide by my numerous rulings that allegations of fraud would initially be addressed in the ordinary course if discovery in this case exposed specific incidences of fraudulent conduct in the 108 initial trial pool plaintiffs' cases.

Instead, Defendants have used the investigation in Peru as an attack in this case on Plaintiffs' litigation team in Peru. On October 6, 2022, attorney Robert Kuntz filed a motion to be admitted pro hac vice for the "limited purpose of appearing at the joint hearing" on October 28, 2022, to address issues raised by Defendants' 28 U.S.C. §1782 federal court case in Florida. Despite being admitted for that limited purpose, on July 31, 2023, Kuntz filed a sealed motion on Defendants' behalf requesting leave to file a motion for "Sanctions and Remedial Measures" aimed at terminating Plaintiffs' counsels' working relationships with

3

members of their litigation team in Peru.

Surprisingly, a footnote in a report filed in support of the motion stated that Kuntz's law firm, Rivero Mestre, did not represent Defendants in the underlying claims pending in this action. (ECF 756-3, n.1) The same footnote stated that Kuntz's law partner, Andres Rivero, was admitted pro hac vice "primarily for the purpose of submitting this report and accompanying motion."

On August 3, 2023, I struck Kuntz's motion's motion because he was filing documents outside the scope of the limited purpose for which he was granted leave to appear in this action.

On August 4, 2023, Andres Rivero filed a "notice" clarifying that his pro hac vice appearance in this case was without limitation. He represented that the footnote in the report asserting that Rivero Mestre did not represent Defendants in the underlying claims pending in this action had been removed from the report. He also asserted that Kuntz "will forthwith submit a motion for unrestricted pro hac vice admission in both matters." As of today's date Kuntz has not filed that motion.

On August 4, 2023, Rivero also refiled the same motion Kuntz had filed with the amended footnote in the report. In response, Plaintiffs filed a motion to revoke the pro hac vice admissions of Kuntz and Rivero. Plaintiffs argue that these

4

attorneys' filings are attempts to circumvent my rulings in this matter that the allegations of fraud would be handled on a case by case basis within the initial trial pool cases.

On August 25, 2023, Plaintiffs filed an opposition to Defendants' motion to file under seal their motion for sanctions and remedial measures.  Plaintiffs argue that it is inappropriate for the Rivero Mestre law firm to file documents in this case concerning information it has obtained through its participation in the Section 1782 proceeding in the federal court in Florida.

Rivero Mestre's motion for sanctions and remedial measures raise many issues through witness testimony and Plaintiffs would be entitled to test the claims in the motion through collateral discovery in Peru.  But such a collateral diversion of resources and time is precisely why I have repeatedly stated that the focus of this suit must remain on preparing the initial trial pool plaintiffs' cases for trial. Any alleged fraudulent conduct by Plaintiffs' recruiters in Peru shall be addressed in the ordinary course of discovery in the 108 initial trial pool plaintiffs' cases.[1]

As a result, I will grant in part and deny in part Defendants' motion to file

---

[1] Moreover, Defendants seek in their motion to reveal information obtained in the preliminary criminal investigation in Peru.  Article 324 of Peru's Code of Criminal Procedure provides that preliminary/preparatory criminal investigations are confidential. See CAA Sports LLC. v. Dogra, No. 4:18-CV-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018) (honoring the rules of sovereign nations is an exception to the general rule of public access) (citation omitted).  As a result, Defendants' memorandum and exhibits in support of their motion for sanctions and remedial measures shall remain under seal.

portions of their motion for sanctions and remedial measures, memorandum in support, and the attached report and exhibits under seal.  After the motion for sanctions and remedial measure is formally unsealed and filed, I will deny the motion for the reasons stated in this order.  I will deny Plaintiffs' motion to deny and revoke the pro hac vice motion of the Rivero Mestre attorneys.  I will grant Defendants' motion to file their reply brief in support of their motion for sanctions and remedial measures under seal.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to file under seal [760] is **granted in part and denied in part**.  The Clerk of Court shall unseal only Defendants' motion for Sanctions and Remedial Measures [761-1].  All other documents in ECF 761 shall remain under seal.

**IT IS FURTHER ORDERED that** Defendants' motion to file under seal their reply brief in support of their motion for sanctions and remedial measures [773] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiffs' motion to deny and revoke the pro hac vice motion of the Rivero Mestre attorneys [762] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2023.