**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

J.Y.C.C., *et al.*,                                         Case No. 4:15-CV-01704
                                                                   (CONSOLIDATED)

          Plaintiffs,

v.

THE DOE RUN RESOURCES
CORPORATION, *et al.*,

          Defendants.

_____ /

## MOTION TO UNSEAL NEXT FRIEND PETITIONS

The Renco Group, Inc. and The Doe Run Resources Corporation ("the Companies"), respectfully request the Court to unseal two Next Friend Petitions filed under seal for two former plaintiffs who reached the age of majority in 2016 and 2020 and were dismissed with prejudice in 2021 and 2023. In support the Companies state the following:

1.     Dayeli Nicole Zavala Hinostroza ("Zavala") is a former plaintiff in this case. Because she was a minor, on July 11, 2017, the Companies moved to file her Next Friend Petition under seal under the initials "DNZH" in the companion case No. 17-cv-01948-SNLJ, ECFs No 2 and 3. The Court granted the Companies' motion. *See* Paperless Order. ECF 20.

2.     Ms. Zavala reached the age of majority in 2020, and her case was dismissed with prejudice on May 11, 2021. *See* Case No. 17-cv-01948-SNLJ, ECF No. 85.

3.     No good cause now exists for her Next Friend Petition to remain under seal.

1

4.      Similarly, on November 10, 2016, the Companies filed the Next Friend Petition for former plaintiff Sharida Mishel Baldeon Lirio ("Baldeon"), then a minor, under seal, under the initials "SMBL." *See* Case No. 16-cv-01751-RWS, ECF No. 3.

5.      Ms. Baldeon reached the age of majority in 2016, and her case was dismissed with prejudice on January 23, 2023. *See* Case No. 15-CV-01704, ECF No. 719.

6.      No good cause now exists for her Next Friend Petition to remain under seal.

7.      Unsealing the Next Friends Petitions of plaintiffs who have final orders of dismissals is supported by this Court's local rules. "Not less than 30 days after a final order or other disposition has been issued in a civil action in the District Court . . ., a motion may be filed with the District Court requesting that documents previously filed under seal be unsealed and made a part of the public record." E.D. Mo. L.R. 13.05(B)(2).

8.      The Eighth Circuit recognizes that "[c]ourt proceedings are presumptively public," *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022, and there is a common law right of access to judicial records in civil proceedings, *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). This presumption applies to "judicial documents." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

9.      Even when the documents are not deemed "judicial documents" and the common law right of access presumption does not apply, Federal Rule of Civil Procedure 26(c)'s good-cause requirement does. *See* Fed. R. Civ. P. 26(c); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13-14 (1st Cir. 1986) (declining to extend the common law presumption of access to documents submitted to the court for use in deciding discovery motions but still requiring a showing of "good cause" under Rule 26(c) to deny public access to such documents); *Krueger v.*

*Ameriprise Fin., Inc.*, 2014 WL 12597948, at \*11 (D. Minn. Oct. 14, 2014) (holding that, even if disputed documents are not judicial records, the party opposing unsealing must establish good cause under Rule 26(c) to maintain confidentiality).

10.     A party seeking to avoid disclosure "must show that a restriction of the right of public access is necessitated by a compelling interest." *U.S. v. Davis*, 2011 WL 12388, at \*1 (E.D. Mo. 2011) (citing *Goff v. Grave*s, 362 F.3d 543, 550 (8th Cir. 2004)).  Further, that party must "provide the Court with some written, and very specific factual information relating to [its] alleged need for such special treatment." *Mello v. Unum Corp*, 2014 WL 360610, at \*7 (E.D. Mo. Feb. 4, 2014).

11.     In addition, in the companion case, *A.O.A., et al. v. Ira L. Rennert, et al.*, Case No. 4:11-CV- 44-CDP, the court ordered plaintiffs to "file a memorandum listing each plaintiff that has reached the age of majority" and "supplementary memoranda updating that list" in monthly basis. *See* July 29, 2023 Order, p. 2. ECF No. 22. As such, once a plaintiff reaches adulthood, her name becomes part of the public record.

12.     Because Ms. Zavala and Ms. Baldeon are now adults, the Companies seek to unseal their Next Friend Petitions as these materials no longer require sealing and should be part of the public record.

WHEREFORE, the Companies respectfully move the Court for an Order unsealing Ms. Zavala and Ms. Baldeon's Next Friend Petitions.

## CONCLUSION

For the reasons stated above, the Companies request this Court unseal Ms. Zavala and Ms. Baldeon's Next Friend Petitions.

Dated: February 13, 2024

Respectfully submitted,
By: /s/ *Andres Rivero*
ANDRES RIVERO
Florida Bar.: 613819

**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: receptionist@riveromestre.com

*Attorneys for Doe Run Resources Corp. and The Renco Group, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By:  /s/ Andres Rivero
Andres Rivero

4