**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| J.Y.C.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:15-CV-1704-RWS |
| | ) (consolidated) |
| Doe Run Resources Corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' AMENDED MOTION FOR SANCTIONS

Plaintiffs, through the undersigned counsel, in accord with this Court's Order of August 29, 2024 [ECF No. 874], hereby submit this Amended Motion for Sanctions, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Rules 13.05 and 12.02 of the Local Rules of the United States District Court for the Eastern District of Missouri, the Court's several "Sealing Orders," 28 U.S.C. § 1927, and the Court's inherent authority.

## PROCEDURAL HISTORY

This amended motion focuses, as the Court has directed, on documenting the number of minor Plaintiffs whose identities were disclosed to third parties (that is, persons other than counsel of record for Defendants in these consolidated cases) in violation of this Court's sealing order.

Plaintiffs' original Motion for Sanctions [ECF No. 834], filed April 28, 2024, focused on the disclosure by a Peruvian lawyer, representing the interests of Defendants, of the identities of certain minor Plaintiffs in a letter sent to a Peruvian prosecutor on June 3, 2023. *Id*. at 2-3. The motion argued a violation of this Court's confidentiality order entered on June 21, 2016 [ECF No. 60]. *Id*. at 2-9.

In their Response to Plaintiffs' Motion for Sanctions [ECF No. 846], filed May 28, 2024, in addition to urging this Court that there was no basis for sanctioning them for violating the confidentiality order, *id*. at 2-8, Defendants contended that their admitted disclosure in Peru of the names of nine (9) minor Plaintiffs had not violated the Court's sealing order, and that Defendants were *entirely free* to share these names "with third parties outside the litigation" because they supposedly "were, *de facto*, unsealed by the Court's order on the authorizations." (citing Order, April 8, 2022 [ECF No. 622]). *See id*. at 9. Defendants contended in part that the "unsealing" occurred when Plaintiffs complied with the Order [622] by providing authorizations to Defendants. *Id*. As a fallback, Defendants argued that even if there had been a violation of this Court's sealing order, there was no violation of the "spirit or purpose" of that order, *id*. at 10, and, further, that any need for sanctions was mitigated by the fact that supposedly the names of *only* nine (9) minor plaintiffs were involved: "No further disclosure is alleged or has occurred." *Id*. at 12.

In reply, Plaintiffs adamantly opposed Defendants' claims that despite the express terms of this Court's sealing order, Defendants somehow enjoyed *carte blanche* to disclose the names of minor Plaintiffs to third parties. Plaintiffs' Reply in Support of Motion for Sanctions [ECF No. 849], filed June 18, 2024. "Unsurprisingly, Defendants are unable to cite any authority for this novel proposition," they noted. *Id*. at 2. Plaintiffs rebutted Defendants' attempt to minimize the violation as involving "only" nine minor Plaintiffs by pointing to other disclosures by Defendant to the Peruvian disclosures, of the names of *hundreds* of additional *Collins* Plaintiffs. *Id*. at 4.

Many of these Plaintiffs whose names were disclosed, of course, were minors, in further violation of the Sealing Orders—a point Defendants failed to address in the sur-reply brief this Court permitted [ECF No. 853], which focused solely on the contention that these additional

disclosures did not violate the Court's confidentiality order. Defendants' Sur-Reply to Plaintiffs' Motion for Sanctions [ECF No. 854], filed June 25, 2024, at 2-5.

At a motion hearing held on August 27, 2024, this Court rejected Defendants' theory that there had been no violation of the Court's sealing order. It observed that the names of the minor plaintiffs were properly disclosable only to counsel of record in this litigation, so that there was a need to determine how did this information get "outside the category of folks who were entitled to this information?" Transcript [ECF No. 877] at 15:18–16:3. The Court noted that the sealing order made "no exception for prosecutors in another country," *id.* at 20:3, and that the Court has "the inherent power to protect the sanctity of the court orders." *Id.* at 21:5-9. The Court emphasized the serious nature of the violation. *See, e.g., id.* at 22:8-10 ("I'm concerned about the disclosure of the identities of the people whose identities were sealed by this Court."); *id.* at 26:22-24 ("I don't care [about] the motive. If you breach the seal of this Court, you breach the sealing order of this Court."); *id.* at 27:5-7 (noting that Peruvian prosecutors are "not in the zone of people who have permission to see this information on a sealing order by this Court.").

The only remaining question for the Court regarding sanctions lay in an assessment of the *magnitude* of the violations of the Court's sealing order, beyond the disclosure of the names of nine (9) minor plaintiffs which was conceded by Defendants. *Id.* at 18:14-20, 20:1-10. As the Court noted, "[a] motion for sanctions can only be justified with specific conduct," *id.* at 35:20-21, and the Court therefore directed Plaintiffs to supplement their filing, to clarify the extent to which the disclosures previously made by Defendants in two lists containing the names of hundreds of Plaintiffs [ECF Nos. 849-1 & 849-2] contained the names of minors. *Id.* at 37:11–38:15. The Court also indicated that this supplemental submission would focus only on the violation of the Court's

sealing order, and that the parties should further meet and confer about Plaintiffs' concern about violations of the Court's confidentiality order. *Id*. at 47:10-19.

These directives were formalized in the Order of August 29, 2024 [ECF No. 874], requiring Plaintiffs to file an amended motion specifying, as to each list of Plaintiffs disclosed by Defendants, "the number of Plaintiffs on this list who are active minor Plaintiffs, active adult Plaintiffs, and any Plaintiffs dismissed from this case," and also requiring Plaintiffs to "file a sealed exhibit with their motion listing the names of minor Plaintiffs included in the disclosure." The details requested by the Court are set out below. In addition, Plaintiffs Amended Motion discusses Defendants' violation of Rule 5.2, Fed.R.Civ.P., and Local Rule 13.05.

## ARGUMENT

## I.    DEFENDANTS HAVE COMMITED MULTIPLE VIOLATIONS OF THIS COURT'S RULES AND SEALING ORDERS

### A.  Defendants Violated Rule 5.2 and Local Rule 13.05 and the Sealing Orders

Rule 5.2 of the Federal Rules of Civil Procedure provides in relevant part:

> Rule 5.2. Privacy Protection For Filings Made with the Court
>
> (a) REDACTED FILINGS. **Unless the court orders otherwise**, in an electronic or paper **filing with the court that contains *an individual's* . . . *birth date***, the ***name of*** an individual known to be ***a minor*** . . . the filing may include only:
> (1)     . . .;
> (2)     the ***year*** of the ***individual's birth***;
> (3)     the ***minor's initials***; . . .

Rule 5.2(a), Federal Rules of Civil Procedure (emphasis added). The Court's Local Rules complement and expand upon the obligation of parties filing papers that contain this sensitive information. Specifically, Local Rule 13.05 states in relevant part:

> Local Rule 13.05 (FRCP 83) Sealing of Materials Filed in Civil and Criminal Cases.

* * * * * *

**(B)**   Civil Cases
**(1)**   The following material ***must be filed under seal***:
(a)   ***information listed in Federal Rule*** of Civil Procedure ***5.2***; Federal Rule of Criminal Procedure 49.1; and Eastern District of Missouri Local Rule 2.17(a);

* * * * * *

(2)   At conclusion of civil action. . . .   ***Materials filed under seal pursuant to Section (B)(1)*** or otherwise ordered sealed indefinitely ***will remain under seal indefinitely <u>unless otherwise ordered</u>***.

Local Rule 13.05(B) (emphasis added).

Rule 5.2(a) is clear and unambiguous. Where a person referenced in any pleading or other court filing is a minor, only the minor's initials may be included. (As the Court may recall, all Plaintiffs were minors at the time their cases were filed.) Further, where a paper refers to the date of birth of any individual (not just minors), only the year of the individual's birth may be disclosed. The mandate of Local Rule 13.05 is equally clear. First, materials containing information protected by Rule 5.2(a), must be filed under seal. Local Rule 13.05(B)(1)(a). Moreover, "Materials filed under seal pursuant to Section (B)(1) . . . ***will remain under seal indefinitely*** unless otherwise ordered." Local Rule 13.05(B)(2) (emphasis added).

Separately, although not necessary in light of Rule 5.2(a) and Local Rule 13.05, each time Defendants removed a new set of Plaintiffs' cases to this court, Defendants filed a motion to have papers containing sensitive information filed under seal[1] or alternatively seeking permission to use

---

[1] *See, e.g.*, [ECF No. 41], Order Granting [ECF No. 2], Defendants' Motion to file Plaintiffs' Petitions for Appointment of Next Friend under seal. (Referred to by the parties as "Sealing Orders.")

minor plaintiffs' initials.[2] As demonstrated below, Defendants repeatedly violated the Court's Rules and the Sealing Orders.

**B. Defendants Have Committed Numerous Violations of this Court's Rules and Its Sealing Orders**

Based on the information available to counsel for Plaintiffs as of today (subject to possible supplementation or correction as to minor details; we will of course meet and confer with counsel for Defendants to make any needed adjustments), here is a summary of three (3) discrete lists of plaintiffs disclosed by Defendants in violation of the Court's sealing order. **Part I-B-1** covers the disclosure of the names and information of the discovery cohort plaintiffs (DCP) who were the subject of Plaintiffs' original motion. The disclosures to the Peruvian prosecutor of March 9, 2023, are covered in **Part I-B-2**, and the disclosures of March 30, 2023, are covered in **Part I-B-3**.

**1. June 3, 2023 - Disclosure of the Names and Full Dates of Birth of 23 DCP Plaintiffs**

Defendants do not dispute that at some point before June 3, 2023, Defendants disclosed the names and birth dates of 24 DCP (nine (9) minors), 23 who remain active plaintiffs, to Juan Mario Peña Flores, a Peruvian lawyer representing them in Peru, who obviously has never served as counsel of record in this litigation. Similarly undisputed is that on that date, Peña disclosed the names of those plaintiffs to the Peruvian prosecutor. Further, those names and the birth dates of those plaintiffs were then filed in the Prosecutor's Folder, making them accessible at least to all persons subject to a later indictment by the Prosecutor. Neither Peña, nor the Prosecutor, nor the other persons with access to that folder are subject to this Court's Orders. *See* Defendants' Response to Plaintiffs' Motion for Sanctions [ECF No. 846] at 12. The names of the DCP Plaintiffs are set forth in **Exhibit B-1** (sealed).

---

[2] *See, e.g.*, [ECF No. 27], Case No. 4:16-CV-00059-RWS (Order Granting [ECF No. 3], Defendants' Motion for Leave to File Sealed Document).

With respect to the list of DCP Plaintiffs' names disclosed on June 3, 2023, Plaintiffs submit that the fact that 14 remaining Plaintiffs were, as of that date, no longer minors, does not excuse Defendants' violation of Rule 5.2 and Local Rule 13.05. To the contrary, as set out above, the sealing of information listed in Federal Rule of Civil Procedure 5.2, imposed by Local Rule 13.05(B), applies to the names of all 24 Plaintiffs disclosed on June 3, 2023, as all were minors when their cases were filed. Similarly, Rule 5.2(a)'s prohibition on the disclosure of dates of birth applies to all "individuals," whether minors or not. Moreover, the sealing imposed by Local Rule 13.05(B) is permanent ("indefinitely") unless otherwise ordered. As of June 3, 2023, there had been no order directing otherwise. Many months after most of the disclosures which are the subject of this Amended Motion, the Court entered an Order setting out procedures for the release of the names of Plaintiffs who reach adulthood. *See* Order Unsealing Names of Adult Plaintiffs [EFC No. 844].

### 2.  The March 9, 2023, Disclosure of the Names of 610 Plaintiffs

Defendants likewise do not dispute that on or before on March 9, 2023, Defendants disclosed to their Peruvian lawyer (Peña) the names of 610 *Collins* plaintiffs. On March 9, 2023, Peña, acting on behalf of Defendants, disclosed to the Peruvian prosecutor the names of those 610 plaintiffs. Further, those names were then filed in the Prosecutor's Folder, making them accessible at least to all persons subject to a later indictment by the Prosecutor.  *See* ECF No. 849-1.

The breakdown concerning the 610 plaintiffs whose information was disclosed on March 9, 2023, is as follows:

**Total Plaintiffs whose names were disclosed – 610**

- Active Plaintiffs – 546 of the 610

- Dismissed Plaintiffs – 64 of the 610

- o 11, dismissed with prejudice

- o 53, dismissed without prejudice

  - 31 were minors
  - 22 were adults

- **Minor Plaintiffs – 401 (with active cases or cases dismissed without prejudice)**

  - o 394, minors with active cases

  - o 7, minors dismissed without prejudice

- Adult Plaintiffs – 156 (with active cases or cases dismissed without prejudice)

  - o 152, adults with active cases

  - o 4, adults dismissed without prejudice

The names of the 610 Plaintiffs whose information was disclosed on March 9, 2023, including a breakdown by subcategory, are set forth in **Exhibit 2** (sealed).

### 3. The March 30, 2023, Disclosure of Information Regarding 730 *Collins* Plaintiffs

Defendants also do not dispute that sometime on or before March 30, 2023, Defendants disclosed to another of their Peruvian lawyers (Kevin Chaparro) an 85-page list of Plaintiffs in both the *Reid* and *Collins* litigation. *See* ECF No. 849-2. On March 30, 2023, Chaparro, acting on behalf of Defendants, disclosed the 85-page list of names and information to the Peruvian prosecutor. Further, those names and related information were then filed in the Prosecutor's Folder, making it accessible at least to all persons subject to a later indictment by the Prosecutor. *See* ECF No. 849-2.

The breakdown concerning the 730 *Collins* plaintiffs whose information was disclosed in the 85-page list provided to Chaparro, and then to the Prosecutor on March 30, 2023, is as follows:

**730 Collins' Plaintiffs names disclosed**

- o 53 of the 730 were also disclosed on the March 9, 2023, list.

- o **the home addresses of 722 of these 730 plaintiffs were also disclosed** –

9 out of the 730 were active plaintiffs (0 were disclosed on 3/9/23 list)

- o **4 active minor plaintiffs**

- o 5 active adult plaintiffs

- 103 out of the 730 were plaintiffs dismissed without prejudice

  - o 82 minor plaintiffs dismissed without prejudice (1 was also disclosed on 3/9/23 list)

  - o 21 adult plaintiffs dismissed without prejudice (0 were disclosed on the 3/9/23 list).

- 618 out of the 730 were plaintiffs dismissed with prejudice

  - o 441 minor plaintiffs dismissed with prejudice (31 were also disclosed on 3/9/23 list)

  - o 177 adult plaintiffs dismissed with prejudice (21 were also disclosed on 3/9/23 list).

## II.    DEFENDANTS' WILLFUL, REPEATED VIOLATIONS OF COURT RULES AND THE SEALING ORDERS NECESSITATES FIRM SANCTIONS

Plaintiffs hereby incorporate by reference the standard for sanctions set out in their original motion. ECF No. 834 at 9-10. Plaintiffs respectfully suggest that this Court should impose two separate sanctions, one focused on Defendants' most egregious breach, regarding the 24 Discovery Pool Plaintiffs (DCP) (of whom nine (9) are minors) whose cases have been under preparation for trial, and the other focused on the remaining violations.

### A.  Disclosure of Information Regarding DCP Plaintiffs

As to the 23 remaining DCP Plaintiffs, the breaches of Rule 5.2, Local Rule 13.05, and the Sealing Orders occurred in the context of Defendants falsely accusing these Plaintiffs of possible involvement in fraud on the Court (connected to asserted doctoring of medical records), *see* ECF No. 834 at 6-7. The appropriate sanction, in light of this willful effort to interfere with the orderly progress of these cases in this Court, and also to cause trouble for these minor Plaintiffs in Peru

9

(by bringing them within the scrutiny of a prosecutor pursing an active criminal investigation), is to strike Defendants' pleadings, set these cases for a trial on damages, and provide such other and further relief as the Court deems just and proper. *See id*. at 10-12.

### B. Disclosure of Information Regarding Remaining Plaintiffs

As to the remaining discrete violations of this Court's sealing order, Plaintiffs strongly disagree with the suggestion of counsel for Defendants that because the breach of the Sealing Orders supposedly "wasn't intentional"—somehow, Defendants simply "missed the issue about the sealing order"!—it doesn't matter "whether it was nine of 9,000" Plaintiffs' names that were disclosed, and any sanctions should be minimal. Tr. of August 27, 2024 [ECF No. 877] at 36:11-14. Obviously, every instance in which any employee or agent of Defendants transferred this information to someone not allowed to have it under the Court's Sealing Orders or under Rule 5.2 and Local Rule 13.05, for example, the Peruvian prosecutor, was, by definition, intentional. Every instance in which this information made its way to the wider world, for example, persons with access to the prosecutor's folder in Peru, was equally intentional. Further, Defendants cannot escape sanctions for the intentional disclosure of some Plaintiffs' dates of birth, or the names of minor Plaintiffs regarding whose cases were dismissed, as minors' entitlement to privacy attached when the sealing order was entered and is unaffected by the subsequent history of their cases. Indeed, Local Rule 13.05 is clear that, unless ordered otherwise, the sealing of full dates of birth and minors names continues "indefinitely."

A sanction calibrated to the scope and severity of these breaches of the court rules and Sealing Orders should be set at a reasonable sanction for *at least* each initial disclosure by the Defendants of the full dates of birth and the name of a minor plaintiff in the three disclosures

summarized above (which does not even account for the later disclosures, by third parties, foreseeably resulting from those initial disclosures).

The U.S. Supreme Court, in articulating constitutional constraints on sanctions in the context of punitive damages, has endorsed the view that in calculating an appropriate dollar amount of punishment for wrongful action, a court should reference "the civil or criminal penalties that could be imposed for comparable misconduct," because the legislative judgments made concerning the sanctions for comparable misconduct deserve deference. *BMW v. Gore*, 517 U.S. 559, 593 (1996). For example, in that case, the Court referenced sanctions authorized under state deceptive trade practices acts "ranging from $5,000 to $10,000." *Id.* at 584. *See also Quigley v. Winter*, 598 F.3d 938, 955 (8th Cir. 2010). Based on this reference point, Plaintiffs respectfully suggest that this Court should impose a sanction of *no less than* $10,000 per discrete violation of the court rules and Sealing Orders (i.e., each time a full date of or a minor's name was improperly disclosed, even if the same information was disclosed more than once), given that legislatively imposed fines calibrated to protect personal privacy, in particular the privacy of minors, have been set at this level or above.

$10,000, for example, in the *minimum* fine (the permissible range is $10,000 to $50,000) under federal law for a willful HIPAA violation that is promptly corrected, even though the violation only affects an adult, and no minor is involved.[3]

---

[3] *See* American Medical Association, *HIPAA violations and enforcement* (available at: https://www.ama-assn.org/practice-management/hipaa/hipaa-violations-enforcement) (https://perma.cc/XR43-4FXF).

$10,000 is also the penalty under federal law for the relatively minor intrusion on the privacy of an adult occasioned by an irksome "robocall."[4]

Much higher penalties per privacy violation are authorized under federal law as a means of protecting the privacy of minors. For example, the Federal Trade Commission warns that under its regulation barring companies from collecting information from children under 13, without their parent's permission, "[a] court can hold operators who violate the Rule liable for civil penalties of up to $51,744 per violation."[5]

These examples provide a reliable reference point for this Court to impose a per-violation sanction of, *at minimum* $10,000, an amount that under federal law is authorized as a sanction for a relatively minor violation of the privacy of an adult, and an amount less than one-fifth the sanction authorized for a mere data-*collection* violation affecting a child. Of course, this Court has discretion to set a higher amount, but hopefully a sanction of $10,000 per violation will be both adequate to deter Defendants from future violations of the Court's sealing order and will have the salutary effect of inducing litigants in other cases to refrain from similar breaches in the future.

That a per-violation sanction of $10,000 means that the total sanctions for the hundreds of breaches of this Court's sealing order will run into the millions of dollars supplies no basis for a lightening of the total sanctions, because only sanctions reasonably calibrated to the scope of the

---

[4] *See* Timothy B. Lee, "Congress passes legislation expanding robocall penalties," *ARS Technica*, Dec. 19, 2019 (available at: https://arstechnica.com/tech-policy/2019/12/congress-slaps-robocallers-with-10000-penalty-per-call).

[5] FTC, "Complying with COPPA: Frequently Asked Questions" (available at: https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions) (https://perma.cc/C9Q7-T6M5). *See, e.g.*, LawInc, "TikTok on Trial: The $51,744 Per Kid Privacy Nightmare," Aug. 2, 2024 (available at: https://www.lawinc.com/tiktok-privacy-lawsuit-coppa-violations).

violations can have the needed punitive and deterrent effect. Defendants can hardly plead poverty as a basis for reducing the total sanctions, given that the combined assets of the Defendants named in this litigation evidently run into the billions of dollars,[6] and given the prior ruling of another judge, against these same Defendants in a related case, that the assets of the Defendants are intermingled. *A.O.A. v. Rennert*, 350 F. Supp. 3d 818, 834-40 (E.D. Mo. 2018), *appeal dismissed*, *Reid v. Doe Run Resources*, 2019 WL 13220273 (8th Cir. June 3, 2019). *See also Pulla v. Amoco Oil Co.*, 72 F.3d 648, 659 n.16 (8th Cir. 1995) (White, Associate Justice (ret.)) (noting, in punitive damages context, that "a defendant's wealth may be taken into account in order to ensure that an award will adequately deter any future such conduct").

---

[6] *See, e.g.*, Forbes, "Ira Rennert," Sept. 16, 2024" (available at: https://www.forbes.com/profile/ira-rennert) (https://perma.cc/G799-4QQY).

WHEREFORE, Plaintiffs respectfully request that the Court impose as sanctions: (1) with respect to the Discovery Cohort Plaintiffs, an order striking Defendants' pleadings, setting those cases for a trial on damages, and providing such other and further relief the Court deems just and proper; and (2) with respect to the remaining Plaintiffs, and the hundreds of discrete violations of the Court's sealing order involving them, an order imposing a monetary sanction, payable jointly and severally by all Defendants, in the amount of $10,000 per discrete violation of the court rules and the Sealing Orders.

Dated: September 24, 2024

Respectfully submitted,

**NAPOLI SHKOLNIK**

By: */s/ Patrick J. Lanciotti*
Patrick J. Lanciotti, #507523NY
360 Lexington Avenue
11th Floor
New York, NY, 10017
(212) 397-1000
planciotti@napolilaw.com

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

By: */s/ Frank R. Rodriguez*
Frank R. Rodriguez, #348988FL
Paulino A. Nuñez, #814806FL
255 Alhambra Cir., Suite 1150
Coral Gables, FL 33134
(305) 350-2300
frr@rtgn-law.com
pan@rtgn-law.com

*Attorneys for Plaintiffs*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 24, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.


Dated: September 24, 2024


_____ */s/ Paulino A. Nuñez*