IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., *et al.*, | Case No. 4:15-CV-01704 |
| | (CONSOLIDATED) |
| Plaintiffs, | |
| v. | |
| THE DOE RUN RESOURCES CORPORATION, *et al.*, | |
| Defendants. | |

**THE COMPANIES' OPPOSITION TO
PLAINTIFFS' AMENDED MOTION FOR SANCTIONS**

The Renco Group, Inc. and The Doe Run Resources Corporation (the "Companies") submit their Response in Opposition to Plaintiffs' Amended Motion for Sanctions (the "Motion") [ECF No. 882]. Plaintiffs' initial motion [ECF No. 834] sought sanctions for the Companies' alleged breaches of the Protective Order. Plaintiffs now admit that they had no good faith legal or factual basis to file that motion. Indeed, plaintiffs have abandoned their claims regarding violations of the Protective Order, and in doing so, admitted that the documents in question were not subject to the Protective Order and that their motion was meritless. Further, plaintiffs also concede that after having done a "comprehensive review of the documents in question"— something they were required to do ***before*** filing a sanctions motion—and even if the documents had been subject to the Protective Order, "the scope of potential violation was minimal to none, and did not warrant further action or the Court's involvement." *See* **Exhibit A**.

But having filed a frivolous motion that exemplifies sanctionable conduct, plaintiffs were not content simply to withdraw the motion. Instead, they now request the Court sanction the

Companies for alleged violations of Rule 5.2 of the Federal Rules of Civil Procedure, Rule 13.05 of the Local Rules of the United States District Court for the Eastern District of Missouri, and the "Sealing Orders" (in fact, a single order, ECF No. 41). This Motion is equally devoid of a good faith legal or factual basis and should be denied. A detailed review of the sealing order in question, and of the applicable rules, demonstrates that plaintiffs' contention that the Companies violated both is dubious at best, and reflects, once again, plaintiffs' penchant for shooting first and aiming later or not at all.

## PROCEDURAL HISTORY

When these cases were originally filed in the Circuit Court of the City of St. Louis, Missouri, on October 13, 2015 (Case No. 1522-CC10823), plaintiffs submitted a Motion to Permit the Filing of Petitions for Appointment of Next Friend Under Seal. This one-page motion requested the state circuit court to allow the filing under seal of Petitions to Appoint Next Friend for 92 minor plaintiffs. Mot. File Under Seal, *JYCC v. Doe Run Res.*, No. 1522-CC10823 (Mo. Cir. Ct. Oct. 13, 2015) (also available at ECF No. 1 at 335). On October 13, 2015, the state circuit court granted the motion to seal the petitions of the 92 children already identified by their initials in the caption. *Id.* Notwithstanding the alleged imperative that the names and dates of birth of the minor plaintiffs be hidden from public view, plaintiffs' counsel never treated this information as sacrosanct or its disclosure as sanctionable. Indeed, plaintiffs' counsel filed multiple next friend petitions on the public docket without redacting the names, dates of births, or addresses of minor plaintiffs. *See, e.g.*, *JYCC v. Doe Run Res.*, No. 1522-CC10823 (Mo. Cir. Ct. Oct. 13, 2015) (92 unredacted plaintiff petitions); *JMLR v. Doe Run Res.*, No. 1622-CC11580 (Mo. Cir. Ct. Jan. 17, 2017) (29 unredacted plaintiff petitions); *JMLR v. Doe Run Res.*, No. 1822-CC00563 (Mo. Cir.

2

Ct. Mar. 22, 2018) (18 unredacted plaintiff petitions); *GMRA v. Doe Run Res.*, No. 1922-CC11606 (Mo. Cir. Ct. Sept. 30, 2019) (8 unredacted plaintiff petitions)**.**

When the cases were removed to this Court on November 13, 2015, and even though plaintiffs had already publicly filed some of the minors' information in state court, the ***Companies*** filed a motion under Fed. R. Civ. P. 5.2 and E.D. Mo. L.Rs. 2.17, and 13.05(B)(1)(a), to refer to the 92 minor plaintiffs from the Circuit Court case by their initials. ECF No. 2. As stated in the motion, the Companies were complying with the state circuit court's October 13, 2015, Order Granting Plaintiffs' Motion to File Documents Under Seal, and "reserved the right to revisit the issue of whether such documents and whether Plaintiffs' full names are appropriately maintained under seal." *Id.* On February 3, 2016, this Court granted the Companies' motion providing no further instruction ("the Sealing Order"). ECF No. 41.

Although plaintiffs complain now about violations of "Sealing Orders"—plural—they only ever cite to the one Sealing Order (ECF No. 41) as the order that the Companies allegedly violated. Mot. at n.1. The Sealing Order granted the ***Companies'*** request under Fed. R. Civ. P. 5.2 and E.D. Mo. L.Rs. 2.17, and 13.05(B)(1)(a), to prevent the disclosure of the names of minor plaintiffs ***in the filings with the Court*** in accordance with the filing rules cited in the Companies' motion. Nothing more was requested in the motion to seal (ECF No. 2), and nothing more was granted by the Court (ECF No. 41).

On August 29, 2024, after hearing argument on plaintiffs' since-withdrawn motion for sanctions (ECF 835), the Court entered an Order clearly instructing the plaintiffs to "specify the number of Plaintiffs on this list who are ***active*** minor Plaintiffs, active adult Plaintiffs, and any Plaintiffs who have been dismissed from this case." ECF No. 874. In violation of the Court's Order, the plaintiffs submitted 9 different lists that make it almost impossible to identify how

3

many names are actually at issue, and none of the lists reflects active minor plaintiffs to date, but rather minors as of March 9 and 30, 2023, some eighteen months ago. Mot. at 6-8. Moreover, the plaintiffs pad the scale of alleged violations with their unsupported theory that disclosure of *adult* names and addresses that were *not* designated confidential somehow constitutes a violation of the Sealing Order and Rule. It does not and cannot constitute a violation.

According to plaintiffs, the Companies should be sanctioned for allegedly violating the Sealing Order through the purported: (1) confidential disclosure to the Peruvian Prosecutor of the names and birth dates of 24 Discovery Cohort Plaintiffs (Mot. at 6); (2) confidential disclosure to the Peruvian prosecutor of the names of 610 *Collins* plaintiffs (Mot. at 7); and (3) confidential disclosure of an 85-page list of plaintiffs in both the *Reid* and *Collins* litigation to the Peruvian prosecutor (Mot. at 8). Crucially, in Peru, where the information was put into a confidential prosecutor's file at the prosecutor's request, ***all of those plaintiffs' DNI numbers and dates of birth are public record*** and are publicly available through the RENIEC computer system in Peru. *See* ECF No. 846 at 11.

But, as demonstrated below, the Companies violated neither the Sealing Order nor the rules under which it was granted. And, even if there were a violation of the Sealing Order (there wasn't), the sanctions requested by plaintiffs have no basis in law and are wildly disproportional.

I.  **THE SEALING ORDER, FEDERAL RULE OF CIVIL PROCEDURE 5.2, AND LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI 2.17 AND 13.05 RELATE ONLY TO THE *FILING* OF DOCUMENTS**

During the recent hearing, in an abundance of caution, counsel for the Companies volunteered to the Court that there *might* have been issues related to the Sealing Order with documents shared with the Peruvian prosecutor. ECF No. 846 at 9-13; Hr'g. Tr. 20:20-25; 26:10-25; 28:6-29:6, Aug. 27, 2024. However, on further inquiry occasioned by plaintiffs' new sanctions

4

Motion, counsel determined that there were, in fact, no violations of the Sealing Order and, had plaintiffs' counsel bothered to review the same order and the same rules upon which they purport to rely, they should have reached the same conclusion.

The plain title of Federal Rule of Civil Procedure 5.2 is clear and unambiguous: "Privacy Protection *For Filings Made with the Court*" (emphasis added). According to section (a)(3) of the Rule, relevant to the protection of the privacy of minor children—and referenced in the Companies' Motion to Seal [ECF No. 2]:

> Unless the court orders otherwise, **in an electronic or paper filing with the court that contains** an individual's social-security number, taxpayer-identification number, or birth date, **the name of an individual known to be a minor**, or a financial-account number, **a party or nonparty making the filing may include only**:
>
> (3) **the minor's initials**

Fed. R. Civ. P. 5.2(a)(3) (emphasis added). The Committee Notes further state that "the rule does not intend to establish a presumption that this information never could or should be protected." In fact, "the Rule does not affect the protection available under other rules, such as Civil Rules 16 and *26(c)*, or under other sources of protective authority." (emphasis added). But it is clear from the plain text of the Rule and from the Committee Notes that the Rule, when invoked alone, is only intended to protect the *names of individuals known to be minors* in documents *filed with the Court* and that further or broader protection from disclosure must be sought under "other sources of protective authority" such as a protective order.

Similarly, Local Rules 2.17 and 13.05(B)(1)(a), address *filings with the Court*. Under Local Rule 2.17, in compliance with the policies of the Judicial Conference of the United States and the E-Government Act of 2002, "parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal identifiers *from all documents filed with the Court* . . . (2) Names of Minor Children. Only the initials of minor children may be listed **in the**

5

**filing**." Local Rule 13(B)(1)(a) reaffirms Rule 5.2 and Local Rule 2.17, and states that, for civil cases, all the information listed in those rules must be ***filed*** under seal.

Rule 5.2 and Local Rules 2.17 and 13.05 are aimed at protecting against disclosure of information ***in filings with the Court***, but not against disclosure in general. The Companies never filed any document with the Court containing the minor plaintiffs' full names or the next friend petitions, so there simply was no violation of the Sealing Order. To protect information produced in discovery or filed with the Court from disclosure to third parties, the parties sought and obtained entry of a Protective Order (ECF No. 60) under Fed. R. Civ. P. 26(c). That Protective Order, which required parties to designate protected materials, does not include any provision forbidding disclosure of plaintiffs' names. Furthermore, the lists with the full names, dates of birth, and DNI[1] numbers of the Discovery Cohort Plaintiffs that were produced by the plaintiffs to the Companies, were—as proven during the last hearing—never marked or designated confidential. *See* Hr'g. Tr. 41:21-42:3, Aug. 27, 2024. Plaintiffs have already conceded, that there was no violation of the Protective Order. ECF No. 888. In fact, plaintiffs explicitly told the Companies that, upon review of the produced documents "the scope of potential violation [of the Protective Order] was minimal to none, and did not warrant further action or the Court's involvement." *See* **Ex. A**.

In any event, there was no *carte blanche* disclosure by the Companies of the names of minor plaintiffs as plaintiffs assert. Mot. at 2. As the Companies have repeatedly stated, and as the Court has acknowledged, Article 324 of Peru's Code of Criminal Procedure provides that preliminary/preparatory criminal investigations are confidential. *See* Order, ECF No. 777 at 5,

---

[1] The *Documento Nacional de Identidad* ("DNI") is the national identity number assigned to each Peruvian citizen.

6

n.1. The provision of plaintiffs' names to a Peruvian law enforcement official in compliance with his direction to provide them, for use in a criminal investigation, and inclusion in a confidential investigative file, can hardly be understood to have violated Rules of Civil Procedure and Local Rules aimed at protecting information from being publicly filed with the Court in Missouri. In fact, the ***only*** people with ***legitimate*** access to the Peruvian prosecutor's file are the prosecutor, the Companies (as victims of the crimes under investigation), and the *imputados*—the accused (all of whom are or were agents of plaintiffs' counsel in the first place).[2] Simply put, inclusion of those plaintiffs' names in the prosecutor's confidential file does not begin to implicate the concerns plaintiffs' motion describes and there has been no showing that any plaintiff suffered any negative consequence at all.

**II.     THE COURT SHOULD DECLINE SANCTIONS UNDER 28 U.S.C. § 1927 BECAUSE THERE IS NO EVIDENCE THAT THE COMPANIES ACTED INTENTIONALLY OR WITH RECKLESS DISREGARD OF THEIR DUTIES**

Under § 1927, federal courts may require an attorney "who . . . multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under § 1927 are warranted only "when attorney conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Sexton v. City of Hannibal*, 2011 WL 864968, at *1 (E.D. Mo. Mar. 10, 2011) (quoting *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999)); *accord Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 564 (E.D. Mo. 2006), *aff'd*, 526

---

[2] Notably, Plaintiffs' counsel are ***not*** among those with legitimate access to the Peruvian prosecutor's file, and so they have evidently obtained access improperly, presumably through a paralegal employee at one of the firms who is himself an *imputado*, although not represented by plaintiffs' counsel.

F.3d 1122 (8th Cir. 2008) ("Before awarding sanctions under § 1927, however, the Court must conclude that defense counsel intentionally or recklessly disregarded their duties to the Court.").

Plaintiffs have made no showing that the Companies or their counsel multiplied these proceedings, let alone unreasonably or vexatiously. To begin with, as discussed above, there was no breach of the Sealing Order or the Protective Order. But, even if this Court were to disagree with the plain language of Rule 5.2, the advisory committee notes, Local Rules 2.17 and 13.05, and the Sealing Order itself to somehow find a violation, there can be no dispute that the Companies' construction of those rules and those orders is reasonable and in good faith; thus precluding any finding of unreasonable or vexatious conduct. Next, a crime victim providing information in response to a law enforcement demand in a foreign country cannot, under any reasonable construction, be deemed to have "multiplied these proceedings." If anything, plaintiffs' filing of a motion they now concede they would not have filed had they done a "comprehensive review" *before* filing unequivocally "multiplied these proceedings" and it is plaintiffs' conduct that is the definition of sanctionable.

Furthermore, to obtain sanctions under § 1927, the moving party must show that it has incurred excess costs, expenses, and attorneys' fees. *Sawyer*, 650 F. Supp. at 771. Plaintiffs make zero mention in their Motion of any costs they incurred when names were provided to a foreign prosecutor who requested them. Their motion for breach of the Protective Order cannot possibly qualify, as they now admit it never should have been filed. Instead, the Companies should be entitled to *their* costs in having to respond to that motion. As such, plaintiffs'' request for

sanctions must fail. To the extent that plaintiffs may respond (tardily) that they have incurred additional costs, those costs stem from their own submission of meritless motions.[3]

"The burden of proving facts in the allegations of a motion for sanctions is on the moving party." *Young v. RSB Logistic, Inc.*, 2005 WL 8176828, at *2 (E.D. Mo. July 12, 2005). Other than the blanket assertion that the Companies transfer of information to the Peruvian prosecutor "was, by definition, intentional" (Mot. at 10), plaintiffs have made no showing that the conduct they allege warrants unleashing the Court's power to punish the Companies' counsel for conduct that was ***not prohibited*** by the Sealing Order.

### III. PLAINTIFFS' REQUESTED SANCTIONS ARE DISPROPORTIONATE AND UNWARRANTED AND HAVE NO BASIS IN FACT OR LAW

A fundamental principle governing the imposition of sanctions in the Eighth Circuit is that "the sanction imposed by the district court must be proportionate to the litigant's transgression." *Givens v. A.H. Robins Co., Inc.* 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Casino*, 526 F.3d 402, 405 (8th Cir. 2008); *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998).

The sanctions requested by plaintiffs are completely out of proportion to even the alleged transgression. Plaintiffs claim that the "appropriate sanction" is "to strike [the Companies'] pleadings, set these cases for trial on damages, and provide such other and further relief the Cour deems just and proper." Mot. at 9-10. Plaintiffs also seek monetary sanctions of "*no less than* $10,000 per . . . each time a full date of [birth, *sic*] or a minor's name was improperly disclosed." Mot. at 11 (emphasis in original).

---

[3] A fleeting reference to the Court's inherent authority is also unavailing. "Because of the potency of inherent powers, a court must exercise its inherent powers with restraint and discretion . . . ." *Pls.' Baycol Steering Comm. V. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005). As such, imposition of sanctions under a court's inherent authority requires a showing of bad faith. *Petrone v. Werner Enters., Inc.*, 2023 WL 2955935, at *10 (D. Neb. Apr. 14, 2023), *aff'd*, 105 F.4th 1043 (8th Cir. 2024) (citing *Schlafly v. Eagle Forum*, 970 F.3d 924, 937 (8th Cir. 2020)).

9

The striking of a party's pleadings can only occur after a finding that "the sanctioned party acted willfully and in bad faith" and when the other party is prejudiced. *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832 (8th Cir. 2013) (analyzing the striking of pleadings for multiple violations of multiple court orders compelling discovery); *see Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019-20 (8th Cir. 1999) (finding party "repeatedly lied during the discovery process" under oath and withheld discovery documents, which prevented the opposing party from having evidence in trial); *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (finding a dismissal proper "only when there has been a clear record of delay or contumacious conduct by the plaintiff" and "we have admonished [that] this ultimate sanction should only be used when lesser sanctions prove futile.").

Here, plaintiffs have failed to show any pattern of abuse or blatant disregard of Court orders because no such pattern exists, nor have they demonstrated any prejudice.

Similarly, plaintiffs' request for monetary sanctions bears no relation to the alleged violation or the imagined prejudice resulting from it. Indeed, plaintiffs do not cite a single case involving the violation of a sealing order, or Rule 5.2, or Local Rule 13.05, to support their outlandish request for monetary sanctions. And the cases that do involve analogous requests for sanctions indicate that plaintiffs' request has no basis in law.

In *Allstate Ins. Co. v. Linea Latina de Accidentes, Inc.*, the violating party filed an amended complaint on the court's electronic case filing system[4] attaching 160 pages of exhibits with "birth dates, names of minors, financial account numbers, and at least one social security number." 2010 WL 5014386 (D. Minn. Nov. 24, 2010), at *1. The infringed party moved to dismiss or strike, and seal, the amended complaint, citing the violation of Rule 5.2. *Id.* The court sealed the materials and ordered the

---

[4] That is, it violated the rule that prohibited the filing of the information, which is not what happened here.

violating party to notify affected individuals and provide them with credit monitoring and ordered a monetary sanction of $300 to be paid to Second Harvest Heartland food bank. *Id.* at *3. The court took into consideration that the violating party made "the information [public] on the internet, perhaps permanently" through the Electronic Case Filing System, and that they showed "no sense of urgency or comprehension" of what was done. *Id.* at *1. Compare that to what is alleged here: that the Companies provided information to a foreign prosecutor's confidential file; information that is public record in Peru.

In *Engeseth v. Isanti Cnty.*, the violating party filed with the court an affidavit that contained full social security numbers and dates of birth for 179 individuals. 665 F. Supp. 2d 1047, 1048 (D. Minn. 2009). The court ordered the violating party to notify all 179 affected individuals, provide them with credit monitoring, and ordered a monetary sanction of $5,000 to be paid to Second Harvest Heartland food bank. *Id.* In its reasoning, the court emphasized it was "deeply concerned with the harmful and widespread ramifications associated with negligent and inattentive *electronic filing of court documents*." *Id*. That didn't happen here.

In *Flores v. United States*, the violating party filed deposition transcripts that contained the full names and dates of birth of several minors, some of whom were the party's own children. 2011 WL 13318340, at *8 (D. Minn. Mar. 22, 2011). Like the *Allstate* and *Engeseth* courts, the violating party was ordered to notify the minors' parents, in writing, that their personal information was disclosed and a monetary sanction of $500 to be paid to Second Harvest Heartland food bank. *Id.* The court further ordered counsel to attend the court's ECF training sessions, which underscores that Rule 5.2(a) pertains solely to filing of court documents within the electronic filing system. *Id.*

Finally, in *Carpenters' Dist. Council of Greater St. Louis & Vicinity v. Neier Servs. Co.*, *both* parties violated Rule 5.2 by filing exhibits that contained social security and taxpayer identification

numbers, complete account numbers, and home addresses of non-parties. 2015 WL 3971070, at *1 (E.D. Mo. June 30, 2015). Recognizing *Allstate* and its progeny, the court ordered counsel to "provide a copy of Rule 5.2 and Local Rule 2.17 to each attorney, legal assistant or other person at [the] law firm *who engages in electronic filing* or directs others to and instruct them to read the rules." *Id.* at *9. The court warned that future disclosures on the record may result in the imposition of sanctions. *Id.*

None of the sanctions imposed in these cases—where, **unlike here**, there were undeniable violations of a sealing order—remotely approach the magnitude of the sanctions plaintiffs seek here and, accordingly, there is no basis to award such sanctions.[5]

The cases plaintiffs cite could not be more inapposite—or, in at least one case, misleading. First, the Supreme Court in *BMW v. Gore*, *rejected* the $2 million economic sanction imposed because it was "substantially greater" than the $2,000 statutory fine available in the State of Alabama for deceptive trade practices. *BMW v. Gore*, 517 U.S. 559, 584 (1996). It is shocking that the plaintiffs would rely on this case, misleading this Court into believing that the Supreme Court applied a $10,000

---

[5] Case law regarding sanctions for violations of Local Rule 13.05 is equally unsupportive of plaintiffs' position. As stated in section I, *supra*, Local Rule 13.05 governs *the process for sealing materials* in a court filing and "emphasizes the right of the public to access *court materials* and requires . . . careful consideration of the public and private interests affected by sealing *court filings*." *Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *1 (E.D. Mo. May 18, 2021) (emphasis added). It follows that violations of Local Rule 13.05 are those when a party electronically files documents under seal with the court without following the process described in the rule, which includes filing a motion to seal first and waiting for a court order regarding same. Courts have either denied motions to seal for failure to comply with the local rule requirements, or stricken documents filed under seal without motion or court approval. *See, e.g.*, *Contejean v. Ameren*, 2024 WL 3887381, at *1 (E.D. Mo. Aug. 21, 2024) (denying motion to seal court filings for failure to comply with requirements of Local Rule 13.05 which requires motion to include specific legal and factual reasons for sealing); *Ordoukhanian v. Chaney*, 2024 WL 2974840, at *6 (E.D. Mo. June 13, 2024) (ordering removal from docket of document filed under seal without leave, mailing plaintiff a copy of Local Rule 13.05, and ordering party to refrain from submitting pleadings in violation of the federal and local rules); *Rittinger v. Healthy All. Ins. Co.*, 2016 WL 827960, at *3 (E.D. Mo. Mar. 3, 2016) (unsealing document filed without leave).

benchmark (it did not), then asking this Court to impose ***almost six times*** the sanctions that Supreme Court ***struck down***.

Further, all of plaintiffs' cases relate to punitive damages upon a showing of liability, and none pertains to the violation of a sealing order or the rules. *Quigley v. Winter*, 598 F.3d 938, 955 (8th Cir. 2010) (reversing and remanding punitive damages award related to gender violations of the Fair Housing Act and Iowa Civil Rights Act); Mot. at 11, n.3 (citing the penalties for HIPAA violations in administrative procedures and failing to recognize the annual maximum penalty for willful violations is $250,000); *id.* at 12, n.4 (website constituting an uncorroborated secondary source without any legal citations for the proposition that "new legislation allows federal authorities to seize the profits of robocall operators and assess an additional penalty of up to $10,000 per call"); *id.* at 12, n.5 (FTC website discussing possible penalties under the Children's Online Privacy Protection Act under which information is collected from minors *without* parental consent). Absolutely none of "these examples provide a reliable reference point for this Court to impose a per-violation sanction" and the Court should refuse to do so. Mot. at 12.

Unsurprisingly, no case law supports plaintiffs' suggestions for grossly excessive sanctions, no matter the Companies' financial condition. But for many additional reasons, even if this Court were somehow to find the Sealing Order was violated, there should be no, or only a modest, sanction.

***First***, the protection intended to be provided by the Sealing Order remains intact. The Sealing Order was intended to prevent the public from learning the names and dates of birth of minor plaintiffs. Regardless of whether the Companies technically violated the Sealing Order, that disclosure has not exposed those minor plaintiffs' names and dates of birth to the public. That information was provided to a law enforcement authority as part of a confidential investigation and placed in a confidential file that is protected by Peruvian law. Indeed, plaintiffs have offered no evidence to

suggest that the information in question has, in fact, become public or has been disclosed beyond the Peruvian prosecutor's office. **Second**, the information *will eventually become public*. As the minor plaintiffs age-up their names and dates of birth are no longer subject to the Sealing Order. The information that was disclosed is not a trade secret or a social security number that, but for the disclosure, would never have been publicly available. **Third**, plaintiffs have offered no evidence of prejudice; not a single affidavit was filed explaining how or why the disclosure of the information to the prosecutor has caused a single plaintiff any harm, discomfort or put them in jeopardy. **Fourth**, plaintiffs' own counsel engaged in the exact same conduct, having publicly aired minor plaintiffs' names and dates of birth on court dockets without redaction. *See, e.g.*, the four examples of plaintiffs' public filings in Missouri Circuit Court, including some 150 names, cited above on pages 2-3. Plaintiffs' failure to protect the names and dates of births of their own clients undermines their claims about harm. *See Nora v. Residential Funding Co.*, LLC, 2011 WL 13210262, at *2 (W.D. Wis. 2011) (denying motion for sanctions for violation of a sealing order because, *inter alia*, some of the information that the plaintiff complained was disclosed in violation of the sealing order had been disclosed by plaintiff in other actions).

## IV.    NO SANCTIONS ARE APPROPRIATE HERE

Given that the Companies have not violated the letter of the Sealing Order, and that plaintiffs admit there has been no violation of the Protective Order, the Court should decline to impose any sanction. However, were the Court to decide to impose a sanction, it should be guided by the principles articulated in Sections II and III above, and impose a very modest sanction in keeping with those principles and the surrounding circumstances.

The Companies note that in a somewhat analogous circumstance, involving violations of a protective order, courts have routinely imposed a sanction based on the costs incurred by the moving

14

party in seeking to remedy the violation. But while that certainly presents a better paradigm than the preposterous sanctions requests made by plaintiffs, its typical application would not be strictly appropriate here. As noted above, the plaintiffs made a frivolous motion alleging violations of the Protective Order. Only *after* making the motion and forcing the Companies to spend time and money responding, did plaintiffs conduct a "comprehensive review of the documents in question," to determine that there was no violation. Thus, there is no reasonable basis to impose the costs of making that motion on the Companies. Should the Court determine it appropriate to impose costs for plaintiffs' Motion for violation of the Sealing Order on the Companies, it would only be fair to set-off against any such award the Companies' costs incurred in responding to plaintiffs' frivolous first motion for sanctions.

## CONCLUSION

For all these good reasons, the Court should deny plaintiffs' amended motion for sanctions.

Dated: October 11, 2024

Respectfully submitted,
By: /s/ *Andres Rivero*
ANDRES RIVERO
Florida Bar.: 613819

**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: receptionist@riveromestre.com

*Attorneys for Doe Run Resources Corp. and The Renco Group, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 11, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Andres Rivero*
Andres Rivero