UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:15 CV 1704 RWS |
| | ) |
| DOE RUN RESOURCES, CORP., et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Defendants The Doe Run Resources Corporation and The Renco Group, Inc. disclosed the names of hundreds of minor plaintiffs whose identities were placed under seal.  Plaintiffs moved to sanction Defendants for this intentional and willful disclosure.  For the reasons stated below I will grant Plaintiffs' motion for sanctions.

On October 21, 2021, Defendants filed in this case, and in the companion case of A.O.A., et al. v. Rennert, et al., 4:11CV44 CDP, a Notice and Request for Joint Status Conference asserting fraudulent conduct by two former plaintiff recruiters in these actions.  Ten months earlier, unbeknownst to either judge in this Court, Defendants The Doe Run Resources Corporation ("Doe Run Resources") and The Renco Group, Inc. ("Renco") had already initiated a criminal proceeding in Peru to investigate the alleged fraud perpetrated on this Court based on the

asserted recruitment irregularities. The subsequent motion practice and related hearings regarding these allegations took place in this case. During numerous hearings I ruled that the Defendants' allegations of fraud would be addressed in the ordinary course if discovery exposed specific incidences of fraudulent conduct in the 108 initial trial pool plaintiffs' cases.

Despite this ruling, on April 29, 2022, Defendants Doe Run Resources and Renco filed a malicious prosecution case in Florida state court against the recruiter attorneys Victor Carega and Louis Thaler in <u>Doe Run Resources Corp. v. Thaler</u>, et al., No. 2022-007907 CA (Fla. 11th Cir.). That lawsuit seeks redress for the alleged recruiting irregularities raised by Defendants in this case.[1]

Over 3000 individual plaintiff cases were filed and consolidated in this Court in the two companion cases.[2] Plaintiffs assert that Defendants' activities as owners of a lead smelter in La Oroya, Peru caused toxic lead emissions to be released into the area surrounding the smelter. Plaintiffs, the vast majority of whom are/were minors, allege that they were injured from the toxic emissions.

When the cases were filed in this Court the names of the minor plaintiffs

---

[1] At the February 27, 2025 hearing in this matter, Defendants counsel asserts that so far in the Florida litigation they had "declarations by almost a dozen individuals, former Plaintiffs, claiming that they were misled into signing these documents" agreeing to be plaintiffs out of the 3000 plus cases that have been filed in this Court.

[2] Several hundred cases have been dismissed, some with and some without prejudice, for various reasons including voluntary dismissals, dismissals for failure to provide plaintiff profile sheets, and a failure to comply with other discovery orders.

2

were placed under seal and redacted pursuant to Fed. R. Civ. P. 5.2(a) and Local Rules 2.17 and 13.05. Moreover, when these cases were removed from state court *Defendants* filed motions "to file Plaintiffs' Petitions for Appointment of Next Friend under seal because Plaintiffs seek to restrict from disclosure to the general public the names of the Plaintiffs in this action who are alleged to be minors, and intend to refer to those parties by their initials." See e.g. ECF No. 2. I granted those motions. The purpose of the sealing was to restrict from disclosure to the public the names of the minor plaintiffs. In addition, I entered a confidentiality order proposed by the parties that protected all discovery disclosures designated as confidential. [ECF No. 60]

Despite the sealing and redaction of the names of the minor plaintiffs, Defendants Doe Run Resources and Renco released the names of 495 minors[3] to an attorney in Peru, Juan Mario Peña Flore, who is not a counsel of record in this case. The attorney in turn gave these names to the Peruvian prosecutor conducting the criminal proceeding in Peru, initiated by Defendants, to investigate the alleged recruitment irregularities. Defendants were not authorized to disclose the minors' names to Peruvian attorney or to the Peruvian prosecutor. Nor were the Peruvian

---

[3] Defendants also disclosed the names of hundreds of adult plaintiffs in this case and adult and minor plaintiffs' names from the companion case in this Court. This order only addresses the disclosure of minors' names in this case (both active minor plaintiffs and minor plaintiffs whose cases were dismissed without prejudice).

attorney or to the Peruvian prosecutor otherwise authorized to receive this information.

The first disclosure by Defendants occurred in March 2023 after Plaintiffs provided Defendants a CD disk containing plaintiffs' profile sheets as part of the ongoing discovery in this case and provided Defendants with an 85-page list of plaintiffs' names and information from both this case and the companion case in this Court. Plaintiffs had not marked these disclosures confidential. But the names of the minor children were still under redaction rules and/or under seal. On March 9, 2023, Defendants disclosed 610 names of plaintiffs in this case from the profile sheets submitted in the CD. In that disclosure, 394 of them were minor plaintiffs with active cases and an additional 7 were minor plaintiffs whose cases had been dismissed without prejudice for a total of 401 names.[4] On March 30, 2023, Defendants disclosed an additional 730 names of plaintiffs in this case from the 85-page list of names and information provided in discovery by Plaintiffs.[5] In that disclosure, 4 were minor plaintiffs with active cases and an additional 81 were minor plaintiffs whose cases had been dismissed without prejudice for a total of 85

---

[4] I include minor plaintiffs whose cases were dismissed without prejudice because those plaintiffs, at the time of Defendants' disclosure, had the ability to refile their cases and their names should remain sealed until either they reach the age of majority or until the statute of limitations expires if they fail to file a new case. I note that the names of minor plaintiffs in active cases in this Court are being disclosed upon Plaintiffs' notification that they have reached the age of majority.

[5] At the February 27, 2025 hearing, Defendants represented that these additional names came from the CD profile sheets.

names

At some point before June 3, 2023, Doe Run Resources and Renco divulged the full names of an additional 23 active plaintiffs, 9 of whom were minors, to their Peruvian attorney.  The names were taken from medical authorizations that I had ordered Plaintiffs to provide to Defendants.  On June 3, 2023 and again on July 6, 2023, the Peruvian attorney sent letters to the Peruvian prosecutor that listed the full names of the these 23 plaintiffs including the 9 minors.[6]  All in all, Defendants disclosed the names of 495 minors: 401 on March 9, 2023; 85 on March 30, 2023; and 9 on June 3, 2023 (407 minors with active cases and 88 minors whose cases were dismissed without prejudice).

I note that the disclosure of the names of individuals involved in this litigation has been an important issue for both parties and has not been taken lightly.  Both parties have presented evidence in briefs and at hearings that this litigation has created tension among the citizens in La Oroya, Peru.  There have been reports of intimidation of plaintiffs and of Plaintiffs' attorney assistants as well as concern by Defendants of retribution against the alleged whistleblowers in Peru who attested to recruitment irregularities.  As a result, both parties have sought to have names and identifiers redacted and/or sealed to protect individuals

---

[6] These plaintiffs are members on a list of plaintiffs in a discovery pool whose cases are subjected to initial in-depth discovery.

from potential harassment in La Oroya.  Defendants' disclosure of the names of the minor plaintiffs raises a concern that these minors and their families may be subject to intimidation or other risk of harm.

When these unauthorized disclosures were discovered by Plaintiffs they filed a motion for sanctions on April 28, 2024.  After the motion was fully briefed a sanctions hearing was held on August 27, 2024.  Subsequently, Plaintiffs filed an amended motion for sanctions that was fully briefed by the parties and a second hearing was held on February 27, 2025.

Defendants were clearly aware that the minor plaintiffs' names were under seal.  On November 16, 2023, Defendants filed a motion to allow them to produce to the Peruvian prosecutor confidential and sealed information in the form of "lab test results, medical records, and Plaintiff Profile Sheets, as well as Next Friend Petitions that were filed under seal to protect the minors' identities." [ECF No. 789 at pp 1-2]  This motion was filed, unbeknownst to me, after Defendants had already disclosed to the Peruvian prosecutor all of the minor plaintiffs' names at issue in this motion for sanctions.  On December 8, 2023, I denied Defendants' motion and, in addition, ordered all the exhibits Defendants filed in that motion to be sealed.

Defendants argue that they have not violated any orders or rules that

6

required the sealing / redaction of the names of the minor plaintiffs that Defendants have disclosed.  Defendants assert that Fed. R. Civ. P. 5.2 and Local Rules 2.17 and 13.05 only concern the sealing or redaction of these names in documents filed with the Court.  Defendants argue that the sealing order repeatedly entered in these cases after they were removed to this Court only applied to the minor plaintiffs' names on the Next Friend Petitions filed in the case and extend no further.  Defendants argue that the disclosures on June 3, 2023, were from medical authorization forms that I ordered Plaintiffs to produce.  Defendants assert that they are free to disclose the minor plaintiffs' names to third parties because they did not disclose the names from filings with this Court and that the names were taken from documents that were not marked confidential.

    Defendants' position on its disclosures is unfounded.  The whole premise of redacting or sealing minor plaintiffs' names is to protect them from public disclosure.  And if the minors' names are redacted and or sealed by orders in one set of documents (like Next Friend Petitions) they must remain sealed absent an order from this Court.  That is a requirement regardless of whether Defendants believed the sealing of the names had been waived by a subsequent discovery production of profile sheets or by medical authorizations that I ordered Plaintiffs to provide that were not expressly marked "confidential."  Defendants moved once

7

before for the unsealing of documents and names in this case, after they had already made the disclosures. Their motion was denied. Defendants were aware the minors' names were redacted and sealed. They were required to file a motion to unseal the names if they believe that Plaintiffs had unwittingly revealed the names in documents that were not marked confidential. They did not do so. Instead they purposely released the names to their Peruvian counsel who, in turn, released these sealed names to the Peruvian prosecutor.

Plaintiffs request sanctions against Doe Run Resources and Renco in the form of striking Defendants' pleadings based on the June 3, 2023 disclosure of the 23 discovery pool plaintiffs names (which includes the 9 minors) and to proceed with a trial on damages as to these plaintiffs. In the alternative, and in addition, Plaintiffs request sanctions in the amount of $10,000.00 for each of the disclosed minors' names for a total of $4.95 million. Plaintiffs assert that scale of such a sanction is appropriate to punish and deter the conduct of Defendants who allegedly have billions of dollars in assets.

A district court has the inherent authority to impose sanctions for bad faith conduct during litigation. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Defendants' intentional and willful disclosure of the minor plaintiffs' names in this case is in direct violation of the sealing and redaction orders and rules of procedure

in this case. As noted earlier, both parties sought orders sealing the names of certain individuals involved in this case, including the minor plaintiffs, based on concern with retribution from opposing forces in La Oroya, Peru. I find an appropriate sanction is $100.00 for each of the 495 minor plaintiffs' names that were disclosed for a total of $49,500.00.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Amended Motion for Sanctions [882] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants The Doe Run Resources Corporation and The Renco Group, Inc. are sanctioned in the amount of $49,500.00. Defendants shall remit the payment of this sanction to the Clerk of Court **no later than August 22, 2025**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2024.