IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 4:15-CV-1704-RWS |
| Doe Run Resources Corporation, et al., | ) (consolidated) ) |
| Defendants. | ) ) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs respectfully respond to Defendants'[1] Motion for Leave to File Sur-Reply "Motion for Leave" (D.E. 963), and state:

The Court granted Defendants' Motion for Leave before Plaintiffs had an opportunity to respond to the Motion for Leave. Plaintiffs do not seek to revisit the Court's Order granting leave (D.E. 964), but for the reasons set out below, alternatively request leave to respond to the Sur-Reply (D.E. 965).

Plaintiffs' Motion for Sanctions "Motion" (DE 960) seeks to prevent Defendants' intentional disregard of this Court's orders in their prosecution of the proceeding under 28 U.S.C. § 1782 (the 1782 Proceeding) from derailing this now decade-old litigation. The Motion was fully briefed in the ordinary course with Plaintiffs' filing of their Reply (DE 962). Defendants have now filed a Sur-Reply.

Defendants argued that their Sur-Reply was appropriate because Plaintiffs' Reply supposedly made new arguments. Despite stating that Plaintiffs made new arguments no fewer than 11 times in their three-page Motion, however, Defendants did not identify a single purportedly

---

[1]   Doe Run Resources Corporation and The Renco Group Inc.

"new argument." That's because Plaintiffs' Reply did not include any new arguments.

Significantly, Defendants' Sur-Reply is based on the premise that Plaintiffs were "allowed to intervene [in the 1782 Proceedings] to supervise Careaga's compliance with" the 1782 subpoena. *See* D.E. 965 at 3-4. As demonstrated in Plaintiffs' proposed Response to the Sur-Reply "Response," Defendants' new contention is false. The court in the 1782 Proceedings in fact was clear that Plaintiffs' counsel were allowed to Intervene *solely* for the purpose of reviewing documents for privilege. *See* July 13, 2023, S.D. Fl. Hg. Tr. at 14:6-7 (emphasis added) (copy attached as Exhibit "A"). Also too, Defendants know well that their new contention is false. In August, Defendants accurately described Plaintiffs' counsel's "basis for intervening" as "*asserting the privilege* over certain documents." *See* Defendants' Motion to Strike at 3 (D.E. 960-10 at 3) (emphasis added); *see also* Plaintiffs' proposed Response at 1-3.

The Sur-Reply includes excerpts of the transcript (D.E. 965-1) of the September 15, 2025, hearing in the 1782 Proceedings. Those excerpts are out of context and, therefore, misleading. For proper context, it is essential that the September 15, 2025, hearing be considered together with the hearing that preceded it a week earlier, on September 8, 2025. A copy of the September 8, 2025, hearing is attached as exhibit "B." Because Defendants' Sur-Reply makes arguments that are misleading and out of context, Plaintiffs respectfully request that the Court allow the filing of and consider Plaintiffs' proposed Response (copy attached as Exhibit "C") to Defendants' Sur-Reply.

## **Conclusion**

The Court should deny Defendants the last word on Plaintiffs' Motion for Sanctions and should consider Plaintiffs' Response to Defendants' Sur-Reply.

2

Respectfully submitted,

| **NAPOLI SHKOLNIK PLLC** | **RODRIGUEZ TRAMONT & NUÑEZ, P.A.** |
|---|---|
| By: /s/ Patrick J. Lanciotti | By: /s/ Frank R. Rodriguez |
| Patrick J. Lanciotti, #5407523NY | Frank R. Rodriguez, #348988FL |
| 360 Lexington Avenue, Eleventh Floor | Paulino A. Nuñez, #814806FL |
| New York, NY, 10017 | 255 Alhambra Cir., Suite 1150 |
| (212) 397-1000 | Coral Gables, FL 33134 |
| planciott@napolilaw.com | (305) 350-2300 |
| | frr@rtgn-law.com |
| | pan@rtgn-law.com |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 26, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

/s/ Paulino A. Nuñez