UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.Y.C.C., et al., | ) |
|       Plaintiffs, | ) |
| v. | ) Case No. 4:15 CV 1704 RWS |
| DOE RUN RESOURCES, CORP., et al., | ) |
|       Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiffs have filed a motion for sanctions and to disqualify Defendants' attorneys based on Defendants activities in related litigation in a Florida federal court. I will hold the motion in abeyance for the reasons stated below.

This litigation involves more than 3000 individual plaintiffs' cases in this Court which have been consolidated for pretrial discovery in this case and in a companion case.[1] In October 2021, Defendants The Doe Run Resources Corporation and The Renco Group, Inc. (Defendants) filed a notice alleging that two members of Plaintiffs' litigation team, Victor Careaga and Louis Thaler, had fraudulently induced individuals in Peru to file claims in this litigation. Defendants alleged that Careaga and Thaler had acquiesced in the creation of false medical,

---

[1] The companion case is A.O.A., et al. v. Rennert, et al., 4:11CV44 CDP.

education, and employment records for individual plaintiffs. Ten months earlier, unbeknownst to the Court, Defendants had already initiated a criminal proceeding in Peru to investigate the alleged fraud based on the asserted recruitment irregularities. In countless hearings on these assertions I have repeatedly ruled that the Defendants' allegations of fraud would be addressed in the ordinary course of this case if discovery exposed specific acts of fraudulent conduct in the 108 initial trial pool plaintiffs' cases. See e.g., ECF No. 618 at 67; ECF No. 650; ECF No. 718; and ECF No. 777. In addition, on March 24, 2022, I issued an order granting Plaintiffs' motion for a protective order regarding discovery requests made by Defendants which sought information from a non-trial pool plaintiff. ECF No. 613. The discovery Defendants sought from that plaintiff included Plaintiffs' recruitment related documents and practices, the internal process and work-product of Plaintiffs' counsel and their support team, attorney-client privileged communications, and a host of other privileged information and documents. The clear intention of my previous orders was to limit discovery regarding the allegations of fraud to the trial pool cases.

Despite this ruling, on April 29, 2022, Defendants filed a malicious prosecution case in Florida state court against recruiter attorneys Victor Carega and Louis Thaler in Doe Run Resources Corp. v. Thaler, et al., No. 2022-007907 CA

(Fla. 11th Cir.). On April 12, 2022, Defendants also filed an *ex parte* motion in the United States District Court for the Southern District of Florida to take discovery from Careaga to provide to the criminal prosecution in Peru. See In Re Matter of the *Ex Parte* Application of the Renco Group Inc. and Doe Run Resources Corporation for an Order to Take Discovery Pursuant to 29 U.S.C. § 1782, 1:22MC 2225 JAL (the "1782 Proceeding").

On July 13, 2022, Plaintiffs filed a motion for injunctive relief under the All Writs Act, 28 U.S.C. § 1651(a) in this case seeking an order barring Defendants from obtaining discovery in the two Florida court actions regarding the active plaintiffs in this Court and concerning Plaintiffs' counsel's work-product and privileged communications.

On October 28, 2022, I held a joint hearing of Plaintiffs' motion with United States District Judge Catherine D. Perry who presides over the companion case in this Court. Plaintiffs' counsel in the companion case also attended the hearing.

Plaintiffs argued that Defendants should not be allowed to seek discovery in the Florida court cases that has already been addressed in this Court. Plaintiffs expressed a concern that Defendants would seek discovery in the Florida cases that is protected in the present case by the attorney-client privilege and the work-product doctrine. In other words, Plaintiffs argued that Defendants were

attempting to circumvent my discovery rulings regarding active plaintiffs in this case and were seeking discovery in the Florida cases that I had not permitted in this case.  Defendants asserted in their response brief and at oral argument of this motion that the subpoena they obtained in the Florida federal court action, and the discovery they would seek in the state court lawsuit, is directed only at plaintiffs whose claims have been dismissed from the cases in this Court.  Defendants admitted that some of their discovery requests may initially be overbroad seeking information about the recruitment of all plaintiffs.  Defendants asserted that any overbroad requests would be subject to attorney-client and work-product objections.

On January 26, 2023, I issued an order denying Plaintiffs' motion for an injunction.  However, I ordered that "Defendants shall provide to Plaintiffs' counsel in this case and in the companion case of <u>A.O.A., et al. v. Rennert, et al</u>, 4:11CV44 CDP with any and all subpoena and discovery requests made in the federal and state court actions in Florida." ECF No. 718.  That order anticipated that any discovery disputes and privilege assertions would be resolved in the Florida cases.  It now appears that is not how these matters are being addressed.

At the October 28th hearing Defendants' counsel, Jon Bierman, stated that if discovery issues arise in the Florida state court case that implicated privilege

4

assertions by active plaintiffs in the present case, Plaintiffs could raise the issue in this Court. ECF No. 709 at 26. Defendants' counsel in the federal court 1782 Proceeding, Robert Kuntz, stated that if Defendants seek overbroad discovery that implicates privilege assertions by active plaintiffs in the present case it could be raised by Plaintiffs in this Court. Id. at 45-46. In other words, Defendants knew they would be making discovery requests in the Florida cases that would be subject to litigation in both the Florida cases and in this case. This approach created a potential conflict between rulings in the Florida cases and in this case on discovery and privilege issues. This multi-court litigation also had the potential to be an abuse of the judicial process through a vexatious multiplication of litigation. Seeking discovery in the Florida cases that has already been denied in this Court could be deemed an abuse of the judicial process. Plaintiffs have now raised these potential issues as having come to fruition.

On September 13, 2025, Plaintiffs filed a motion for sanctions and to disqualify Defendants' attorneys based on a subpoena served on Careaga and Defendants actions in the 1782 Proceeding. Plaintiffs asserts that Defendants' discovery requests to Careaga: 1) seek information and documents about the recruitment in Peru of all plaintiffs which necessarily includes active plaintiffs in this case; and 2) seek obviously privileged information of the active plaintiffs in

5

this case. Although Plaintiffs' counsel has been allowed to intervene in the 1782 Proceeding in an attempt to assert privilege protections for active plaintiffs, their ability to assert privilege objections has been severely curtailed. The 1782 Proceeding magistrate judge ordered that if the Plaintiffs seek to invoke the attorney-client privilege on behalf of any client, ***each client*** must file, within fourteen days of the order, a sworn affidavit or declaration asserting the attorney client privilege and their intent to have the intervenor Plaintiffs' counsel represent them in protecting that privilege. ECF No. 960.1. That order requires Plaintiffs, within fourteen days, to obtain affidavits of thousands of individual plaintiffs in Peru to assert attorney-client privileges. This requirement is overwhelmingly burdensome, an impossible task, and interferes with Plaintiffs' ability to assert the same privileges in the 1782 Proceeding that they have already obtained in the present case. Defendants use of the 1782 Proceeding to seek this overbroad discovery is tantamount to a vexatious multiplication of litigation.

Moreover, Defendants have not agreed to a production process in the 1782 Proceeding in which any documents gathered by Careaga may be initially reviewed by Plaintiffs' counsel. Nor have Defendants agreed to let Plaintiffs assert their attorney-client and work-product privileges on behalf of all their clients without submitting an individual affidavit from each client. To the contrary, Defendants'

6

counsel Robert Kunz told the magistrate judge at a 1787 Proceeding hearing that "Mr. Rodriguez and Mr. Santos, short of making their appearances, have no business here today and should not even, frankly, be heard from, Your Honor." ECF No. 960.7 at 13.  In Defendants' filing for the same hearing Kuntz stated "Rodriguez-Napoli has no remaining interest in this case. The limited purpose for which they were permitted to intervene has been resolved."  ECF No. 960.10.

In opposition to Plaintiffs' motion for sanctions, Defendants acknowledged that "[t]his Court's January 2023 order made clear that the Companies may pursue § 1782 discovery but 'may not ignore [this Court's] rulings that limited any discovery from current plaintiffs regarding Defendants' allegations of the fraudulent recruitment of plaintiffs.'"  ECF No. 961 at 4.  But Defendants assert that my previous rulings are only directed to discovery information that pertains **solely** to a specific individual plaintiff.  To support that proposition Defendants purportedly quoted from my January 26, 2023, order and asserted that the order only barred discovery "'specific to any plaintiff whose claim is currently pending. ECF No. 718 at 4.'"  Id.  **My order does not include that quote or suggest that limitation.** (See attached).  This is a blatant misrepresentation of my order.

Defendants also offer a safe harbor in their opposition brief that "[e]ven if the Companies were ever to receive supplemental [privileged] documents from

7

Careaga—which remains uncertain—they would not use those materials in violation of this Court's rulings. To the contrary, the Companies would seek permission from this Court before using any documents where there was even a question of compliance." Id. at 5.  This assertion is without merit.  The purpose of the attorney-client privilege and the work-product doctrine is to keep such information out of the hands of the opposing party altogether.  It does not allow them to see this information and independently decide whether to challenge the privilege assertions after the proverbial cat has been let out of the bag.

Of particular concern over Defendants' activities in the Florida cases is the creation of conflict between the discovery rulings in this case with the rulings in the 1782 Proceeding.  Specifically, Plaintiffs are not being allowed to practically assert in that proceeding their attorney-client and work-product privileges universally on behalf of all active plaintiffs.  They must obtain an affidavit from each active plaintiff within fourteen days of the magistrate judge's order.  That runs in direct conflict with the rulings I have made in this case.  This conflict has been created by Defendants' perceived attempt to circumvent the discovery rulings I have entered in this case.

To be clear, I have already issued a protective order which denied Defendants' attempt to discover recruitment related documents and practices, the

8

internal process and work-product of plaintiff's counsel and their support team, attorney-client privileged communications, and a host of other privileged information and documents.  ECF No. 613.  Defendants may not seek in the Florida cases discovery regarding any potential attorney-client privilege or work-product information that applies equally to active and dismissed plaintiffs in the Florida cases.  Defendants may only seek discovery that pertains solely to dismissed plaintiffs (excluding minor plaintiffs whose cases were dismissed without prejudice).

At present I will hold Plaintiffs' motion for sanctions and to disqualify Defendants' counsel in abeyance for further consideration.  The activities of Defendants in the 1782 Proceeding regarding discovery are very concerning.  Plaintiffs' motion will be addressed further in a hearing at the next status conference in this case.  Any attempts by Defendants to circumvent my discovery orders in this case, or to circumvent Plaintiffs ability to assert attorney-client and work-product privileges on behalf of their active plaintiffs, will be met with sanctions, including the possibility of striking Defendants' pleadings in this matter and proceeding with trials solely on damages given Defendants' repeated disregard of my orders in this case.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants shall file a copy of this order in <u>Doe Run Resources Corp. v. Thaler</u>, et al., No. 2022-007907 CA (Fla. 11th Cir.) and <u>In Re Matter of the *Ex Parte* Application of the Renco Group Inc. and Doe Run Resources Corporation for an Order to Take Discovery Pursuant to 29 U.S.C. § 1782</u>, 1:22MC 2225 JAL.

**IT IS FURTHER ORDERED that** Defendants shall file in this Court a notice of compliance with this order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2025.