**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| J.Y.C.C., et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1704-RWS |
| | ) | (consolidated) |
| Doe Run Resources Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PROPOSED AGENDA FOR AUGUST 25, 2026, STATUS CONFERENCE**

Pursuant to the Court's July 9 and July 17, 2026, Orders (Dkt. Nos. 1001, 1003), the parties, by and through their undersigned counsel, jointly submit the following agenda for the August 25, 2026, status conference:

**1) Plaintiffs' Motion for Sanctions [Dkt. No. 960] and Motion for Leave to File a 45-Page Supplemental Memorandum [Dkt. No. 1007]**

On August 14, 2026, Plaintiffs filed a Motion for Leave to File a 45-Page Supplemental Memorandum [Dkt. No. 1007]. Defendants filed their Opposition to Plaintiffs' Motion on August 17, 2026, requesting that the Court deny Plaintiffs' Motion and strike the supplemental memorandum or, alternatively, permit simultaneous seven-page submissions or, if the Court accepts Plaintiffs' 45-page filing, grant Defendants 30 days to file a response and continue the hearing. [Dkt. No. 1008]. On August 18, 2026 Plaintiffs filed a Reply in Support of their Motion for Leave, opposing Defendants' proposals except that Plaintiffs did not oppose Defendants' request for 30 days to file a response and their request that a hearing be set after briefing is closed.

**2) Current Case Management Order Deadlines (CMO 28) [Dkt. No. 986]**

The parties have agreed to a thirty-day extension of Defendants' deadline to disclose experts and produce expert reports (from September 9 to October 9, 2026). Despite meeting and

conferring, the parties have been unable to agree on the remainder of the schedule. The parties' proposed schedules are set out in Attachment A and their respective positions summarized below.

Plaintiffs' Position

As detailed in Plaintiffs' supplemental memorandum, when the Jones Day Report was filed in October 2021, these cases were operating under a comprehensive pretrial schedule and progressing toward completion of merits discovery, dispositive motion practice, and *Daubert* proceedings. Plaintiffs contend that, rather than advancing the claims asserted in this litigation toward trial, the parties spent years litigating collateral disputes unrelated to the merits of Plaintiffs' claims, including proceedings arising from Defendants' efforts to pursue discovery in contravention of Court orders and outside the framework established by this Court. Plaintiffs further contend that those proceedings diverted substantial resources from discovery and trial preparation, disrupted the progression contemplated by the Court's case management orders, and materially delayed these cases' advancement toward trial.

Plaintiffs' Proposed Case Management Order No. 29 is intended to address those circumstances by establishing a realistic schedule for completion of the remaining expert discovery while simultaneously placing these cases on a path toward trial. Among other things, the proposed order incorporates Defendants' request for a thirty-day extension of their deadline to designate merits experts and serve expert reports, a request to which Plaintiffs have agreed. The proposed order also adjusts the related expert discovery deadlines and revises the dispositive-motion and *Daubert*-motion schedule, while establishing a pretrial framework culminating in Plaintiffs' proposed September 8, 2027 jury trial setting. Plaintiffs submit that the proposed schedule provides a realistic path for completion of the remaining pretrial proceedings while ensuring that these long-pending cases move toward a firm trial date. Plaintiffs further submit that the sanctions issues

before the Court are closely intertwined with future case management and trial scheduling because, as detailed in Plaintiffs' supplemental memorandum, the challenged conduct has materially affected the progression of these actions and delayed their advancement toward trial. Also, the Court's ruling on the pending sanctions motion could materially impact future case management and trial scheduling.

Defendants object to Plaintiffs' Proposed CMO 29 on the ground that the existing structure of the case schedule should largely be preserved notwithstanding Defendants' agreed-upon request for a thirty-day extension of their expert disclosure deadline. Plaintiffs respectfully disagree and submit that Plaintiffs' Proposed CMO No. 29 is necessary to account for the current posture of the litigation and the substantial delays caused by years of collateral proceedings and disputes unrelated to the merits of Plaintiffs' claims.

<u>Defendants' Position</u>

The Court should reject Plaintiffs' proposed schedule. It is unrealistic, unworkable, and calculated to prejudice Defendants rather than advance any legitimate case-management interest. The Court should instead enter Defendants' proposed schedule, which maintains the structure the parties have repeatedly agreed to based on a good-faith estimate of the time needed, as reflected in CMO 28, and simply continues all deadlines by approximately thirty days.

Plaintiffs frame their proposal as a remedy for delays caused by "collateral proceedings," but that characterization is misleading. The current posture of this litigation, and the reason the parties are operating under CMO 28, is the direct result of Plaintiffs' own repeated failure to meet case deadlines, a pattern that began well before the Florida actions were initiated. Plaintiffs have sought and received seventeen extensions to produce Plaintiff Profile Sheets, eleven extensions to produce records for the initial 120 trial pool plaintiffs, and recent extensions to serve

neuropsychology and pediatric findings and expert reports. *See* Dkt. No. 1000 ¶¶ 4-5. Defendants should not be penalized for Plaintiffs' delay.

The existing schedule's structure is already tight. It allows just five months between the date Defendants disclose their experts and the close of discovery, and approximately three months to complete dispositive and Rule 702 briefing, half the time it took to complete the same activities in the *Reid* cases. Despite this already compressed timeline, Plaintiffs propose to shrink the remaining expert discovery period even further, requiring Defendants to (1) produce their experts for deposition over just two months spanning the Thanksgiving holiday, and (2) prepare for rebuttal depositions in just thirteen days over the December holidays.

Plaintiffs' proposal to cut the existing Rule 702 and dispositive motion briefing period by more than half is equally inappropriate. The Court in *Reid* granted each side 215 pages total for opening and opposition summary judgment briefs and 100 pages for replies (not including exhibits), and it took the Court more than a year after briefing closed to rule on just one of the four summary judgment motions filed by Defendants. *Reid*, CMO No. 17 [ECF 1190]. The parties there also filed thirteen Rule 702 motions. There is no reason to believe the briefing will be any less extensive here, and the briefing will not simply replicate *Reid*. Plaintiffs have disclosed ten expert witnesses, none of whom were involved in the *Reid* cases and who address subjects not at issue in *Reid*, including a historian, life care planner, and economic damages witness. Moreover, Plaintiffs' experts have offered entirely new theories based on different evidence, rather than simply parroting those of the *Reid* plaintiffs' experts, which this Court will need to evaluate under Rule 702 in the first instance. The Discovery Cohort Plaintiffs' claims also raise new dispositive issues, including whether individuals have viable claims despite being born years after Doe Run Peru stopped

operating the La Oroya Complex, or whose only evidence of elevated blood lead levels is an unreliable finger prick test years after Plaintiffs claim they were injured.

**3) Initial Trial Setting**

Plaintiffs' Position

Plaintiffs further request that the Court address the setting of an initial trial date. When Plaintiffs requested a status conference, Plaintiffs advised the Court that the resolution of the related proceedings pending before Judge Perry materially altered the posture of this litigation and warranted consideration of a firm trial setting. Plaintiffs continue to believe that these actions have reached the point where a trial date should be established.

Plaintiffs are prepared to discuss the selection of an appropriate trial pool, any bellwether procedures the Court believes are appropriate, the pretrial deadlines necessary to support a trial setting, and the trial schedule reflected in Plaintiffs' Proposed Case Management Order No. 29. Plaintiffs respectfully submit that establishment of a trial date is the most effective means of ensuring that these long-pending actions proceed toward final resolution.

Defendants' Position

Any trial setting at this time would be premature, and the Court should decline to do so. CMO 28, as well as every prior CMO over the past seven years since CMO 3, contemplates that pretrial and trial-related deadlines would be established only after briefing on dispositive and other pretrial motions is complete. *See* Dkt. No. 986 at 5; *see also* 3/24/2022 Status Conf., at 50:21–22 (responding that "[w]e need to get the motions for summary judgement and *Daubert* motions done" in response to Plaintiffs' request for a trial setting). There is no reason to deviate from that long-standing plan. First, until dispositive and Rule 702 motion practice is complete, this Court cannot know how long it will need to rule, and as noted above, it took the Court in *Reid* over a

year after briefing concluded to rule on just one summary judgment motion. Setting a trial date now would only serve to limit arbitrarily the Court's time to review the parties' papers and rule. Second, the Court consolidated these actions for pretrial purposes only and ordered that they be transferred back to the judge to whom they were originally assigned for trial. *See* Dkt. No. 1000 ¶ 7. Consistent with the Court's consolidation Orders and its CMOs, the Court should not set further pretrial or trial deadlines and should transfer each individual case back to its originally assigned judge (or that judge's replacement) for further proceedings after dispositive and Rule 702 briefing is complete.

It would likewise be premature to select plaintiffs for trial. The *Reid* cases again illustrate why. There, plaintiffs urged the Court to establish a bellwether process and set trial dates at a materially similar posture before dispositive and Rule 702 motions. *Reid*, 6/29/2020 Telephonic Status Conf. Tr. At 11:7–19. The Court declined the request, explaining that it would "know more" when it reached summary judgment. *Reid*, 6/29/2020 Telephonic Status Conf. Tr. At 15:6–17. The Court then granted summary judgment in Defendants' favor on five plaintiffs' claims who lacked contemporaneous evidence of lead exposure. *Reid*, Mem. & Order at 80 [ECF No. 1524]. Selecting trial cases now invites the same risk of wasted work preparing cases that may later be dismissed on summary judgment.

If the Court is nonetheless inclined to set further pretrial deadlines, Defendants submit that the Court should order the parties to meet and confer on a schedule for completing pre-trial activities, accounting for the new deadlines in CMO 29 and counsel's and their witnesses' availability, and then submit a joint proposal to the Court.

Respectfully submitted,

**NAPOLI SHKOLNIK PLLC**

By: /s/ Patrick J. Lanciotti

Hunter Shkolnik
Patrick J. Lanciotti
360 Lexington Avenue, 11th Floor
New York, NY 10017
Tel: (212) 397-1000

**RODRIGUEZ TRAMONT + NUÑEZ, P.A.**

Frank R. Rodriguez
Paulino A. Nuñez
2100 Ponce de Leon Blvd,
Mezzanine Suite
Coral Gables, FL 33134
Tel: (305) 350-2300

*Attorneys for Plaintiffs*

**KING & SPALDING LLP**

By: /s/ Geoffrey M. Drake

Andrew T. Bayman, #043342GA
abayman@kslaw.com
Carmen R. Toledo, #714096GA
ctoledo@kslaw.com
Geoffrey M. Drake, #229229GA
gdrake@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Tracie J. Renfroe, #16777000TX
trenfroe@kslaw.com
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

*Attorneys for Defendants The Doe Run Resources Corporation, D.R. Acquisition Corporation, Renco Holdings, Inc., The Renco Group, Inc., Ira L. Rennert, Marvin K. Kaiser, Theodore P. Fox, III, Jerry Pyatt, and Jeffrey L. Zelms*

**LEWIS RICE LLC**

Thomas P. Berra, Jr., #43399MO
tberra@lewisrice.com
Michael J. Hickey, #47136MO
mhickey@lewisrice.com
600 Washington Ave., Suite 2500
St. Louis, Missouri 63102-2147
Telephone: (314) 444-7600
Facsimile: (314) 241-6056

*Attorneys for Defendants The Doe Run Resources Corporation, D.R. Acquisition Corporation, Marvin K. Kaiser, Jeffery L. Zelms, Theodore P. Fox, III, and Jerry Pyatt*

**DOWD BENNETT LLP**

Edward L. Dowd, Jr., #28785MO
edowd@dowdbennett.com
7676 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111

*Attorneys for Defendants The Renco Group, Inc., Renco Holdings, Inc., DR Acquisition Corp., and Ira L. Rennert*

**RIVERO MESTRE LLP**

Robert J. Kuntz , Jr., #94668FL
rkuntz@riveromestre.com
Andrés Rivero #613819FL
arivero@riveromestre.com
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

*Attorneys for Doe Run Resources Corp. and The Renco Group, Inc.*

**POLSINELLI PC**

Jon A. Bierman, #49214MO
jbierman@polsinelli.com
7676 Forsyth Boulevard, Suite 800
Clayton, MO 63105
Telephone: (314) 889-7045
Facsimile: (314) 622-6749

*Attorney for Doe Run Resources Corp. and The Renco Group, Inc.*

# ATTACHMENT A

**Proposed Schedules for CMO No. 29**

| Event/Deadline | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| **I. OTHER PRE-TRIAL DEADLINES** | | |
| Referral to Alternative Dispute Resolution | 30 days after ruling on dispositive and Daubert motions | 30 days after ruling on dispositive and Daubert motions |
| Defendants' deadline to designate all merits experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) | October 9, 2026 | October 9, 2026 |
| The parties shall meet and confer to set a schedule by which these expert depositions shall be conducted | October 16, 2026 | October 16, 2026 |
| If the parties are unable to reach an agreement, they shall notify the Court in writing, and report the nature of the dispute. The report must include the names of each expert and the exclusionary dates, so the Court may set a final schedule at the conference. | October 16, 2026 | October 16, 2026 |
| Defendants shall make their expert witnesses available for depositions | October 23, 2026 | November 9, 2026 |
| Depositions of Defendants' expert witnesses will be completed | December 11, 2026 | January 4, 2027 |
| Plaintiffs' deadline to designate all rebuttal expert witnesses and provide their reports, and provide deposition availability | December 22, 2026 | January 18, 2027 |
| The parties shall meet and confer to set a schedule by which these expert depositions shall be conducted | December 29, 2026 | February 5, 2027 |
| If the parties are unable to reach an agreement, they shall notify the Court in writing, and report the nature of the dispute. The report must include the names of each expert and any | December 29, 2026 | February 5, 2027 |

| | | |
|---|---|---|
| exclusionary dates, so the Court may set a final schedule at the conference. | | |
| Plaintiffs shall make any rebuttal expert witnesses available for depositions | January 4, 2027 | February 15, 2027 |
| Deadline to complete depositions of Plaintiffs' rebuttal experts | February 5, 2027 | March 17, 2027 |
| Close of expert discovery | February 5, 2027 | March 17, 2027 |
| Deadline to file dispositive motions | February 26, 2027 | April 26, 2027 |
| Deadline to file Motions to Limit or Exclude Expert Testimony | February 26, 2027 | May 21, 2027 |
| Deadline to file responses to any dispositive motions | March 26, 2027 | June 7, 2027 |
| Deadline to file responses to Motions to Limit or Exclude Expert Testimony | March 26, 2027 | July 2, 2027 |
| Deadline to file replies in support of any dispositive motions | April 9, 2027 | July 2, 2027 |
| Deadline to file replies in further support of Motions to Limit or Exclude Expert Testimony | April 9, 2027 | August 2, 2027 |
| **II. TRIAL DEADLINES (Plaintiffs' Proposal Only)** | | |
| Motions *in limine* shall be filed | July 23, 2027 | Defendants oppose setting trial deadlines at this time. *See* Defendants' Position in No. 3, *supra*. |
| The parties shall exchange exhibit lists, witness lists, deposition designations, and proposed voir dire | August 4, 2027 | ______ |
| Responses to motions *in limine* shall be filed | August 6, 2027 | ______ |
| Objections to exhibits, witnesses, deposition designations, and proposed voir dire shall be exchanged | August 18, 2027 | ______ |
| The parties shall file a proposed joint pretrial order, proposed jury instructions, proposed verdict forms, and trial briefs | August 25, 2027 | ______ |

| | | |
|---|---|---|
| Final pretrial conference | September 1, 2027, or as otherwise set by the Court | _____ |
| Jury trial shall commence | September 8, 2027, or as soon thereafter as the Court may set | _____ |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of August, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court through the Court's CM/ECF system, which will effect service on all counsel of record by sending a Notice of Electronic Filing.

*/s/ Geoffrey M. Drake*